HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN, PC
Attorneys for Defendant Loveland Holding Company, Inc.
Edward V. Cattell, Jr., Esq. (EC 3968)
8 Penn Center, 20th Floor
1628 J.F. Kennedy Blvd.,
Philadelphia, PA 19103
215-320-2073

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                        :
                                                        :
                                                        :       04 Civ:04309 (LAK)
AMERICAN STEAMSHIP OWNERS                               :
MUTUAL PROTECTION AND                                   :
INDEMNITY ASSOCIATION, INC.,                            :       ANSWER OF
                                                        :       LOVELAND HOLDING COMPANY, INC.
                    Plaintiff,                          :       TO THE
                                                        :       SECOND AMENDED COMPLAINT
         Against                                        :
                                                        :
                                                        :
                                                        :
                                                        :
ALCOA STEAMSHIP CO., INC.                               :
And Other Entities Listed on Exhibit A                  :
Hereto,                                                 :
                    Defendants.                         :
-------------------------------------------------------X

  Defendant Loveland Holding Company, Inc., formerly known as S.C. Loveland Co., Inc., and so named in Exhibit A to the Second Amended Complaint, By and through its attorney, Edward V. Cattell, Jr., as and for its answer to the Second Amended Complaint, alleges on information and belief as follows:

  1.  Admitted that the relief as stated is that which is sought by the plaintiff.

  2.  Admitted.

  3.  Admitted.

  4.  Admitted.

  5.  Admitted.

{1068.00002:EVC2592}

1

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted, except that defendant S.C. Loveland Co., Inc. filed for bankruptcy and sold its name, as one of its assets, to a newly formed company which is now known as S.C. Loveland Co., Inc.  That company has never been a member of the American Club.  The company formerly known as S.C. Loveland Co., Inc., is now named Loveland Holding Company, Inc.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Defendant Loveland Holding Company, Inc. repeats and realleges the answers to paragraphs 1 through 57 as if set forth in full herein.

63. Admitted.

64. Admitted.

WHEREFORE, defendant Loveland Holding Company, Inc. agrees that the policy of the plaintiff in terminating the Discretionary Policy as to IBNR is reasonable and should be permitted. The Club should not be awarded attorney's fees against former members which have not objected to its decision to terminate its Discretionary Policy and who have been joined unnecessarily in this matter. Defendant Loveland Holding Company, Inc., which has not

objected to the decision of the Club to discontinue its Discretionary Policy, and need not have been joined in this action, should recover its attorney's fees, costs, and such other relief as may appear appropriate to this honorable court.

65. Defendant Loveland Holding Company, Inc. repeats and realleges the answers to paragraphs 1 through 57 as if set forth in full herein.

66. Denied that the plaintiff should be allowed to reopen closed years. Rather, the Discretionary Policy should be discontinued.

67. Admitted.

68. Admitted that the American Club seeks such a declaration. Admitted that no further indemnification for IBNR should be required. Denied that prior years should be reopened.

WHEREFORE: This Court should declare that the American Club should be permitted to discontinue the Discretionary Policy of reimbursement for IBNR. The request for a declaration that prior years may be reopened should be denied. The Club should not be awarded attorney's fees against former members which have not objected to its decision to terminate its Discretionary Policy and who have been joined unnecessarily in this matter. Defendant Loveland Holding Company, Inc., which has not objected to the decision of the Club to discontinue its Discretionary Policy, and need not have been joined in this action, should recover its attorney's fees, costs, and such other relief as may appear appropriate to this honorable court.

69. Defendant Loveland Holding Company, Inc. repeats and realleges the answers to paragraphs 1 through 57 as if set forth in full herein.

70. Admitted.

71. Admitted.

{1068.00002:EVC2592}

WHEREFORE: defendant Loveland Holding Company, Inc., agrees that this court should declare that, if the American Club is required to continue indemnification of its members and former members under the IBNR for years before 2/20/89, it should be permitted to continue the Discretionary Practice regarding multiple deductibles. The Club should not be awarded attorney's fees against former members which have not objected to its decision to terminate its Discretionary Policy and who have been joined unnecessarily in this matter. Defendant Loveland Holding Company, Inc., which has not objected to the decision of the Club to discontinue its Discretionary Policy, and need not have been joined in this action, should recover its attorney's fees, costs, and such other relief as may appear appropriate to this honorable court.

## AFFIRMATIVE DEFENSES

First: Defendant Loveland Holding Company, Inc., then known as S.C. Loveland Co., Inc. filed for protection under the Bankruptcy Code in an action captioned IN RE: S.C. Loveland Co., Inc., United State Bankruptcy Court, District of New Jersey, No. 93-14587 and was discharged as of 10/27/95. Should any year in which Loveland Holding Company, Inc. was a member of the American Club prior to 1995 be reopened, no claim can be asserted against Loveland Holding.

Dated: Philadelphia, PA
August 11, 2004

                                                HOLLSTEIN KEATING CATTELL
                                                JOHNSON & GOLDSTEIN, PC
                                                Attorneys for defendant
                                                Loveland Holding Company, Inc.

By: _____
Edward V. Cattell, Jr., Esq. (EC 3968)
8 Penn Center, 20th Floor
1628 J.F. Kennedy Blvd.
Philadelphia, PA 19103
215-320-2073