UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| AMERICAN  STEAMSHIP OWNERS | : | |
| MUTUAL PROTECTIONS AND | : | 04 Civ. 04309 (LAK) |
| INDEMNITY ASSOCIATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | |
| Alcoa Steamship Co., Inc., et al. | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

NOW COMES William F. Higgins and other similarly situated maritime claimants, who number approximately 10,000, by and through his counsel undersigned and in support of their Motion to Intervene, state, as follows:

**FACTUAL BACKGROUND**

THE MARITIME CLAIMANTS

Those seeking to intervene are former employees of Prudential Lines, Inc. and Grace Lines, Inc.  Each is seeking compensation for an asbestos-related disease and in many instances  wrongful death, having been diagnosed with a range of such diseases including mesothelioma, lung cancer, other asbestos-related malignancies, asbestosis and asbestos-related pleural diseases.  Their claims are premised on allegations of violations of the Jones Act, 46 U.S.C. § 688 et seq., and the General Maritime and Admiralty Law Warranty of Seaworthiness.  Each is or was a "seaman" as the term is used and defined by the Jones Act. Mr. Higgins has been diagnosed with asbestosis and an asbestos-related restrictive breathing problem. He served aboard Prudential Lines vessels during 1948, 1949, 1950, 1951, 1952, 1953 and 1968.  A copy of his vessel service history is attached.

With few exceptions the civil actions filed on behalf of these mariners were filed in the U.S. District Court, Northern District of Ohio.  These actions named maritime shipowner employers as well as asbestos manufacturers as defendants.  Many of the defendants named in this proceeding are also defendants in the underlying asbestos cases as mariners typically worked for multiple shipowner/employers during their careers.  The civil actions, pursuant to an order of the Multi-District Court,  were (and new filing continue to be)  transferred to the Honorable Charles R. Weiner, United States District Court, Eastern District of Michigan. *In re: Asbestos Product Liability Litigation, 771 F. Supp. 415 (Jud. Pan. Multi Lit., 1991)*. The PLI Disbursement Trust was added as a defendant in each of the referenced cases pursuant to an order of Judge Weiner, entered subsequent to the Bankruptcy Court lifting the stay, and are subject to orders of administrative dismissals entered on May 2, 1996 and January 15, 2002.  The cases remain active for settlement purposes and a settlement program has been agreed upon by and between the PLI Trust and the Maritime Claimants. Said program is the subject of a motion to approve pending before Judge Weiner.   The PLI Disbursement Trust is, for our purposes, the successor to Prudential Lines, Inc. and Grace Lines, Inc.

<u>THE PRUDENTIAL LINES CHAPTER 11</u>

Prudential Lines Inc. consented an involuntary Chapter 11 petition for relief on November 4, 1989.  The Second Amended Joint Plan of Reorganization, as Modified, (hereafter "Plan") was confirmed on October 4, 1990. It provided for the creation of the PLI Disbursement Trust, whose purposes included liquidation of claims (asbestos, other personal injury and cargo claims), as well as insurance preservation. A two hundred thousand dollars ($200,00.00) "insurance preservation and claims liquidations funds" was created to be used  "solely in efforts to liquidate Personal Injury

Claims and Cargo Damage Claims and to preserve insurance rights for Allowed Insurance Claims as provided for in this Section of the Plan." *Plan, Article 4.05.07 (a)(v).*

Early on in the bankruptcy process it was understood that differences did exist between the PLI Disbursement Trustee and Plaintiff, the American Steamship Owners Mutual Protection and Indemnity Association, Inc.(hereafter "American Club" or "Club"). Accordingly, the Trustee brought a declaratory judgment action to determine coverage under the maritime protection and indemnity insurance policies issued by the American Club to Prudential and Grace Lines. The issues were many and included trigger, coverage allocation, deductible application and more. The Maritime Claimants sought permission and were allowed to intervene . The litigation history between the parties is extensive and lengthy. *In re Prudential Lines, Inc. (Lee DiCola, Trustee of the PLI Disbursement Trust v American Steamship Owners Mutual Protection Association, Inc.), 148 B.R. 730 (Bankr. S.D.N.Y. 1992); aff'd and rev'd in part, 170 B.R. 222, 1995 A.M.C. 911) (S.D.N.Y., 1994)*; appeal dismissed, *In re: Prudential Lines, Inc. 59 F3d 327 (2nd Cir. 1995)*; on remand. *In re: Prudential Lines, Inc., 202 B.R. 13 (Bankr. S.D.N.Y., 1996)*; judgment reversed; *In re Prudential Lines, Inc. 209 B.R. 621 (S.D.N.Y. 1997)* judgement aff'd; *In re: Prudential Lines, Inc. 150 F 3d 65 (2nd Cir. 1998).* The allocation, trigger and deductible issues, have been decided and constitute the "law of the case," at least with respect to the PLI Disbursement Trust and the Club. The other background pertinent to this motion includes the numerous failed settlement attempts over the years. Settlements have been entered into by and between the Trustee and the Claimants, as well as by and between the Trustee and the American Club. The rulings listed above include decisions on these settlements and various related issues. At the end of the day none of the approved settlements withstood the appellate process or were able to accomplish or bring about an

actual resolution of the claims. Presently, as noted, the Claimants have agreed to a program proposed by the Trust and objected to by the Club.

Given the extensive litigation and settlement efforts as well as disputes pertaining to cargo damage claims it is not surprising that the $200,000.00 insurance preservation fund is now gone. Accordingly, it became necessary and the Trustee sought and obtained "Authority To Transfer Liman Funds." The Bankruptcy Court on July 21, 2004 allowed the transfer of $100,000.00 to be used by the "Trustee's with regard to his ongoing efforts to liquidate Personal Injury (including asbestos) and Cargo Damage Claims including but not limited to reimbursement of the Trustee's expenses and payment of the Trustees' fees and legal fees, and to preserve insurance rights." The Trustee, who supports this motion anticipates using a good portion of this money in claims processing. (It is noted that the Trustee has been working without compensation for a number of years.)

