UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br>             Plaintiff, <br><br>       -against- <br><br> ALCOA STEAMSHIP CO., INC. and THE OTHER ENTITIES LISTED ON EXHIBIT A HERETO, <br><br>             Defendants, | 04 CV 04309 (LAK) <br><br> **ANSWER OF UNITED STATES LINES, INC. AND UNITED STATES LINES (S.A.), INC. REORGANIZATION TRUST** |

United States Lines, Inc. and United States Lines (S.A.), Inc. Reorganization Trust c/o John T. Paulyson, Trustee by way of Answer to the Second Amended Complaint of plaintiff, American Steamship Owners Mutual Protection and Indemnity Association, Inc., says:

**Introduction and Background**

1.   Defendant admits that this is a Declaratory Judgment action but denies that the defendants are not entitled to further indemnification. Defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph one.

2.   Defendant denies the allegations of paragraph two.

3.   Defendant admits the allegations contained in paragraph three.

4.   Defendant admits the allegations contained in paragraph four.

5.   Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 5.

6.  Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 6.

7.  Defendant admits that after an Insurance Year is closed, the Club's reserves become the property of members of the Club in the open years and that those members have an obligation to indemnify the closed years' members for their payments of reported claims from the case reserves. The defendant has insufficient information to either admit or deny the remaining allegations of paragraph seven.

8.  Defendant admits the allegations contained in paragraph eight.

9.  Defendant denies that "the discretionary practice" was, in fact, discretionary. Defendant is without sufficient knowledge to either admit or deny the remaining allegations contained in paragraph nine.

10. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph ten.

11. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph eleven.

12. Defendant denies that the Club's current members have no obligation to indemnify the defendants. The defendant has insufficient information to either admit or deny the remaining allegations of paragraph twelve.

13. Defendant admits the allegations contained in paragraph thirteen.

## The Parties

14. Defendant admits the allegations contained in paragraph fourteen.

15. Defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph fifteen.

### Jurisdiction and Venue

16. Defendant admits the allegations contained in paragraph sixteen.

17. Defendant admits the allegations contained in paragraph seventeen as to this defendant.

### Managing the Club

18. Defendant admits the allegations contained in paragraph eighteen.

19. Defendant admits the allegations contained in paragraph nineteen.

20. Defendant admits the allegations contained in paragraph twenty.

21. Defendant admits the allegations contained in paragraph twenty-one.

22. Defendant admits the allegations contained in paragraph twenty-two.

23. Defendant admits the allegations contained in paragraph twenty-three.

### Insurance Policies

24. Defendant admits the allegations contained in paragraph twenty-four.

### Mutuality – Contingent Liability for Assessment of All Insurance Costs

25. Defendant has insufficient information regarding reinsurance to either admit or deny the allegations contained in paragraph twenty-five. The remaining allegations contained in paragraph twenty-five are admitted.

26. Defendant admits the allegations contained in paragraph twenty-six.

27. The allegations of paragraph twenty-seven are a matter of law to be determined by the Court. Accordingly, defendant neither admits nor denies those allegations.

28. Defendant admits the allegations contained in paragraph twenty-eight.

### Other Relevant Policy Provisions

29. Defendant admits the allegations contained in paragraph twenty-nine.

30. Defendant admits the allegations contained in paragraph thirty.

31. Defendant admits the allegations contained in paragraph thirty-one.

32. Defendant admits the allegations contained in paragraph thirty-two.

### Regulating the Club

33. Defendant admits the allegations contained in paragraph thirty-three.

34. The allegations contained in paragraph thirty-four are a matter of law which speaks for itself.

35. The allegations contained in paragraph thirty-five are a matter of law which speaks for itself.

36. Defendant admits the allegations contained in paragraph thirty-six.

37. Defendant admits the allegations contained in paragraph thirty-seven.

### Notification of Claims

38. Defendant admits the allegations contained in paragraph thirty-eight..

39. Defendant admits the allegations contained in paragraph thirty-nine.

### "Closing" Insurance Years

40. Defendant admits the allegations contained in paragraph forty.

41. Defendant admits the allegations contained in paragraph forty-one.

42. Defendant admits the allegations contained in paragraph forty-two.

43. Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-three.

44. Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-four.

**Assertion of Late Manifesting Occupational Claims**

45. Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-five.

46. Defendant admits the allegations contained in paragraph forty-six.

**The Club's Discretionary Practices**

47. Defendant denies the allegations contained in paragraph forty-seven.

48. Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-eight.

49. Defendant has insufficient information to either admit or deny the allegations contained in paragraph forty-nine.

50. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty.

51. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-one.

52. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-two.

**Continued Indemnifications to Defendants
Under the Discretionary Practice for Insurance Years
Before February 20, 1989 Will Inequitably Reduce
the Club's General Reserves in an Unsustainable Amount**

53. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-three.

54. Defendant admits the allegations contained in paragraph fifty-four.

55. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-five.

56. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-six.

57. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-seven.

### Other Issues in Dispute

58. Defendant has insufficient information to either admit or deny the allegations contained in paragraph fifty-eight.

59. Defendant denies the allegations contained in paragraph fifty-nine.

60. Defendant denies the allegations contained in paragraph sixty.

61. Defendant denies the allegations contained in paragraph sixty-one.

### FIRST CAUSE OF ACTION

### Declaratory Judgment

### (The Club is Entitled to Terminate The Discretionary Practice)

62. Defendant repeats are realleges the responses contained in paragraphs one through fifty-seven as if fully set forth at length herein.

63. Defendant admits the allegations contained in paragraph sixty-three.

64. Defendant admits the allegations contained in paragraph sixty-four.

WHEREFORE, the Trust requests judgment that the P&I policies are fully enforceable contracts and for other such relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### (Alternative Declaratory Judgment)

### (Action to Restore Mutuality)

65. Defendant repeats are realleges the responses contained in paragraphs one through fifty-seven as if fully set forth at length herein.

66. Defendant denies the allegations contained in paragraph sixty-six.

67. Defendant admits the allegations contained in paragraph sixty-seven.

68. Defendant denies the allegations contained in paragraph sixty-eight.

WHEREFORE, the Trust requests judgment that the P&I policies are fully enforceable contracts and for other such relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

### (Further Alternative Declaratory Judgment)

### (Allocation of Claims and Application of Multiple Deductibles)

69. Defendant repeats are realleges the responses contained in paragraphs one through sixty-one as if fully set forth at length herein.

70. Defendant denies the allegations contained in paragraph seventy.

71. Defendant admits the allegations contained in paragraph seventy-one.

WHEREFORE, the Trust requests judgment that the P&I policies are fully enforceable contracts. The Trust further requests judgment that, when an asbestos-related claim is covered by more than one P&I policy, the Trust may select the P&I policy it wishes to provide coverage for the claim and, after satisfying the applicable deductible, it may exhaust the coverage available under that P&I policy before it can be compelled to invoke coverage under another available P&I policy and/or be subject to additional deductibles.

## **SEPARATE DEFENSES**

1. Defendants pleads the defense of estoppel.

2. Defendant pleads the defense of laches.

        NAGEL RICE & MAZIE, LLP
        Attorneys for United States Lines, Inc. and
        United States Lines (S.A.), Inc.
        Reorganization Trust


        By:   s/Herbert I. Waldman
              Herbert I. Waldman (HIW 8219)
              301 South Livingston Avenue
              Livingston, New Jersey 07039
              (973) 535-3100

Dated: September 22, 2004