**MORGAN, LEWIS & BOCKIUS LLP**
**Attorneys for Defendant Kimberly Clark Corporation**
Lisa M. Campisi (LC 1018)
101 Park Avenue
New York, New York 10178
212.309.6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> against <br><br> ALCOA STEAMSHIP CO., INC. And Other Entities Listed on Exhibit A Hereto, <br><br> Defendants. | 04 Civ: 04309 (LAK) <br><br> **ANSWER OF KIMBERLY CLARK CORPORATION TO THE SECOND AMENDED COMPLAINT** |

Defendant Kimberly Clark Corporation, as successor to Scott Paper Company, Inc. ("Kimberly Clark"), as so named in Exhibit A to American Steamship Owners Mutual Protection and Indemnity Association, Inc.'s (the "American Club" or "Club" or "Association" or "Corporation") Second Amended Complaint (the "Complaint"), by and through its attorneys, Morgan, Lewis & Bockius LLP, as and for its answer to the Complaint alleges on information and belief as follows:

1.  Admits that the relief as stated is that which is sought by the plaintiff.

2.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 2 and therefore leaves plaintiff to its proof.

3.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 3 and therefore leaves plaintiff to its proof.

4.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 4 and therefore leaves plaintiff to its proof.

5.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 5 and therefore leaves plaintiff to its proof.

6.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 6 and therefore leaves plaintiff to its proof.

7.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 7 and therefore leaves plaintiff to its proof.

8.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 8 and therefore leaves plaintiff to its proof.

9.  Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 9 and therefore leaves plaintiff to its proof.

10. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 10 and therefore leaves plaintiff to its proof.

11. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 11 and therefore leaves plaintiff to its proof.

12. Defendant Kimberly Clark admits the Discretionary Practice should be discontinued. As to the remaining allegations of paragraph 12, Kimberly Clark is without sufficient information to admit or deny the allegations therein and therefore leaves plaintiff to its proof.

13. Kimberly Clark was unaware of the Club's termination of the Discretionary Practice, and denies that it objected to such termination. As to the remaining allegations of paragraph 13, Kimberly Clark is without sufficient information to admit or deny the allegations therein and therefore leaves plaintiff to its proof.

14. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 14 and therefore leaves plaintiff to its proof.

15. Kimberly Clark admits the allegations of paragraph 15 to the extent that Scott Paper Company, which was purchased by Kimberly Clark in December, 1995, was a member of the American Club.

16. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 16 as the allegations therein are conclusions of law.

17. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 17 and therefore leaves plaintiff to its proof.

18. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 18 and therefore leaves plaintiff to its proof.

19. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 19 and therefore leaves plaintiff to its proof.

20. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 20 and therefore leaves plaintiff to its proof.

21. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 21 and therefore leaves plaintiff to its proof.

22. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 22 and therefore leaves plaintiff to its proof.

23. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 23 and therefore leaves plaintiff to its proof.

24. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 24 and therefore leaves plaintiff to its proof.

25. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 5 and therefore leaves plaintiff to its proof.

26. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 26 and therefore leaves plaintiff to its proof.

27. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 27 and therefore leaves plaintiff to its proof.

28. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 28 and therefore leaves plaintiff to its proof.

29. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 29 and therefore leaves plaintiff to its proof.

30. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 30 and therefore leaves plaintiff to its proof.

31. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 31 and therefore leaves plaintiff to its proof.

32. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 32 and therefore leaves plaintiff to its proof.

33. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 33 as the allegations therein are conclusions of law.

34. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 34 as the allegations therein are conclusions of law and Insurance Law section 1211 speaks for itself.

35. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 35 as the allegations therein are conclusions of law and Insurance Law section 4111 speaks for itself.

36. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 36 as the allegations therein are conclusions of law and the Club's By Laws speak themselves.

37. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 37 as the allegations therein are conclusions of law.

38. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 38 and therefore leaves plaintiff to its proof.

39. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 39 and therefore leaves plaintiff to its proof.

40. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 40 and therefore leaves plaintiff to its proof.

41. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 41 and therefore leaves plaintiff to its proof.

42. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 42 and therefore leaves plaintiff to its proof.

43. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 43 and therefore leaves plaintiff to its proof.

44. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 44 and therefore leaves plaintiff to its proof.

45. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 45 and therefore leaves plaintiff to its proof.

46. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 46 and therefore leaves plaintiff to its proof.

47. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 47 and therefore leaves plaintiff to its proof.

48. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 48 and therefore leaves plaintiff to its proof.

49. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 49 and therefore leaves plaintiff to its proof.

50. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 50 and therefore leaves plaintiff to its proof.

51. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 51 and therefore leaves plaintiff to its proof.

52. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 52 and therefore leaves plaintiff to its proof.

53. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 53 and therefore leaves plaintiff to its proof.

54. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 54 and therefore leaves plaintiff to its proof.

55. Defendant Kimberly Clark is without sufficient information to admit or deny the allegations of paragraph 55 and therefore leaves plaintiff to its proof.

56. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 56 as the allegations therein are conclusions of law.

