UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTIONS AND                             :        04 Civ: 04309 (LAK)
INDEMNITY ASSOCIATION, INC.                        :
                                                   :
                      Plaintiff,              :        ANSWER TO SECOND
                                                   :        AMENDED COMPLAINT
   -against-                                      :
                                                   :
Alcoa Steamship Co., Inc.                          :
and the Other Entities Listed on Exhibit A         :
hereto,                                            :
                                                   :
                      Defendants.             :
------------------------------------------------------------X

      Defendant, The Prudential Lines Disbursement Trust ("Trust" or "PLI Trust"), successor to Prudential Lines, Inc. and Grace Lines, Inc. only as set forth in and only to the extent provided by the Court approved Second Amended Joint Plan of Reorganization, As Amended and the PLI Disbursement Trust Agreement (Case No. 86-11773, Bankr. Ct., S.D.N.Y.) by and through its attorneys, Jaspan, Schlesinger and Hoffman, LLP, in answering the Second Amended Complaint of the American Steamship Owners Mutual Protection and Indemnity Association, Inc., states as follows:

      1.     The PLI Trust neither admits nor denies the allegations set forth in paragraph 1, for the reason that they do not have adequate information to admit or deny the allegations. To the extent this paragraph concludes and argues that the PLI Disbursement Trust is not entitled to coverage for the asbestos and other claims for which the Trust is responsible this allegation is denied for the reason that it is not true.

      2.     The PLI Trust neither admits nor denies the allegations for the reason that the Trust is without knowledge or information to form a belief as to the truth of the allegations.

      3.     The PLI Trust neither admits nor denies the allegations for the reason that they are

without knowledge or information to form a belief as to the truth of the allegations.

4. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

5. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

6. The PLI Trust neither admits nor denies the first allegation in this paragraph 6 which states the Club has no right to seek assessments from members for Insurance Years which are closed for the reason it does not have adequate information upon which to respond. The PLI Trust denies the second portion of the allegation and states that it does have a right to obtain funds from the Club even thought there may not be "case reserves" established for the year or years in question.

7. The PLI Trust neither admits nor denies the allegation that the case reserves become the property of the members of the Club in the "Open Years" and that those members have an obligation to indemnify the "Closed Year Members" for the reason that it does not have sufficient information upon which to respond. The PLI Trust denies the allegation/argument that the members in the Open Years have no "legal obligation" to indemnify members in "Closed Years" for any unreserved or inadequately reserved claims as alleged, for the reason that this is not true.

8. The PLI Trust admits the allegations contained in this paragraph.

9. The PLI Trust neither admits nor denies the allegations in the first portion of paragraph 9 which pertain to the reporting of unknown claims or the establishment of the "practice" of indemnifying members for unknown claims as well as the allegations that "such reserves were not property of the members in the closed Years," for the reason that it does not have sufficient information upon which to admit or deny the allegation. To the extent that the discretionary practice which is described speaks to allowing the Plaintiff to allocate claims over a period of years and apply

of multiple deductibles for the years in question this allegation is denied with respect to the PLI Trust as it is been determined in a final judgment in a case where the American Club was the Defendant that allocating a claim(s) over a number of years or over multiple policies and applying multiple deductibles is not allowed. Lastly, the allegation that the defendants did not assess each other any amounts to establish reserves for continuing indemnification purposes for claims rising before the Insurance Year that commenced on February 20, 1997, this allegation is neither admitted nor denied as the PLI Trust does not have sufficient information upon which it can admit or deny this allegation.

10. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

11. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

12. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

13. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

14. The PLI Trust admits the allegations set forth in paragraph 14.

15. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

16. The insurance contracts which are the subject of this litigation are "assets" of the bankruptcy estate. The issues in this proceeding are "core proceedings" under 28 U.S.C. §157. Nevertheless, the PLI Trustee will consent to the jurisdiction of the Court at this time, subject to and reserving its right to raise all bankruptcy related arguments which the District Court has jurisdiction

of pursuant to 28 U.S.C. §1334.

17. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

18. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

19. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

20. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

21. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

22. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

23. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

24. The PLI Trust admits that the Club issues one year policies but neither admits nor denies that such are "fully assessable" as the meaning of this term is not set forth.

25. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

26. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

27. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

28. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

29. The PLI Trust admits the allegation that the policies contained the statements set forth.

30. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

31. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

32. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

33. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

34. The PLI Trust neither admits nor denies that Insurance Law §1211 provides what is set forth as said provision speaks for itself.

35. The PLI Trust neither admits nor denies that Insurance Law §1211 provides what is set forth as said provision speaks for itself. Furthermore, the PLI Disbursement Trust neither admits nor denies that this provision is "material." and such is a legal consideration which does not require a response.

36. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

37. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

38. The PLI Trust neither admits nor denies the allegations for the reason that they are

without knowledge or information to form a belief as to the truth of the allegations.

39. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

40. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

41. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

42. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

43. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

44. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

45. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

46. The PLI Trust admits the allegations in paragraph 46.

47. The PLI Trust neither admits nor denies the allegations. Moreover to the extent that there are allegations in this paragraph with regard to allocation of amounts paid to seamen and applying more than one deductible said allegations are denied as Plaintiff is bound by previous court decisions addressing said issues.

48. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

49. The PLI Trust neither admits nor denies the allegations for the reason that they are

without knowledge or information to form a belief as to the truth of the allegations.

50. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

51. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

52. The PLI Trust neither admits nor denies the allegations for the reason that the Trust is without knowledge or information to form a belief as to the truth of the allegations..

53. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

54. The PLI Trust admits that there are over 6,000 seamen's asbestos cases pending. To the extent that this paragraph makes allegations about claims to be filed in the future said allegations are neither admitted nor denied for the reason that the PLI Trust does not have sufficient information upon which to make such determinations.

55. PLI Trust neither admits nor denies the allegations for the reason that the Trust is without knowledge or information to form a belief as to the truth of the allegations.

56. The PLI Trust denies the allegations in paragraph 56 for the reasons that it is not true.

57. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

58. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

59. With respect to Paragraph 59 it contains no allegations of fact but rather a conclusion to which the PLI Disbursement Trust will not respond. To the extent that this statement is thought or deemed to be an allegation it is neither admitted nor denied.

60. The PLI Trust denies the allegation in paragraph 60 as it is inaccurate and does not follow the Court decisions which have addressed said issues which are binding on the Plaintiff.

61. The PLI Trust neither admits nor denies the allegations for the reason that they are without knowledge or information to form a belief as to the truth of the allegations.

### FIRST CAUSE OF ACTION

62. The PLI Trust repeats and re-alleges their responses to the American Club's allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63. The PLI Trust neither admits nor denies the allegations contained in paragraph 63 for the reason that the PLI Disbursement Trust have no knowledge of the objections.

64. The PLI Trust denies that the American Club is entitled to "terminate the Discretionary Practice" as set forth in paragraph 64.

WHEREFORE, the PLI Trust requests that the Court declare that the American Club is not entitled to terminate the "Discretionary Practice" as to the IBNR claims arising in closed Insurance Years prior to February 20, 1989 and that attorneys fees and costs expended in connection with responding to and defending this action be awarded and for such other further relief as the Court deems appropriate.

### SECOND CAUSE OF ACTION

65. The PLI Trust repeat and re-allege its responses to the American Club's allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. The PLI Trust denies the allegations set forth in Paragraph 66 for the reason that said allegations are not true.

67. The PLI Trust neither admits nor denies that there is an actual and justiciable

controversy given the fact that Prudential Lines is a bankruptcy entity and Plaintiffs "entitlement," if any, would be governed by and subject to the confirmed plan and applicable bankruptcy law.

68. The PLI Trust deny that the American Club is entitled to "restore the requisite mutuality and equities between and among all its members in all Insurance Years for the reason that . . ." as alleged and requested for the reason that they are not entitled to this relief.

Wherefore the PLI Trust requests that the Court declare that the American Club is not entitled to restore mutuality and equity as requested and that attorneys fees and costs be awarded and that attorneys fees and costs be awarded in connection with responding to and defending this action be awarded and for such other further relief as the Court deems appropriate.

### THIRD CAUSE OF ACTION

69. The PLI Trust repeats and re-alleges its responses to the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. The PLI Trust denies that the American Club is allowed to allocate a claim over the years that a seaman worked on or aboard members vessels and denies further that the American Club may apply deductibles for each of the years in question for the reason that a final judgment has been entered which provides that the Club may not allocate or apply deductibles as proposed. The American Club is bound to the decisions already rendered.

71. The PLI Trust denies that an actual and justiciable controversy exists with respect to these issues.

WHEREFORE the PLI Trust requests that the Court declare that the American Club has no cause of action with respect to the allocation and deductible issues and that attorneys fees and costs be awarded.

### AFFIRMATIVE DEFENSES

For its Affirmative Defenses the PLI Trust state:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The equitable doctrine of laches precludes the American Club from obtaining any of the relief sought.

3. The American Club is banned by the statute of limitation from obtaining any of the relief sought.

4. The American Club is estopped from obtaining any of the relief sought.

5. The American Club has waived any right it has or may have had in obtaining any of the relief sought.

6. The marine protections and indemnity insurance policies issued to Prudential Lines, Inc. are assets of the bankruptcy estate. *In re: Prudential Lines, Inc., Case 86-B-1173 (Bankr. SDNY)*. A plan is confirmed and the American Club is bound to the terms of the Plan and related documents which preclude the relief sought.

7. The doctrines of res judicata and the law of the case preclude the American Club from obtaining the relief sought.

8. The American Club is barred from any recovery based upon the doctrine of collateral estoppel.

9. All claims, rights, demands and causes of action set forth in the complaint has been fully adjudicated, released settled fully discharged against the PLI Trust and the same are barred by the operation of law and contract.

Dated: Garden City, New York
        September 28, 2004

By: _____

HAROLD D. JONES (HDJ-4652)
Jaspan Schlesinger, Hoffman, LLP
300 Garden City Plaza
Garden City, NY 11530
(516) 746-8000
ATTORNEYS FOR PLI DISBURSEMENT TRUSTEE

APW/D393313v1/F037547