Michael Dore (MD 0972)
Deborah Silodor (DS 0414)
LOWENSTEIN SANDLER, P.C.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700
    and
65 Livingston Avenue
Roseland, New Jersey  07068
(973) 597-2500
Attorney for Defendant Georgia-Pacific Corporation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **AMERICAN STEAMSHIP OWNERS** : | **CASE NO. 04 Civ. 04309 (LAK)** |
| **MUTUAL PROTECTION AND** : | |
| **INDEMNITY ASSOCIATION, INC.,** : | |
| : | |
| : | **Honorable Lewis A. Kaplan, U.S.D.J.** |
| **Plaintiff,** : | |
| : | |
| : | **DEFENDANT GEORGIA-PACIFIC** |
| **against** : | **CORPORATION'S ANSWER** |
| : | |
| **ALCOA STEAMSHIP CO., INC. AND** : | |
| **THE OTHER ENTITIES LISTED ON** : | |
| **EXHIBIT A HERETO,** : | |
| : | |
| **Defendants.** : | |

Georgia-Pacific Corporation (GP)[1] files its Answer to Plaintiff's Second Amended

Complaint as follows:

    Responding to the specific allegations in Plaintiff's Second Amended Complaint

(hereafter "Plaintiff's Complaint"), GP states as follows:

---

[1] The Plaintiff incorrectly lists the Defendants on Exhibit "A" of its Second Amended Complaint to include "Georgia-Pacific Corp.", which is not a correctly named entity.

## Introduction and Background

1.

As GP was not a member of the American Club during the Insurance Years commencing on February 20, 1977 or February 20, 1978, or for the Insurance Years preceding February 20, 1985, the allegations directed to those Defendants who were members during those years are not directed at GP and therefore require no response. In response to the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint, GP admits that it paid assessments to the American Steamship Owners Manual Protection and Indemnity Association, Inc. ("the Club" or the "American Club") for claims "incurred but not reported" (IBNR), but it otherwise denies the remaining allegations.

2.

GP denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

GP admits that the Club is a non profit mutual indemnity association and that the members provide indemnity insurance to each other by paying premiums and assessments under the members' policies. GP is without sufficient information to form a belief as to the truth or falsity as to the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

GP admits that it was assessed final amounts or given a refund for the various Insurance Years for which it is insured with the Club, and it admits that with regard to each of

the policy years for which it has insurance with the Club, the Insurance Years have been closed. GP is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

As GP was not a member of the American Club during the Insurance Years between 1946 and 1976, it is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

GP admits that the American Club cannot recover any further assessments from GP (or other members) for closed Insurance Years, but it denies that the members cannot obtain further funds from the American Club, if necessary, to be indemnified under their insurance policies ("the Policies") with the Club.

7.

GP admits that, after an Insurance Year is closed, the Club (including members from open years) has an obligation to indemnify the closed year's members for claims arising under their policies with the Club. GP denies the allegations contained in the second sentence of Paragraph 7 of Plaintiff's Complaint.

8.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

GP admits that the American Club began to assess $100,000 for IBNR claims with regard to Insurance Years during which GP was issued its Policies by the Club, but GP is otherwise without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

GP denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

**The Parties**

14.

GP admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

GP admits that it is a corporation, and that it is incorporated in the State of Georgia. GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15, to the extent they are directed at the other Defendants. GP admits, with regard to the Insurance Years at issue in the Complaint, that it was a member of the American Club for insurance years 1985 86, 1986 87, 1987 88, and 1988 89.

**Jurisdiction and Venue**

16.

GP admits to the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

GP admits to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

**Managing the Club**

18.

GP is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

GP is without sufficient information to form a belief as to the truth of falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

GP is without sufficient information to form a belief as to the truth of falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

GP is without sufficient information to form a belief as to the truth of falsity of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

GP is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

**Insurance Policies**

24.

GP admits that the American Club issued one year assessable marine protection and indemnity insurance policies to GP for certain Insurance Years ("GP's Policies").

**Mutuality – Contingent Liability for Assessment of All Insurance Costs**

25.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

GP admits that the Policies issued to GP before February 20, 1989 contain the "Assessability" provision quoted in Paragraph 26 of Plaintiff's Complaint.

27.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

**Other Relevant Policy Provisions**

29.

To the extent that the allegations contained in Paragraph 29 of Plaintiff's Complaint are directed at GP, it admits that GP's Policies, during the relevant time period, contain these provisions. GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations with regard to other members' policies.