<u>PRIOR INTERVENTION ORDERS</u>

The precedent for allowing the Claimants to intervene is extensive. First, the Plan contemplated and provided for intervention.

> (vi) To the extent necessary to preserve insurance rights and to obtain payment in respect of Excess Claims by a Club or other insurer, the PLI Disbursement Trust is authorized and directed to file a declaratory judgment action or other appropriate action against such Club or other insurer unless such an action cannot be maintained consistent with settled law. Subject to the entry of any necessary court orders and to the extent not to prohibited by applicable law, the Asbestos Creditors' Committee and any holder of a Class 5C Claim shall be authorized to intervene in such an action. The PLI Disbursement Trust shall support intervention of the Asbestos Creditors' Committee or any holder of a Class 5C Claim desiring to intervene and shall otherwise cooperate to the extent possible with such committee or holder in the prosecution of any such action. Plan, Article 4.05.07 (a)(vi).

4

Pursuant thereto, the Claimants were given permission to intervene in the Trustee's adversary proceedings as "the real parties in interest." *In re Prudential Lines, Inc., 148 B.R. at 735.* Please note, as the reported decisions will verify, the Claimants, through their counsel, handled virtually all of the work in the above referenced cases. Had this not been the case the insurance preservation funds would have been depleted long ago.

In another declaratory judgment action involving the United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust (also set up pursuant to an approved Chapter 11 reorganization plan) and a defendant in this case, the American Club and a number of other clubs and carriers, the asbestos claimants were also allowed to intervene. *In re United States Lines, Inc., et al. (United States Lines Inc. and United States Lines (S.A.) Inc. Reorganization Trust v American Steamship Owners Mutual Protection and Indemnity Association, Inc., et al., 169 B.R. 804, 829 (S.D.N.Y. 1994).* (This will be discussed in greater depth below as its reasoning is noteworthy.)

It is against this background that the asbestos claimants seek to intervene.

## <u>ARGUMENT</u>

Under both sections of Federal R. Civ. Pr. 24; (a) Intervention of Right and (b) Permissive Intervention, the maritime claimants should be allowed to intervene. Rule 24 provides:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an

applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of the United States gives a right to intervene. When the constitutionality of an act of Congress affecting the public interest is drawn in question in any action in which the United States or an officer, agency, or employee thereof is not a party, the court shall notify the Attorney General of the United States as provided in Title 28, U.S.C. § 2403. When the constitutionality of any statute of a State affecting the public interest is drawn in question in any action in which that State or any agency, officer, or employee thereof is not a party, the court shall notify the attorney general of the State as provided in Title 28, U.S.C. § 2403. A party challenging the constitutionality of legislation should call the attention of the court to its consequential duty, b ut failure to do so is not a waiver of any constitutional rights otherwise timely asserted.

## <u>INTERVENTION OF RIGHT</u>

The filing of this motion is timely. That these claimants have an interest in the outcome is clear. They are the ultimate beneficiaries. The are the "real parties in interest" as Judge Conrad stated. The outcome of this litigation is absolutely critical to the Claimants with regard to the PLI Disbursement Trust. Without the American Club indemnifying the Trustee there is so little money available to pay claims that in reality  no compensation will be paid to any claimant, including the other personal injury claimants and the cargo damage claimants.

6

With regard to the adequate representation point, the Trustee does not have adequate resources to litigate this case and carry out his remaining responsibilities. As noted his original insurance preservation fund is depleted and the $100,000.00 recently transferred is inadequate. These are approximately 10,000 asbestos to be processed, there will be (assuming the American Club will be indemnifying the Trustee) thousands of transactions for which he is and will be responsible and there are already millions of dollars of approved non-asbestos personal injury and cargo damage claims to administer and pay. Moreover, it is readily apparent based on the relief sought by American Club and the history of the Prudential case to date, this legislation will be very costly.

In the U.S. Lines case, a further basis for intervention was set forth by Judge Conrad:

> The Clubs do not contend that the Claimants' interests in this proceeding are insufficient or insignificant. [FN28]. Instead, the Clubs argue that the Claimants' interests are adequately represented by the Trust FN28. The Claimants' interest in this proceeding is, indeed, obvious. The subjects of the Trust's Complaint are the Debtors' prepetition P & I policies. These policies constitute the sole property of the Trust, which in turn constitutes the major source of any distribution f or the Claimants.
>
> Although counsel for the Trust is certainly competent and diligent in representing the Trust, it cannot be said that the Trust and the Claimants share identical incentives. For example, in its answer to the Intervenors' Complaint, the Trust requests that the Claimants provide certain information verifying individual injuries. The Claimants may, given the dynamics of this mass toxic tort setting, advocate less stringent factual burdens and verification procedures to lower costs and maximize distributions. Moreover, **\*830** we have no doubt that the Claimants, as intervenors, will assist in the full development of the underlying factual issues raised by the Trust, as well as contribution to the just and equitable adjudication of this proceeding. *In re: United States Lines, Inc. et al*, 169 B.R. at 829, 830.

7

It should also be considered that the other shipowners defendants do not, at least in part, have the same defenses and positions in common with the PLI Claimants. Why? Because of the bankruptcy and prior litigation. The insurance contracts are "assets" of the bankruptcy estate, a plan of reorganization was written, voted upon and approved based on the Club's involvement. Coverage issues, as noted, have already been litigated. Whether or not the Club can somehow successfully argue that these decisions do apply to the other defendants remains to be seen. However, and in any event, the claimants certainly have arguments regarding res judicata and law of the case to raise and present.