57. Kimberly Clark denies that it objected to the Club's termination of the Discretionary Practice, and in fact was unaware of such termination. As to the remaining allegations of paragraph 57, Kimberly Clark is without sufficient information to admit or deny the allegations of contained therein and therefore leaves plaintiff to its proof.

58. Kimberly Clark denies that it sued or threatened to sue the Club. As to the remaining allegations of paragraph 58, Kimberly Clark is without sufficient information to admit or deny the allegations therein and therefore leaves plaintiff to its proof.

59. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 59 as the allegations therein are conclusions of law.

60. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 60 as the allegations therein are conclusions of law.

61. Defendant Kimberly Clark neither admits nor denies the allegations contained in paragraph 61 as the allegations therein are conclusions of law.

## AS TO THE FIRST CAUSE OF ACTION

62. Responding to the allegations contained in paragraph 62 of the Complaint, Kimberly Clark repeats and realleges its answers to paragraphs 1 through 57 of the Complaint as if fully set forth in full herein.

63. Kimberly Clark did not object to the termination of the Discretionary Practice and therefore denies that there exists an actual and justiciable controversy between Kimberly Clark and plaintiff with respect to the termination of the Discretionary Practice.

64. Defendant Kimberly Clark admits that the American Club seeks such a declaration as stated in paragraph 64.

WHEREFORE, defendant Kimberly Clark Corporation agrees that the policy of the plaintiff in terminating the Discretionary Practice as to IBNR is reasonable and should be permitted. The Club should not be awarded attorney's fees against former members which have not objected to its decision to terminate its Discretionary Practice and who have been joined unnecessarily in this matter. Defendant Kimberly Clark Corporation, which has not objected to the decision of the Club to discontinue its Discretionary Practice, and need not have been joined in this action, should recover attorney's fees, costs, and such other relief as may appear appropriate to this Honorable Court.

## AS TO THE SECOND CAUSE OF ACTION

65. Responding to the allegations contained in paragraph 65 of the Complaint, Kimberly Clark repeats and realleges its answers to paragraphs 1 through 57 of the Complaint as if fully set forth in full herein.

66. Defendant Kimberly Clark admits the allegations of paragraph 66 to the extent it alleges that no further indemnification for IBNR occurring during the Insurance Years before February 20, 1989 should be required. As to the remaining allegations of paragraph 66, Kimberly Clark but denies the allegations to the extent they allege that the plaintiff should be allowed to reopen closed Insurance Years.

67. Kimberly Clark denies the allegations of paragraph 67 to the extent it alleges that there exists an actual and justiciable controversy between Kimberly Clark and plaintiff with respect to indemnification for IBNR occurring during the Insurance Years before February 20, 1989, since Kimberly Clark admits that no further indemnification for IBNR occurring during the Insurance Years before February 20, 1989 should be required.

68. Defendant Kimberly Clark admits that the American Club seeks such a declaration as stated in paragraph 68, and that no further indemnification for IBNR should be required.

WHEREFORE, this Court should declare that the American Club should be permitted to discontinue the Discretionary Practice of reimbursement for IBNR. The request for a declaration that prior Insurance Years may be reopened should be denied. The Club should not be awarded attorney's fees against former members which have not objected to its decision to terminate its Discretionary Practice and who have been joined unnecessarily in this matter. Defendant Kimberly Clark Corporation which has not objected to the decision of the Club to discontinue its Discretionary Practice, and need not have been joined in this action, should recover its attorney's fees, costs, and such other relief as may appear appropriate to this Honorable Court.

## AS TO THE THIRD CAUSE OF ACTION

69. Defendant Kimberly Clark repeats and realleges the answers to paragraphs 1 through 57 as if set for the below.

70. Defendant Kimberly Clark admits the allegations of paragraph 70 to the extent it alleges that no further indemnification for IBNR occurring during the Insurance Years before February 20, 1989 should be required. As to the remaining allegations of paragraph 70, Kimberly Clark denies the allegations to the extent they allege that the plaintiff should be allowed to continue the Discretionary Practice.

71. Kimberly Clark denies the allegations of paragraph 71 to the extent it alleges that there exists an actual and justiciable controversy between Kimberly Clark and plaintiff with respect to indemnification for IBNR occurring during the Insurance Years before February 20, 1989, since Kimberly Clark admits that no further indemnification for IBNR occurring during the Insurance Years before February 20, 1989 should be required.

WHEREFORE, the Club should not be awarded attorney's fees against former members which have not objected to its decision to terminate its Discretionary Practice and who have been joined unnecessarily in this matter. Defendant Kimberly Clark, which has not objected to the decision of the Club to discontinue its Discretionary Practice, and need not have been joined in this action, should recover its attorney's fees, costs and such other relief as may appear appropriate to this Honorable Court.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a cause of action upon which relief may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief as against Kimberly Clark are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims as against Kimberly Clark for relief are barred by the doctrine of laches.

Dated: New York, New York
       September 29, 2004

By:  s/ Lisa M. Campisi
     Lisa M. Campisi (LC 1018)
     Morgan, Lewis & Bockius LLP
     101 Park Avenue
     New York, New York 10178
     212.309.6000
     Attorneys for Defendant
     KIMBERLY CLARK CORPORATION