30.

GP admits that GP's Policies at issue in this action (for the Insurance Years 1985 86 through 1988 89) address the "sum insured" and the Policy's "deductible" but GP denies that each such Policy identified this information through endorsements. GP is without sufficient

knowledge or information to form a belief as to the truth or falsity of these allegations, to the extent directed at the other members.

31.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint, with regard to the policies of other members. With regard to GP's Policies at issue, GP denies that each such policy commenced on the 20th of February, but it admits that they ran through the 20th of February for the following year.

32.

GP is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**Regulating the Club**

33.

GP admits the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

GP admits the allegations in Paragraph 34 of Plaintiff's Complaint.

35.

GP admits the allegations in Paragraph 35 of Plaintiff's Complaint.

36.

GP denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

**Notification of Claims**

38.

GP admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

**"Closing" Insurance Years**

40.

GP denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

GP is without sufficient information to form a belief as to the truth of falsity of the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

With regard to the pertinent years for which Policies were issued to GP, GP admits that these Insurance Years were typically closed within ten years after the Policy period. GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of Plaintiff's Complaint, to the extent that they apply to Insurance Years preceding 1985.

44.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

### Assertion of Late Manifesting Occupational Injury Claims

45.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of Plaintiff's Complaint.

### The Club's Discretionary Practices

47.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

GP admits that an annual reserve of $100,000 was established for possible IBNR occupational disease claims, for certain Insurance Years during which GP was issued its Policies by the Club. GP is otherwise without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 55 of Plaintiff's Complaint.  GP denies the remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

GP denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

GP admits that the Board of Directors resolved that the Club would no longer indemnify occupational disease claims occurring in closed Insurance Years for present and former Club Members.  GP denies the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

**<u>Other Issues in Dispute</u>**

58.

GP is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

GP denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

GP denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

The "retroactive partial modification" of the Discretionary Practice described in Paragraph 61 of Plaintiff's Complaint has not been demanded by GP, and therefore this allegation does not appear to apply to GP or require a response.

**<u>FIRST CAUSE OF ACTION</u>**

**Declaratory Judgment**

**(Response to Allegations that The Club is Entitled to Terminate <u>The Discretionary Practice)</u>**

62.

GP incorporates by reference its responses to the allegations contained in Paragraphs 1 61.

63.

GP is without sufficient information to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint, to the extent directed at GP.

64.

GP denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

**(Alternative Declaratory Judgment)**

**(Response to Action to Restore Mutuality)**

65.

GP incorporates by reference its responses to the allegations contained in Paragraphs 1 64.

66.

GP denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

GP denies the allegations contained in Paragraph 67 of Plaintiff's Complaint, to the extent directed at GP.

68.

GP denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

**(Further Alternative Declaratory Judgment)**

**(Response to Allegations Regarding Allocation of Claims and Application of Multiple Deductibles)**

69.

GP incorporates by reference its responses to the allegations contained in Paragraphs 1 – 68.

70.

GP denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

GP denies the allegations contained in Paragraph 71 of Plaintiff's Complaint, to the extent directed at GP.

72.

To the extent that GP has not responded to any other allegation in Plaintiff's Complaint, including its request for declaratory and other relief, GP denies the allegations and the Plaintiff's requests for relief.

**FIRST DEFENSE**

Plaintiff's Complaint may be barred under the doctrines of waiver and/or estoppel.

**SECOND DEFENSE**

Plaintiff's claims are barred under the terms of GP's Policies with the American Club.

**THIRD DEFENSE**

GP can no longer be subject to assessments with regard to the Insurance Years at issue since those years were closed.

## FOURTH DEFENSE

The Plaintiff's claims may be barred to the extent it failed to establish adequate reserves or determine and levy the sufficient assessments with regard to potential future (incurred but not reported) claims arising under the Policy Years at issue.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against GP upon which relief can be granted.

## SIXTH DEFENSE

Plaintiff has failed to join indispensable parties.

## SEVENTH DEFENSE

Plaintiff's claims for relief are precluded by the equitable doctrine of laches.

## EIGHTH DEFENSE

Plaintiff's claims for relief are precluded by the statute of limitations.

WHEREFORE, GP respectfully requests that this Court enter an Order in favor of GP, and for such other and further relief as the Court deems just.

LOWENSTEIN SANDLER, P.C.