These claimants have a "direct, substantial and legally protectible interest and are not seeking to interject collateral issues." *Washington Elec. Coop. Inc. v Massachusetts Mun. Elec. Co., 922 F2d 92, 96 (2nd Cir. 1990).* They are seeking to maintain their position and rights as set forth in the Plan and the now concluded coverage litigation. Claimants compensation depends on the Trustee being indemnified which will allow for claims to be paid. Their rights and interests arise under the already approved plan which they negotiated and supported and the now concluded coverage litigation. Claimants respectfully state they have a right to intervene and protect their rights and interests.

## PERMISSIVE INTERVENTION

The case for permissive intervention is equally as strong. The point here is not that the Claimants do not face similar questions of law and fact, as does the Trustee. Rather they face the same questions of law and fact. They oppose the relief sought as it will destroy any meaningful implementation of the Plan. Moreover, as noted, the Claimants through their counsel have already litigated allocation and deductible issues regarding this Plaintiff and conducted discovery. Their

intervention thus will not in any way delay or hinder the process. Rather it will speed up the adjudication of the parties' rights.

## PLEADING

Claimants propose, if allowed to intervene, to file the answer attached and assert the affirmative defenses listed.

WHEREFORE IT IS PRAYED that their motion be granted and that the claimants be allowed to intervene and file the proposed answer and affirmative defenses within two weeks of the date of the entry of the order approving the motion.

Respectfully Submitted:

/s/ Dan Shaked
DAN SHAKED (DS3331)
SHAKED & POSNER
Attorneys for Asbestos Claimants
255 West 34th Street, Suite 705
New York, New York 10122
(212) 494-0035

ALAN KELLMAN
MARITIME ASBESTOSIS LEGAL CLINIC, a division of
THE JAQUES ADMIRALTY LAW FIRM, P.C.
Attorneys for Asbestosis Claimants
645 Griswold, Ste. 1570
Detroit, Michigan 48226
(313) 961-1080

Dated: September 15, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS          :
MUTUAL PROTECTIONS AND             :          04-cv-04309 (LAK)
INDEMNITY ASSOCIATION, INC.        :
                                   :
              Plaintiff,           :
                                   :
         -against-                 :
                                   :
Alcoa Steamship Co., Inc.          :
And the Other Entities Listed on   :
Exhibit A hereto,                  :
                                   :
              Defendants.          :
-------------------------------------------------------------X

## <u>MOTION FOR INTERVENTION</u>

NOW COMES William F. Higgins and other similarly situated maritime claimants who are seeking compensation for their asbestos-related diseases and in some cases, wrongful death, and who number approximately 10,000 (the "Asbestosis Claimants"), by and through the undersigned counsel and pursuant to Rule 24 of the Federal Rules of Civil Procedures, respectfully move this Court for an Order granting Intervention in the above-referenced action.

In support of this Motion, Movants incorporate their Memorandum in Support of Motion to Intervene, which is filed contemporaneously herewith.

Answering papers, if any, are to be served upon the undersigned counsel for the Asbestosis Claimants within the time specified in S.D.N.Y. Civ. R. 6.1.

WHEREFORE, the Asbestosis Claimants respectfully request that the Court:

(a) enter an Order granting Intervention by the Asbestosis Claimants;

(b) that the Answer of the Asbestosis Claimants to the Complaint be filed within

two weeks of the entry of the Order granting Intervention; and

(c) for such other and further relief as to this Court seems just and proper.

Respectfully submitted this 15th day of September, 2004.


SHAKED & POSNER


*/s/Dan Shaked*
By: Dan Shaked (DS-3331)
225 West 34th Street, Suite 705
New York, NY 10122
(212) 494-0035

Alan Kellman
MARITIME ASBESTOSIS LEGAL CLINIC,
A division of THE JAQUES ADMIRALTY
LAW FIRM, P.C.
645 Griswold, Suite 1570
Detroit, MI 48226
(313) 961-1080

Attorneys for Asbestosis Claimants

Vessel Service History
09/15/04                1033

Eiggins, William F.