/s/Deborah A. Silodor, Esq.
Michael Dore, Esq. (MD 0972)
Deborah A. Silodor, Esq. (DS 0414)
*Counsel for Defendant*

Dated:  October 8, 2004            *Georgia-Pacific Corporation*

Michael Dore (MD 0972)
Deborah A. Silodor (DS 0414)
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
212-262-6700
   and
65 Livingston Avenue
Roseland, New Jersey 07068
973-597-2500
Attorneys for Defendant, Georgia-Pacific Corporation

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNIFICATION ASSOCIATION, INC.,. | CASE NO. 04 Civ. 04309 (LAK) |
| Plaintiff, | Honorable Lewis A. Kaplan, U.S.D.J. |
| v | |
| ALCOA STEAMSHIP CO., INC., et al., | **CERTIFICATE OF SERVICE** |
| Defendants. | |

     I hereby certify that on October 8, 2004, I caused a copy of the within Defendant Georgia-Pacific Corporation's Answer and Rule 7.1 Disclosure Statement to be sent via regular First Class Mail to Lawrence J. Bowles, Esq., Nourse & Bowles, LLP, One Exchange Plaza at 55 Broadway, New York, NY 10006 (Attorneys for Plaintiff), and to all parties of record on the attached service list.

     Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

By:/s/Deborah A. Silodor (DS 0414)
    Deborah A. Silodor

Dated: October 8, 2004

**SERVICE LIST**

Academy Tankers, Inc.
Canterbury Shipping Corp.
Nation Oil Transportation Co.
c/o Secretary of State
Townsend Building
Dover, DE 19901

Alcoa Steamship Co., Inc., as Successor to
Lib Ore Steamship Company, Inc.
Pan Ore Transportation, Inc.
Reynolds Metals Company
201 Isabella Street
Pittsburgh, PA 15212

Amerada Hess as Successor to
Hess Oil and Chemical Corp.
1185 Avenue of the Americas
New York, NY 10036

American Maritime Holdings, Inc.
39 Broadway
New York, NY 10006

American Maritime Holdings, Inc.
Sea Mobility Inc.
World Wide Tankers, Inc.
c/o US Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

APL, Ltd. As Successor to
American Mail Line
American President Lines, Inc.
1111 Broadway Street, 6th Floor
Oakland, CA 94607

American Steamship Company
500 Essjay Road
Williamsville, NY 14222

Apex Oil Co., Inc.
8182 Maryland Avenue
St. Louis, MO 63105

Apex Oil Co., Inc.
3314 River Rand Road
P.O. Box 3127
Wilmington, NC 28403

Aremar C.I.F.S.A.
Viamonte 494
9 Piso
Buenos Aires, Argentina

Argosy Offshore Ltd.
c/o CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

Arpez A.A.
Calle Venezuela 110
1094 Buenos Aires, Argentina

Astra Compania Argentina de Petroleo S.A.
Tucuman 744
11th Floor
1049 Buenos Aires, Argentina

Atlantic Richfield Company
515 South Fowler Street
P.O. Box 2679
Los Angeles, CA 90071

Atlantic Richfield Indonesia Inc.
Landmark Center Tower B
Jl. Jenderal Sudirman Kav. 70A
P.O. Box 1063
12910 Jakarta Java, Indonesia

Avila y Pizarro Compania Ltda.
Agents for Van Gogh Inversiones SA
Blanco 570
Valparaiso Chile

Avon Steamship Co. Inc.
Agents for Amherst Shipping Inc.
410 Lakeville Road, Rm. 201
Lake Success, NY 11040


Barber Asphalt Corp.
c/o CT Corporation System
277 Park Avenue
New York, NY 10017

Bermuda Atlantic Line Ltd.
P.O. Box 1198
Hamilton 5, Bermuda

Bermuda Atlantic Line Ltd.
760 N.E. 7th Avenue
Dania, FL 33004

Bessemer Trust Co. as Successor to
Howard Phipps, Ogden Phipps,
David Layman, Jr., Bessemer Trust Co.,
Bessemer Securities Corp.
Grosvenor Dale Co., Inc.
630 Fifth Avenue
New York, NY 10111 0333

BP as Successors to
American Oil Company
Standard Oil Company
Sohio Alaskan Petroleum Co. and
SPC Shipping Inc.
28100 Torch Parkway
Warrenville, IL 60555

Bridgeport & Port Jefferson Steamboat Co.
102 West Broadway
Port Jefferson, NY 11777