Z* 459591          SS8 ▓▓▓▓▓▓▓          DOB ▓▓▓▓▓▓▓

| Employer Name | Dates Aboard | | ñ of Days | Vessel Name | VsL ñ | Rating |
|---|---|---|---|---|---|---|
| Waterman Steamship Corporation | 8/26/44 | 11/ 8/44 | 75 | honduras Victory | 246174 | OS |
| American Hawaiian S.S. Lines | 8/26/44 | 11/ 8144 | 75 | Honduras victory | | |
| Pacific Tankers Ltd. | 11/25/44 | 2/13/45 | 81 | Thomas Jefferson | 241361 | AS |
| Waterman Steamship Co-po^ation | 11/25/44 | 2/13/45 | 81 | Thomas Jefferson | | |
| American Hawaiian S.S. Lines | 4/11/45 | 6/13/45 | 64 | lebalon Pike | 241608 | OS |
| Alaska Steamship Company | 11/ 6145 | 12/30,/46 | 420 | Moses G. Farmer | 245067 | AS |
| Matson Navigation Co. Inc. | 1/24/47 | 21 5/47 | 13 | Matsonia | 226454 | AS |
| American Mail Lines | 3/26/47 | 12129/47 | 279 | Arch Bishop _amy | 242680 | OS |
| Pope & Talbot Company | 3/26/47 | 12/29147 | 279 | Archbishop ,.amy | 242680 | |
| Grace Lines nka PLI Disburs. Trust | 2/ 8/48 | 3/30/48 | 52 | Coastal Nomad | 248382 | OS |
| Grace Lines nka PLI Disburs. Trust | 4/ 8/48 | 11/23/48 | 230 | Coastal Nomad | 248382 | OS |
| Grace Lines nka PLI Disburs. Trust | 2/18/49 | 5/24/49 | 96 | Gunners Knot | 248054 | OS |
| Grace Lines nka PLI Disburs. Trust | 5/31/49 | 3115/50 | 289 | Gunners Knot | 248054 | OS |
| American President Lines Ltd. | 7/18/50 | 9/14/50 | 59 | President Harrison | 257262 | ON |
| Grace Lines nka PL1 Disburs. Trust | 12/18/50 | 3/14151 | 87 | Coastal Nomad | 248382 | OS |
| Gypsum Carrier Inc. | 4/22/51 | 9/13/51 | 145 | Harry Lundeberg | | |
| Pacific Far East Company | 9/19/51 | 10/31/51 | 43 | Canada Bear | 247385 | AB |
| Pacific Atlantic S. S. Co. | 11/14/51 | 2/22/52 | 101 | James B. Weaver | 243177 | AR |
| Grace Lines nka PLI Disburs. Trust | 4/ 8/52 | 7/10/52 | 94 | Santa Flavia | 242762 | AB |
| Grace Lines nka PLI Disburs. Trust | 7/29/52 | 12/30/52 | 155 | Santa Flavia | 242762 | AS |
| Pope & Talbot Company | 3/30/53 | 5/ 6/53 | 38 | Alma Victory | 248201 | AS |
| Grace Lines nka PLI Disburs. Trust | 6/18/53 | 9/20/53 | 95 | Santa Juana | 242111 | AS. |
| Pacific Far East Company | 10/13/53 | 1118/54 | 98 | Trade Wind | 243312 | AS |
| Pacific Tankers Ltd. | 3/16/54 | 3/22/54 | 7 | Mission San =ernando | | |
| American Hawaiian S.S. Lines | 4/12/54 | 8/ 3/54 | 114 | Panaman | 247316 | AS |
| American President Lines Ltd. | 10/29/54 | 11/11/54 | 14 | President Johnson | | |
| American President Lines Ltd. | 1/20/55 | 4/29155 | 100 | Old Dominion Manner | 264446 | DM |
| Matson Navigation Co. Inc. | 9/20/55 | 2/13/56 | '47 | Hawaiian Merchant | 248845 | SN |
| Matson Navigation Co. Inc. | 2/24/56 | 5/ 6/56 | 73 | Hawaiian Merchant | 248845 | |
| Coastwise Lines | 8/ 2/56 | 6/26157 | 329 | Pacificus | 245519 | AS |
| Pacific Far East Company | 7/29/57 | 1/26/58 | 182 | Surprise | 241853 | AB |
| The Oceanic Steamship Company | 4/25/58 | 9/ 8/58 | 137 | Monterey | 264687 | DM |
| Coastwise Lines | 121 8/58 | 12/ 8/58 | 1 | IBM 209 | | |
| Matson Navigation Co. Inc. | 12/12/58 | 3/11/59 | 90 | Hawaiian Packer | 243929 | AS |
| Coastwise Lines | 4/ 3/59 | 6/22/59 | 81 | Kaimana | 252570 | AS |
| Dorama, Inc. | 6/23/59 | 11/ 1159 | 132 | Kaimana | 25257C | AS |
| Matson Navigation Co. Inc. | 1/26/60 | 8/22/60 | 210 | Hawaiian Banker | 247831 | DM |
| Pacific Far East Company | 10/22/60 | 6/ 1/61 | 223 | China Bear | 245837 | DM |
| Matson Navigation Co. Inc. | 6/15/61 | 10/10161 | 118 | Hawaiian | 249353 | OI |
| Matson Navigation Co. Inc. | 10/21/61 | 12/ 5161 | 46 | Hawaiian | 249353 | Dr |
| The Oceanic Steamship Company | 1/22/62 | 8/25/62 | 216 | Sierra | 247831 | AS |
| The Oceanic Steamship Company | 11/23/62 | 7/ 7/63 | 227 | Mariposa | 265137 | DM |

                    Vessel Service              William F. Higgins

| | | | | | |
|---|---|---|---|---|---|
| Son Francisco Bar Pilots | 8/ 7/63 | 8/20/63 | 14 | IBM 209 | | |
| American President Lines Ltd. | 10/ 3/63 | 12/ 5/63 | 64 | President Wilson | 255039 | AS |
| Matson Navigation Co.  Inc. | 12/13/63 | 7/23/64 | 224 | Hawaiian Legislator | 249264 | BN |
| Matson Navigation Co.  Inc. | 10/21/64 | 11/19/64 | 30 | Californian | 249239 | AB |
| Matson Navigation Co.  Inc. | 11/21/64 | 12/30/64 | 40 | Hawaiian Rancher | 246204 | AS |
| Matson Navigation Co.  Inc. | 1/18/65 | 5/ 3/65 | 106 | Hawaiian Rancher | 246204 | AS |
| Matson Navigation Co.  Inc. | 8/ 1/65 | 11/15/65 | 107 | Hawaiian Rancher | 246204 | FIN |
| Matson Navigation Co.  Inc. | 1/ 2/66 | 2/ 1/66 | 31 | Hawaiian Planter | 248741 | AS |
| Matson Navigation Co.  Inc. | 2/ 3/66 | 2/11/66 | 9 | Loyola Victory | 247595 | AS |
| American President Lines Ltd. | 5/ 4/66 | 1/ 2/67 | 244 | President Harrison | 502569 | AS |
| States Steamship Company | 4/ 3/67 | 10/31/67 | 212 | California | 287232 | BN |
| J. J. Tennant Co. Oregon | 12/21/67 | 12/28/67 | 8 | Hamilton Victory | 248167 | AS |
| Matson Navigation Co.  Inc. | 12/28/67 | 1/ 2/68 | 6 | St. Augustine Victory | 248438 | AS |
| Grace Lines nka PLI Disburs.  Trust | 4/ 1/68 | 11/ 6/68 | 220 | Santa Ana | 252746 | BN |