Brokerage & Management Corp.
90 Broad Street, 24th Floor
New York, NY 10004

Caribbean Steamship Co. S.A.
P.O. Box 2568
Corpus Christi, TX 78403

Central Gulf Lines as Successor to Central Gulf Lighters
Poydras Center
680 Poydras St., Ste. 1700, P.O. Box 53366
New Orleans, LA 70153

Chevron Texaco Corporations as Successor to California Oil Company
6001 Bollinger Canyon Rd.
San Ramon, CA 94583

Cleveland Cliffs, Inc. as Successor to Cleveland Cliffs Steamship Company
1100 Superior Avenue
Cleveland, OH 44114

Coal Logistics Corporation
30 Skyline Drive
Lake Mary, FL 32795

Coastal Carriers Inc.
1607 Belle Chasse Highway
Belle Chasse, LA 70037

Companhia de Navegacao Maritimea Netumar
Avenida Presidente Vargas 482
22 Andar
Rio de Janeiro, 2000RJ Brazil

Crest Tankers Inc.
8182 Maryland Avenue
St. Louis, MO 63105

Dillingham Construction World Headquarters
1020 Serpentine Lane Suite 110
Pleasanton, CA 94566

The Dow Chemical Company
2030 Dow Center
Midland, MI 48674

Carolyn S. Schwartz, Esq.
Office of the United States Trustee of Enron Corporation
33 Whitehall Street, 21st Floor
New York, NY 10004

Empressa de Navegacion El Faro
Calle Lavalle 388
1047 Buenos Aires, Argentina

Equistar Chemicals, LP as Successor to Cub Distilling Company
National Distillers Products Corp.
300 Doremus Avenue
Newark, NJ 07105
Euro Gulf International
c/o Diamond State Corp. Agents Inc.
1200 North Broom Street
Wilmington, DE 19806

Federal Transport Company, Inc.
c/o Del Monte Fresh Produce Company
P.O. Box 149222
Carol Gables, FL 33114

Foss Maritime Company
c/o Mario Aita
Garvey Schubert and Barer
599 Broadway, 8th Floor
New York, NY 10012

Global Bulk Transport, Inc.
280 Park Avenue
New York, NY 10017

Grace Lines, Inc./Prudential Lines, Inc.
c/o PLI Disbursement Trustee
Lee J. DiCola, Esq.
2800 Carrington Street NW
North Canton, OH 44720

Gulf International Marine Inc.
c/o Gil Anthony Hebert
437 Menard Road
Houma, LA 70360

Henry Corporation
P.O. Box 13228
Tampa, FL 33681 3228

Inland Lakes Management Inc.
112 West Chisolm
P.O. Box 646
Alpena, MI 49707


Ispat Inland, Inc.
3210 Watling Street
East Chicago, IN 46312

Keyspan Corporation as Successor to Eastern Gas and Fuel Associates
1 Metrotrech Center
Brooklyn, NY  11201

Keystone Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19004

Baldbutte Shipping Company
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Chas Kruz & Co., Inc.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Chestnut Shipping Corp.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Chilbar Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Fredericksburg Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Keystone Tankship Corporation
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Margate Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

New England Collier Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Paco Tankers Inc.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Timbo Shipping Ltd.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA  19904

Kimberly Clark Corporation as Successor to Scott Paper Company
Dept. INT
P.O. Box 2020
Neenah, WI  54957 2020

Kirby Inland Marine, Inc. as Successor to Hollywood Marine, Inc.
55 Waugh Drive, Suite 1000
Houston, TX  77007

Lafarge North America Inc. as Successor
to Huron Transportation, Inc.
12950 Worldgate Drive, Suite 600
Herndon, VA  20170

Marifran International S.A.
Calle Paraguay 577
4 Pisco
Buenos Aires, 1057 Argentina

Marifran International S.A.
Avenida 25 de Mayo 401
1002 Buenos Aires, Argentina

Marine Transport Lines, Inc.
Managers for Marine Interests Corp.
And Union Marine Transport Co.
Agents for Marine Chemical Navigation Corp.,
Marine Sulphur Shipping Corp. and Oswego Tanker Corp.
1200 Harbor Blvd., C 901
Weehawken, MJ  0708

Mathiasen's Tanker Industry, Inc.
8182 Maryland Avenue
St. Louis, MO  63105

McAllister Brother, Inc. as
Successor to Outreach Marine Corporation
17 Battery Place, 15th Floor
New York, NY  10004

Mu Petco Shipping Co., Inc.
New Jersey Barging Corp. (Del)
Texas City Refining Inc.
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