        First Sailed  8/26/44    Last SaiLed 11/ 6/68    6711 Days Aboard

                            End Of Listing

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS            :
MUTUAL PROTECTIONS AND               :            04 Civ: 04309 (LAK)
INDEMNITY ASSOCIATION, INC.          :
                                     :
            Plaintiff,               :            ANSWER
                                     :
        -against-                    :
                                     :
Alcoa Steamship Co., Inc.            :
and the Other Entities Listed on Exhibit A   :
hereto,                              :
                                     :
            Defendants.              :
----------------------------------------------------------- X

        The Maritime Claimants, Intervenors and former employees of Prudential Lines, Inc. and

Grace Lines, Inc.  by and through their attorneys, The Maritime Asbestosis Legal Clinic, a division

of The Jaques Admiralty Law Firm, and Shaked and Posner in answering the Second Amended

Complaint of the American Steamship Owners Mutual Protection and Indemnity Association, Inc.,

state as follows:

        1.      The Maritime Claimants neither admit nor deny the allegations set forth in

paragraph 1, for the reason that they do not have adequate information to admit or deny the

allegations.  To the extent this paragraph concludes and argues that the PLI Disbursement  Trust is

not entitled to coverage for the asbestos and other claims for which the Trust is responsible this

allegation is denied for the reason that it is not true.

        2.      The Maritime Claimants neither admit nor deny the allegations for the reason that

they are without knowledge or information to form a belief as to the truth of the allegations.

        3.      The Maritime Claimants neither admit nor deny the allegations for the reason that

they are without knowledge or information to form a belief as to the truth of the allegations.

4.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

5.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

6.    The Maritime Claimants neither admit nor deny the first allegation in this paragraph 6 which states the Club has no right to seek assessments from members for Insurance Years which are closed for the reason that the Maritime Claimants do  not have adequate information upon which to respond.  The Maritime Claimants deny the second portion of the allegation and state that the PLI Disbursement Trust has a right to obtain funds from the Club even thought there may not be "case reserves" established for the year or years in question.

7.    The Maritime Claimants neither admit nor deny the allegation that the reserves become the property of the members of the Club in the "Open Years" and that those members have an obligation to indemnify the "Closed Year Members" for the reason that they do not have sufficient information upon which to respond.  The Maritime Claimants deny the allegation/argument that the members in the Open Years have no "legal obligation" to indemnify members in "Closed Years" for any unreserved or inadequately reserved claims as alleged, for the reason that this is not true.

8.    The Maritime Claimants admit the allegations contained in this paragraph.

9.    The Maritime Claimants neither admit nor deny the allegations in the first portion of

paragraph 9 which pertain to the reporting of unknown claims or the establishment of the "practice" of indemnifying members for unknown claims as well as the allegations that "such reserves were

not property of the members in the closed Years," for the reason that they do not have sufficient information upon which to admit or deny the allegation. To the extent that the discretionary practice which is described speaks to allowing the Plaintiff to allocate claims over a period of years and apply of multiple deductibles for the years in question this allegation is denied with respect to the Maritime Claimants and the PLI Trust as it is been determined in a final judgment in a case where the American Club was the Defendant that allocating a claim(s) over a number of years or over multiple policies and applying multiple deductibles is not allowed. With regard to the allegation that the defendants did not assess each other any amounts to establish reserves for continuing indemnification purposes for claims rising before the Insurance Year that commenced on February 20, 1997, this allegation is neither admitted nor denied as the Maritime Claimants do not have sufficient information upon which it can admit or deny this allegation.

10.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

11.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

12.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

13.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

14.    The Maritime Claimants admit the allegations set forth in paragraph 14.

15.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

3

16.    The insurance contracts which are the subject of this litigation are "assets" of the bankruptcy estate.  The issues in this proceeding are "core proceedings" under 28 U.S.C. §157.  Nevertheless, the Maritime Claimants will consent to the jurisdiction of the Court at this time, subject to and reserving their right to raise all bankruptcy related arguments which the District Court has jurisdiction of pursuant to 28 U.S.C. §1334.

17.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

18.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

19.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

20.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

21.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

22.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

23.    The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

24.    The Maritime Claimants admits that the Club issues one year policies but neither admits nor denies that such are "fully assessable" as the meaning of this term is not set forth.

25.    The Maritime Claimants neither admit nor deny the allegations for the reason that

4

they are without knowledge or information to form a belief as to the truth of the allegations.

26.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

27.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

28.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

29.     The Maritime Claimants  admit the allegation that the policies contained the statements set forth.

30.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

31.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

32.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

33.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

34.     The Maritime Claimants neither admit nor deny that Insurance Law §1211 provides what is set forth as said provision speaks for itself.

35.     The Maritime Claimants admit the existence of  Insurance Law §1211.  Said provision speaks for itself and no answer is required.  The Maritime Claimants neither admit nor deny that this provision is "material" as such is a legal consideration requires no answer.

36.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

37.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

38.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

39.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

40.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

41.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

42.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

43.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

44.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

45.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

46.     The Maritime Claimants admit the allegations in paragraph 46.

47.     The Maritime Claimants neither admit nor deny the allegations for the reason that

they are without knowledge or information to form a belief as to the truth of the allegations. Moreover to the extent that there are allegations in this paragraph with regard to allocation of amounts paid to seamen and applying more than one deductible said allegations are denied and Plaintiff is bound by the decisions of the Courts which have redeemed final decisions and judgments or said issues.

48.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

49.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

50.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

51.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

52.     The Maritime Claims neither admit nor deny the allegations for the reason that the Trust is without knowledge or information to form a belief as to the truth of the allegations..

53.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

54.     The Maritime Claimants admit that there are over 6,000 seamen's asbestos cases pending.  To the extent that this paragraph makes allegations about claims to be filed in the future said allegations are neither admitted nor denied for the reason that the Maritime Claimants do not have sufficient information upon which to make such determinations.