National Gypsom Co.
2001 Rexford Road
Charlotte, NC  28211

Nedbarges Sublift BV
Westmolenstraat 1
Lange Haven, 3111 BS Schiedam
Netherlands

Nicor, Inc., as Successor to
National Marine Service, Inc.,
Lake Tankers Corp.
1209 Orange Street
Wilmington, DE  19801

Companhia de Navegacao Maritima Netumar
d/b/a Netumar Lines
c/o Stacey L. Meisel, Esq.
Trustee in Bankruptcy
Becker Meisel LLC
Eisenhower Plaza II
345 Eisenhower Parkway, Suite 2800
Livingston, NJ  07039

Offshore Express, Inc.
438 Menard Road
P.O. Box 2666
Houma, LA  70361

Oglebay Norton as
Successor to Columbia Steamship Company, Inc.
North Point Tower
1001 Lakeside Avenue, 15th Floor
Cleveland, OH  44114

Ormet Corporation
1233 Main Street, Suite 4000
Wheeling, WV  26003

Oscar Transportation Group
97 Akti Miaouli
185 38 Piraeus, Greece

Purto Rico Maritime Shipping Authority
Builing No. 123
Fleet and Bombay Streets
Elizabeth, NJ  07208

Resolve Maritime Corporation
436 SW 8th Street, Suite 206
Miami, FL  33130

Resolve Maritime Corporation
c/o Charles Lea Hume
25 W. Flagler Street
5th Floor, City National Building
Miami, FL  33130

Royal P&O Nedlloyd N.V. as
Successor to Farrell Lines Inc.
Farrel Lines (Lighters)
One Meadowlands Parkway
East Rutherford, NJ  07073

S.C. Loveland Co., Inc.
c/o Edward V. Cattell, Jr.
Hollstein Keating Cattell Johnston & Goldstein, P.C.
8 Penn Center, 1628 JFK Boulevard, Suite 2000
Philadelphia, PA  19103

Sabine Towing & Transportation Co., Inc.
7200 Highway 87 East
Port Arthur, TX  77342

SEI II Equipment Management
745 7th Avenue
New York, NY  10019

Seaport Harbor Cruise Lines, Inc.
17 Battery Place
New York, NY  10019

Tecomar S.A.
Avenida 39 Ote. No. 1204 A
Col. Anzures
Puebla, 72530 Mexico

Tecomar S.A.
Benjamin Franklin 232
Mexico DF  11800

Texas City Refining Inc.
P.O. Box 1271
Texas City, TX  77592 1271

Trade & Transport, Inc.
61 65, Filonoa Street
P.O. Box 104
Piraeus Greece

Tranfluen Compania Armadora SA
7 Piso, Oficina 52
San Martin 50
1004 Buenos Aires
Argentina

Transfrimar SA
6 Piso
Colon 602
Guayaquil, Ecuador

Trinidad Corporation
8182 Maryland Avenue
St. Louis, MO  63105

Trapigas Inc.
2151 LeJune Road
Coral Gables, FL  33134

Union Carbide Corporation
A Subsidiary of The Dow Chemical Company
P.O. Box 4393
Houston, TX  77210

Union Carbide Corp.
100 Lighting Way, Suite 402
Secaucus, NJ  07094

United States Maritime Administration
U.S. Department of Transportation
400 7th Street, SW
Washington, D.C.  20590

John T. Paulyson, Trustee
United States Lines, Inc. & United States Lines (S.A.) Inc.
184 186 North Avenue East, Suite 103
Cranford, NJ  07015 2488

Verizon Communications as
Successor to New York Telephone
1095 Avenue of the Americas
New York, NY  10036

Waterman Steamship Corp.
One Whitehall Street
New York, NY  10004

Weeks Marine Inc. as
Successor to American Dredging Company
4 Commerce Drive
Cranford, NJ  07016

West India Shipping Co., Inc.
Agents for West India Industries, Inc.
18th Fl., Great Southwest Building
1314 Texas Street
Houston, TX  77002

Lawrence J. Bowles
Nourse & Bowles
One Exchange Plaza/55 Broadway
New York, NY  10006

Seth Schafler, Esq.
Proskauer Roase, LLP
1585 Broadway
New York, NY  10036 8299

Alan Kellman
The Maritime Asbestosis Legal Clinic, a
division of The Jaques Admiralty Law Firm
645 Griswold, Ste. 1570
Detroit, MI  48226