55.     Maritime Claimants  neither admit nor deny the allegations for the reason that the

7

Trust is without knowledge or information to form a belief as to the truth of the allegations.

56.     The Maritime Claimants deny the allegations in paragraph 56 for the reasons that it is not true.

57.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

58.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

59.     Paragraph 59 it contains no allegations of fact but rather a conclusion to which the Maritime Claimants Trust will not respond.  To the extent that this statement is thought or deemed to be an allegation it is neither admitted nor denied.

60.     The Maritime Claimants deny the allegation in paragraph 60 as it is inaccurate and does not follow the Court decisions which have addressed said issues which are binding on the Plaintiff.

61.     The Maritime Claimants neither admit nor deny the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

### **FIRST CAUSE OF ACTION**

62.     Maritime Claimants repeat and reallege their responses to the American Club's allegations contained in paragraphs 1 through 57 as if fully set forth herein.

63.     The Maritime Claimants  neither admit nor deny the allegations contained in paragraph 63 for the reason that the Maritime Claimants have no knowledge of the objections.

64.     The Maritime Claimants deny that the American Club is entitled to "terminate the Discretionary Practice" as set forth in paragraph 64.

WHEREFORE, the Maritime Claimants request that the Court declare that the American Club is not entitled to terminate the "Discretionary Practice" as to the IBNR claims arising in closed Insurance Years prior to February 20, 1989 and that attorneys fees and costs expended in connection with responding to and defending this action be awarded and for such other further relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION

65.     The Maritime Claimants repeat and re-allege its responses to the American Club's allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66.     The Maritime Claimants neither admit nor deny the allegations set forth in Paragraph 66.

67.     The Maritime Claimants neither admit nor deny that there is an actual and justiciable controversy given the fact that Prudential Lines is a bankrupt entity and Plaintiffs "entitlement," if any, would be governed by and subject to the confirmed plan and applicable bankruptcy law.

68.     The Maritime Claimants deny that the American Club is entitled to "restore the requisite mutuality and equities between and among all its members in all Insurance Years for the reason that . . ." as alleged and requested.

Wherefore the Maritime Claimants request that the Court declare that the American Club is not entitled to restore mutuality and equity as requested and that attorneys fees and costs be awarded and for such other further relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION

69.     The Maritime Claimants repeats and reallege their responses to the allegations

9

contained in paragraphs 1 through 65 as if fully set forth herein.

70.     The Maritime Claimants deny that the American Club is allowed to allocate a claim over the years that a seaman worked on or aboard members vessels and denies further that the American Club may apply deductibles for each of the years in question for the reason that a final judgment has been entered which provides that the Club may not allocate or apply deductibles as proposed. The American Club is bound to the decision already rendered.

71.     The Maritime Claimants deny that an actual and justiciable controversy exists with respect to these issues as such issues have been decided and said decisions are binding upon plaintiff.

WHEREFORE the Maritime Claimants  request that the Court declare that the American Club has no cause of action with respect to the allocation and deductible issues and that attorneys fees and costs be awarded and for such other further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses the Maritime Claimants state:

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     The American Club is precluded by the equitable doctrine of laches from obtaining any of the relief sought.

3.     The American Club is banned by the statute of limitation from obtaining any of the relief sought.

4.     The American Club is estopped from obtaining any of the relief sought.

5.     The American Club has waived any right it has or may have had in obtaining any of the relief sought.

10

6.      The marine protections and indemnity insurance policies issued to Prudential Lines, Inc. are assets of the bankruptcy estate.  *In re: Prudential Lines, Inc., Case 86-B-1173 (Bankr. SDNY)*.  A plan is confirmed and the American Club is bound to the terms of the Plan and related documents which preclude the relief sought.

7.      The doctrines of res judicata and the law of the case preclude the American Club from obtaining the relief sought.

8.      The confirmed plan is a contract which binds the Plaintiffs to the terms and conditions.

                         Respectfully Submitted:

                         _____
                         DAN SHAKED (DS3331)
                         SHAKED & POSNER
                         Attorneys for Asbestos Claimants
                         255 West 34th Street, Suite 705
                         New York,  New York 10122
                         (212) 494-0035


                         ALAN KELLMAN
                         MARITIME ASBESTOSIS LEGAL CLINIC, a division of
                         THE JAQUES ADMIRALTY LAW FIRM, P.C.
                         Attorneys for Asbestosis Claimants
                         645 Griswold, Ste. 1570
                         Detroit, Michigan 48226
                         (313) 961-1080

Dated:   September 13, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| AMERICAN STEAMSHIP OWNERS | : | |
| MUTUAL PROTECTIONS AND | : | 04 Civ: 04309 (LAK) |
| INDEMNITY ASSOCIATION, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | AFFIDAVIT OF SERVICE |
| -against- | : | |
| | : | |
| Alcoa Steamship Co., Inc. | : | |
| and the Other Entities Listed on Exhibit A | : | |
| hereto, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------ X

## AFFIDAVIT OF SERVICE

I hereby certify that true and correct copies of the foregoing *Motion to Intervene and Proposed Order, Memo in Support of Motion to Intervene, Affidavit of Alan Kellman In Support of Motion to Admit Counsel Pro Hac Vice, Admission to Pro Hac Vice, Notice of Motion to Admit Pro Hac Vice* and this *Affidavit of Service* were served First Class, postage pre-paid, U.S. Mail this 16th day of September, 2004, upon attached service list:

/s/ Julie Danaher
JULIE DANAHER

Sworn to and Subscribed
Before me this 20th day
of September, 2004.

\s\Dawn Arnett
Notary Public

Academy Tankers, Inc.
Canterbury Shipping Corp.
Nation Oil Transportation Co.
c/o Secretary of State
Townsend Building
Dover, DE 19901

Alcoa Steamship Co., Inc. as Successor to
Lib-Ore Steamship Company, Inc.
Pan-Ore Transportation, Inc.
Reynolds Metals Company
201 Isabella Street
Pittsburgh, PA 15212

Amerada Hess as Successor to
Hess Oil and Chemical Corp.
1185 Avenue of the Americas
New York, NY 10036

American Maritime Holdings, Inc.
39 Broadway
New York, NY 10006

American Maritime Holdings, Inc.
Sea Mobility Inc.
World Wide Tankers, Inc.
c/o US Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

APL, Ltd. as Successor to
American Mail Line
American President Lines, Inc.
1111 Broadway Street, 6th floor
Oakland, CA 94607
 American Steamship Company
500 Essjay Road
Williamsville, NY 14222

Apex Oil Co., Inc.
8182 Maryland Avenue
St. Louis, MO 63105

2

Apex Oil Co., Inc.
3514 River Rand Road
P.O. Box 3127
Wilmington, NC 28403

Aremar C.I.F.S.A.
Viamonte 494
9 Piso
Buenos Aires, Argentina

Argosy Offshore Ltd.
c/o CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

Arpez A.A.
Calle Venezuela 110
1095 Buenos Aires, Argentina

Astra Compania Argentina de Petroleo S.A.
Tucuman 744
11th floor
1049 Buenos Aires, Argentina

Alantic Richfield Company
515 South Fowler Street
P.O. Box 2679
Los Angeles, CA 90071

Atlantic Richfield Indonesia Inc.
Landmark Center Tower B
Jl. Jenderal Sudirman Kav. 70A
P.O.  Box 1063
12910 Jakarta Java, Indonesia

Avila y Pizarro Compania Ltda.
Agents for Van Gogh Inversiones SA
Blanco 570
Valparaiso Chile

Avon Steamship Co. Inc.
Agents for Amherst Shipping Inc.
410 Lakeville Road, Rm. 201
Lake Success, NY 11040

Barber Asphalt Corp.
c\o CT Corporation System
277 Park Avenue

New York, NY 10017

Bermuda Atlantic Line Ltd.
P.O. Box 1198
Hamilton 5, Bermuda

Bermuda Atlantic Line Ltd.
760 N.E. 7th Avenue
Dania, FL 33004

Bessemer Trust Co. as Successor to
Howard Phipps, Ogden Phipps,
David Layman, Jr., Bessemer Trust Co.,
Bessemer Securities Corp.
Grosvenor-Dale Co., Inc.
630 Fifth Avenue
New York, NY 10111-0333

BP as Successors to
American Oil Company
Standard Oil Company
Sohio Alaskan Petroleum Co. and
SPC Shipping Inc.
28100 Torch Parkway
Warrenville, IL 60555

Bridgeport & Port Jefferson Steamboat Co.
102 West Broadway
Port Jefferson, NY 11777

Brokerage & Management Corp.
90 Broad Street, 24th floor
New York, NY 10004

Caribbean Steamship Co. S.A.
P.O. Box 2568
Corpus Christi, TX 78403

Central Gulf Lines as Successor to Central Gulf Lighters
Poydras Center
680 Poydras St., Ste.1700, P.O. Box53366
New Orleans, LA 70153
Chevron Texaco Corporation as Successor to California Oil Comapny
6001 Bollinger Canyon Rd.
San Ramon, CA 94583

Cleveland-Cliffs, Inc. as Successor to Cleveland-Cliffs Steamship Company
1100 Superior Avenue
Cleveland, OH 44114

4

Coal Logistics Corporation
30 Skyline Drive
Lake Mary, FL 32795


Coastal Carriers Inc.
1607 Belle Chasse Highway
Belle Chasse, LA 70037

Coastal Carriers Inc.
c/o Clayton Ragas
216 Ft. Jackson Street
Belle Chasse, LA 70037

Companhia de Navegacao Maritimea Netumar
Avenida Presidente Vargas 482
22 Andar
Rio de Janeiro, 2000RJ Brazil
Crest Tankers Inc.
8182 Maryland Avenue
St. Louis, MO 63105

Dillingham Construction World Headquarters
1020 Serpentine Lane Suite 110
Pleasanton, CA 94566

The Dow Chemical Company
2030 Dow Center
Midland, MI 48674

Carolyn S. Schwartz, Esq.
Office of the United States Trustee of Enron Corporation
33 Whitehall Street, 21st Floor
New York, NY 10004

Empressa de Navegacion El Faro
Calle Lavalle 388
1047 Buenos Aires, Argentina

Equistar Chemicals, LP as Successor to Cuba Distilling Company
National Distillers Products Corp.
300 Doremus Avenue
Newark, NJ 07105
Euro Gulf International
c/0 Diamond State Corp. Agents Inc.
1200 North Broom Street
Wilmington, DE 19806


Federal Transport Company, Inc.

5

c/o Del Monte Fresh Produce Company
P.O. Box 149222
Coral Gables, FL 33114

Foss Maritime Company
c/o Mario Aita
Garvey Schubert and Barer
599 Broadway, 8th Floor
New York, NY 10012

Georgia-Pacific Corporation
133 Peachtree Street, NE
Atlanta, GA 30303

Georgia-Pacific Corporation
133 Peachtree Street, NE
Atlanta, GA 30303

Global Bulk Transport, Inc.
280 Park Avenue
New York, NY 10017

Grace Lines, Inc./Prudential Lines, Inc.
c/o PLI Disbursement Trustee
Lee J. DiCola, Esq.
2800 Carrington Street NW
North Canton, OH 44720

Gulf International Marine Inc.
c/o Gil Anthony Hebert
437 Menard Road
Houma, LA 70360

Henry Corporation
P.O. Box 13228
Tampa, FL 33681-3228

Inland Lakes Management Inc.
112 West Chisolm
P.O. Box 646
Alpena, MI 49707

Ispat Inland, Inc.
3210 Watling Street
East Chicago, IN 46312

Keyspan Corporation as Successor to Eastern Gas and Fuel Associates
1 Metrotech Center
Brooklyn, NY 11201

Keystone Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Baldbutte Shipping Company
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Chas. Kurz & Co., Inc.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Chestnut Shipping Corp.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Chilbar Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Fredericksburg Shipping co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Keystone Tankship Corporation
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Margate Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

New England Collier Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Paco Tankers Inc.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Timbo Shipping Ltd.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Kimberly-Clark Corporation as Successor to Scott Paper Company
Dept. INT
P.O. Box 2020
Neenah, WI 54957-2020

Kirby Inland Marine, Inc. as Successor to Hollywood Marine, Inc.
55 Waugh Drive, Suite 1000
Houston, TX 77007

Lafarge North America Inc. as Successor to
Huron Transportation, Inc.
12950 Worldgate Drive, Suite 600
Herndon, VA 20170

Marifran International S.A.
Calle Paraguay 577
4 Piso
Buenos Aires, 1057 Argentina

Marifran International S.A.
Avenida 25 de Mayo 401
1002 Buenos Aires, Argentina

Marine Transport Lines, Inc.
Managers for Marine Interests Corp.
and Union Marine Transport Co.
Agents for Marrine Chemical Navigation Corp.,
Marine Sulphur Shipping Corp. and Oswego Tanker Corp.
1200 Harbor Blvd., C-901
Weehawken, NJ 0708

Mathiasen's Tanker Industry, Inc.
8182 Maryland Ave.
St. Louis, MO 63105

McAllister Brothers, Inc. as Successor to Outreach Marine Corporation
17 Battery Place, 15th floor
New York, NY 10004

Mu-Petco Shipping Co., Inc.,
New Jersey Barging Corp. (Del)
Texas City Refining Inc.
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

National Gypsom Co.
2001 Rexford Rd.
Charlotte, NC 28211

Nedbarges Sublift BV
Westmolenstraat 1
Lange Haven, 3111 BS Schiedam

8

Nicor Inc. as Successor to National Marine Service Inc. ,
Lake Tankers Corp.
1209 Orange Street
Wilmington, DE 19801

Companhia de Navegacao Maritima Netumar
d/b/a/ Netumar Lines
c/o Stacey L. Meisel, Esq.
Trustee in Bankruptcy
Becker Meisel LLC
Eisenhower Plaza II
345 Eisenhower Parkway, Suite 2800
Livingston, NJ 07039

Offshore Express Inc.
438 Menard Road
P.O. Box 2666
Houma, LA 70361

Oglebay Norton as Successor to Columbia Steamship Company, Inc.
North Point Tower
1001 Lakeside Avenue, 15th Floor
Cleveland, OH 44114

Ormet Corporation
1233 Main Street, Suite 4000
Wheeling, WV 26003

Oscar Transportation Group
97 Akti Miaouli
185 38 Piraeus, Greece

Puerto Rico Maritime Shipping Authority
Building No. 123
Fleet and Bombay Streets
Elizabeth, NJ 07208

Resolve Maritime Corporation
436 SW 8th Street, Suite 206
Miami, FL 33130

Resolve Maritime Corporation
c/o Charles Lea Hume
25 W. Flagler Street
5th fl., City National Building

Royal P&O Nedlloyd N.V. as Successor to Farrell Lines Inc.
Farrel Lines (Lighters)
One Meadowlands Parkway
East Rutherford, NJ 07073

S.C. Loveland Co., Inc.
c/o Edward V. Cattell, Jr.
Hollstein Keating Cattell Johnston & Goldstein, P.C.
8 Penn Center, 1628 JFK Blvd. Ste. 2000
Philadelphia, PA 19103

Sabine Towing & Transportation Co., Inc.
7200 Highway 87 East
Port Arthur, TX 77342

SEI II Equipment Management
745 7th Avenue
New York, NY 10019

Seaport Harbor Cruise Lines, Inc.
17 Battery Place
New York, NY 10004

Tecomar S.A.
Avenida 39 Ote. No. 1204 A
Col. Anzures
Puebla, 72530 Mexico

Tecomar S.A.
Benjamin Franklin 232
Mexico DF 11800

Texas City Refining Inc.
P.O. Box 1271
Texas City, TX 77592-1271

Trade & Transport Inc.
61-65, Filonoa Street
P.O. Box 104
Piraeus Greece

Tranfluen Compania Armadora SA
7EPiso,, Oficina 52
San Martin 50
1004 Buenos Aires

10

Transfrimar SA
6BPiso
Colon 602
Guayaquil, Ecuador

Trinidad Corporation
8182 Maryland Avenue
St. Louis, MO 63105

Tropigas Inc.
2151 LeJune Road
Coral Gables, FL 33134

Union Carbide Corporation,
A Subsidiary of The Dow Chemical Company
P.O. Box 4393
Houston, TX 77210

Union Carbide Corp.
100 Lighting Way, Suite 402
Secaucus, NJ 07094

United States Maritime Administration
U.S. Department of Transportation
400 7th Street, SW
Washington, D.C. 20590

John T. Paulyson, Trustee
United States Lines, Inc. & United States Lines (S.A.) Inc.
184-186 North Avenue East, Suite 103
Cranford, NJ 07015-2488
Verizon Communications as Successor to New York Telephone
1095 Avenue of the Americas
New York, NY 10036

Waterman Steamship Corp.
One Whitehall Street
New York, NY 10004

Weeks Marine Inc. as Successor to American Dredging  Company
4 Commerce Drive
Cranford, NJ 07016

West India Shipping Co., Inc.
Agents for West India Industries, Inc.

18th Fl., Great Southwest Building
1314 Texas Street
Houston, TX 77002

Lawrence J. Bowles
Nourse & Bowles
One Exchange Plaza/55 Broadway
New York, NY 10006

Seth Schafler, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036-8299

13

14