UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., | : : : | 04-CV-04309 (LAK) (FM) |
| Plaintiff, | : : | |
| – against – | : : | **ANSWER AND COUNTERCLAIMS** |
| ALCOA STEAMSHIP CO., INC., et al., | : : : | |
| Defendants. | : | |

-------------------------------------------------------------x

Royal P&O Nedlloyd N.V., as Successor to Farrell Lines, Inc. ("Farrell"), as and for its answer to the Second Amended Complaint (the "Complaint"), alleges, except as noted, on information and belief as to all matters other than its own status and actions, as follows:

1.    Admits that Plaintiff has characterized the relief sought in the Complaint, and, to the extent that paragraph 1 alleges that Farrell is not entitled to further indemnification for incurred but not reported ("IBNR") claims for the reasons set forth therein, denies the allegations of paragraph 1 of the Complaint.

2.    Denies the allegations of paragraph 2 of the Complaint.

3.    Denies the allegations of paragraph 3 of the Complaint to the extent that they allege that members of the Club (as defined in the Complaint) are reimbursed for reported claims by other members and not the Club, denies further that the reporting of claims by members automatically obligates members to contribute to the Club funds sufficient to pay such claims, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.    Admits that, after closing an Insurance Year, the Club has no right to seek further assessments from the members for that Year, and denies the remaining allegations of paragraph 6.

7.    Denies the allegations of paragraph 7 of the Complaint.

8.    Admits the allegations of paragraph 8 as to seamen and others working on Farrell's vessels, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9.    Denies the allegations of paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.    Denies the allegations of paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation as to the number of occupational disease claims filed or still pending, or the allegation that new claims are being filed.

13.    Admits that the Club has informed its members of its purported intention to cease indemnifying them with respect to IBNR claims "arising" before February 20, 1989, admits further that Farrell has objected to absorbing multiple deductibles for claims allocated over two or more Insurance Years and that actual

justiciable controversies are presented by this action, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint.

14. Admits that the Club is incorporated under the laws of the State of New York and has its principal place of business in New York, New York, and denies the remaining allegations of paragraph 14 of the Complaint.

15. Admits the allegations of paragraph 15 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 as to the other Defendants.

16. The allegations contained in paragraph 16 of the Complaint are conclusions of law as to which no response is required herein.

17. Admits that Farrell is doing business in this judicial district, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, except as to the allegation that venue in this judicial district is proper, which is a conclusion of law as to which no response is required herein.

18. With respect to paragraph 18 of the Complaint, respectfully refers the Court to the Club's Charter and By-Laws for their contents.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, except respectfully refers the Court to the Club's Charter and By-Laws for their contents.

20. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint, except respectfully refers the Court to the Club's Charter and By-Laws for their contents.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, except respectfully refers the Court to the Club's Charter and By-Laws for their contents.

22.    Admits the allegations of paragraph 22 of the Complaint.

23.    Denies the allegations of paragraph 23 of the Complaint.

24.    Admits that the American Club has issued marine protection and indemnity insurance policies to Farrell, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint.

25.    Denies the allegations of paragraph 25 of the Complaint.

26.    With respect to paragraph 26 of the Complaint, respectfully refers the Court to the relevant Policies for their contents.

27.    Denies the allegations of paragraph 27 of the Complaint, except to the extent the allegations contained in paragraph 27 of the Complaint are conclusions of law as to which no response is required herein, and to the extent they purport to characterize the Club's By-Laws, respectfully refers the Court to the Club's By-Laws for their contents.

28.    Denies the allegations of the last sentence of paragraph 28, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint.

29.    With respect to paragraph 29 of the Complaint, respectfully refers the Court to the relevant Policies for their contents.

30.    With respect to paragraph 30 of the Complaint, respectfully refers the Court to the relevant Policies for their contents.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33.    The allegations contained in paragraph 33 of the Complaint are conclusions of law as to which no response is required herein.

34.    With respect to paragraph 34 of the Complaint, respectfully refers the Court to New York Insurance Law § 1211 for its contents.

35.    With respect to paragraph 35 of the Complaint, respectfully refers the Court to New York Insurance Law § 4111 for its contents.

36.    With respect to paragraph 36 of the Complaint, respectfully refers the Court to the Club's By-Laws for their contents.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38.    Denies the allegations of paragraph 38 of the Complaint, except respectfully refers the Court to the Policies in question for the terms thereof.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40.    With respect to paragraph 40 of the Complaint, respectfully refers the Court to the Club's By-Laws for their contents.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42.    Respectfully refers the Court to the Club's Charter and By-Laws for their contents.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

47.    Denies the allegations of paragraph 47 of the Complaint.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51.    Denies the allegations of paragraph 51 to the extent that they allege that the Club's obligation to indemnify Farrell for covered claims is discretionary, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 of the Complaint.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55.    Denies that the Club's members in currently open Insurance Years have no legal or other obligation to provide funds to the Club to indemnify or reimburse Farrell for unreserved or inadequately reserved IBNR claims attributable to the closed Insurance Years prior to February 20, 1989, denies that so indemnifying Farrell would "inequitably prejudice" the Club's members, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 of the Complaint

56.    Denies that the Club's obligation to indemnify Farrell for covered claims is discretionary, except to the extent the allegations contained in paragraph 56 of the Complaint are conclusions of law, as to which no response is required herein, and except to the extent the allegations in this paragraph of the Complaint purport to characterize the Club's Charter, By-Laws, or Policies, as to which Farrell respectfully refers the Court to the Club's Charter, By-Laws, and Policies for their contents.

57.    Admits that the Club has informed its members that it will no longer indemnify them with respect to IBNR claims for occupational diseases arising in closed Insurance Years before February 20, 1989, denies that its members were promptly informed of its decision, denies that so indemnifying its members is "discretionary," denies that so indemnifying its members created an "inequitable situation" and would result in an "inequitable drain" upon the Club's general reserves, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 57 of the Complaint.

58.     Admits that Farrell has objected to absorbing multiple deductibles for claims allocated over two or more Insurance Years, admits that Keystone initiated a lawsuit against the Club with respect to various of its policies, denies the allegations of paragraph 58 to the extent that they allege that the Club's obligation to indemnify Farrell for covered claims is discretionary, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 58 of the Complaint.

59.     Denies the allegations of paragraph 59 of the Complaint.

60.     Denies the allegations of paragraph 60 of the Complaint, except the allegation that the Club's practice regarding the allocation of claims and application of multiple deductibles is consistent with New York law, which is a conclusion of law as to which no response is required herein.

61.     Denies the allegations of paragraph 61 to the extent that they allege that the Club's obligation to indemnify Farrell for covered claims is discretionary, and avers that the remaining allegations contained in paragraph 61 of the Complaint are conclusions of law to which no response is required herein.

62.     With respect to paragraph 62 of the Answer and Counterclaims, Farrell repeats and realleges the allegations contained in paragraphs 1 through 61 of this Answer and Counterclaims as if set forth in full herein.

63.     Admits that an actual and justiciable controversy between Plaintiff and Farrell exists.

64.     Denies the allegations of paragraph 64 of the Complaint.

65.     With respect to paragraph 65 of the Answer and Counterclaims, Farrell repeats and realleges the allegations contained in paragraphs 1 through 64 of this Answer and Counterclaims as if set forth in full herein.

66.     Denies the allegations of paragraph 66 of the Complaint.

67.     Admits that an actual and justiciable controversy exists between Plaintiff and Farrell.

68.     Admits that Plaintiff has requested the relief described in paragraph 68, and otherwise denies the remaining allegations contained therein.

69.     To the extent not otherwise specifically responded to herein, Farrell generally denies the allegations of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

70.     The Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Insurance Policies)

71.     The Club's claims are barred, in whole or in part, by the terms of the Policies, all of the obligations of which Farrell has fulfilled and which provide coverage for all loss incurred as a result of occurrences transpiring, in whole or in part, during the policy period of each such Policy, without any aggregate limit on losses payable thereunder, any time deadline for the making of claims thereunder, or any limitation on recourse against the Club.

## THIRD AFFIRMATIVE DEFENSE

### (By-Laws)

72.     The Club's claims are barred, in whole or in part, by the terms of the By-Laws applicable to the Policies, and actions thereunder of the Club's Board of Directors, including, but not limited to, the Club's Board of Directors' actions in closing policy years prior to 1989 with "final assessments" pursuant to By-Laws, Article VI, Section 4.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel And Waiver)

73.     The Club's claims are barred, in whole or in part, by the doctrine of estoppel, in that the Club has, since at least 1980, consistently indemnified policyholders, including Farrell, for occupational disease claims arising from injuries in closed Insurance Years and has represented to Farrell that the Club had a legal obligation to do so.  Farrell has relied on the Club's conduct and representations to its detriment.  Moreover, the Club has waived its right to seek further assessments from policyholders in closed Insurance Years and has waived its right to deny policyholders coverage based on its inability to seek or enforce such assessments.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

74.     The Club's claims are barred, in whole or in part, by the doctrine of laches, in that the Club has, since at least 1980, consistently recognized its legal obligation to indemnify policyholders, including Farrell, for occupational disease claims arising from injuries in closed  Insurance Years and has delayed without excuse or

justification until June 7, 2004 announcing that it will no longer pay such indemnification. Farrell has been prejudiced by that delay.

## SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

75.    The Club's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel because the issues the Club now seeks to raise were either fully litigated or necessary to the judgment entered against the Club in Dicola v. Am. S.S. Owners Mut. Protection and Indemnity Assoc., Inc., 158 F.3d 65 (2d Cir. 1998).  These issues include, but are not limited to, (a) the continuing rights of holders of pre-1989 policies, including Farrell, to make claims for indemnity payment under these occurrence-based policies at any time after the policy year for which they were issued, and (b) the rights of the holders of pre-1989 policies, including Farrell, to seek indemnity payments under the pre-1989 policy providing the lowest per-claim deductible for occupational disease claims spanning multiple, consecutive policy years. The Club had a full and fair opportunity to litigate those issues in that litigation, and the issues were decided adversely to the Club.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mutuality)

76.    The declaratory relief sought by the Club would, in whole or in part, result in inequitable treatment of members and former members of the Club, including Farrell, contrary to principles of mutuality asserted by the Club, in that, among other things, (a) the Club would be treating the holders under pre-1989 Policies differently from holders of its policies for policy years after the pre-1989 policy years by denying the former and granting the latter indemnity payments for years closed with "final

assessments," despite the fact that the total losses for each such year exceeded total premiums and assessments (with or without allocating income earned by the Club to such amounts), (b) the Club has created a first-come, first-served system for paying losses under pre-1989 Policies in violation of mutuality principles, and (c) the Club has illegally transferred its assets in amounts reflected by its general reserves, if not more, to current members by refusing to make indemnity payments to holders of pre-1989 Policies on the spurious and unjustifiable assertion that those general corporate assets "belong" to current members only.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reserves)

77.    To the extent that the Club's claims are based on the failure of its Board of Directors to set adequate reserves for unreported claims before closing an insurance year with a "final assessment" in accordance with the Club's By-Laws, Article VI, Section 4, the Club has sole responsibility for any such inadequacy and any such inadequacy is not a defense to the right of Farrell under its Policies to indemnification for payments that it has made, or will make, for occupational disease claims for any of the pre-1989 Years.

## NINTH AFFIRMATIVE DEFENSE

### (Release)

78.    The Club's claims are barred by the terms of releases given to Farrell in connection with closing policy years.

## TENTH AFFIRMATIVE DEFENSE

### (Untimely Notice Of Disclaimer)

79.    To the extent that the Club seeks to disclaim coverage for claims previously reported to the Club under any of the Policies, such disclaimer is untimely and in violation of New York Insurance Law § 3420(d).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure To Provide Notice Of Cancellation Of Coverage)

80.    To the extent that the Club bases any of its claims on the cancellation of further coverage under any of the Policies at the time an insurance year is closed, the Club has failed to comply with the required notice of cancellation required by New York Insurance Law § 3426.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

81.    The Club's claims in the Complaint are time barred, in whole or in part, by applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Reserve Rights)

82.    To the extent that the Club failed to assert coverage defenses within the time limitations set forth under the applicable claims statute or failed to reserve rights with respect to indemnification, the Club waived those defenses to indemnification for the affected claims.

## COUNTERCLAIMS

83.    The counterclaims alleged herein seek a declaratory judgment adjudicating Farrell's rights and the Club's obligations under policies issued by the Club

to Farrell prior to 1989 (the 'Pre-1989 Policies") with respect to Occupational Disease

Claims (as defined below) and other relief arising out of the Club's unjustified refusal to

pay, on and after June 7, 2004, any Occupational Disease Claims under Pre-1989

Policies.

## THE PARTIES

84.     Farrell is a corporation organized and existing under the laws of the

State of Delaware with its principal place of business in East Rutherford, New Jersey.

Farrell, through various affiliated entities, is an owner and operator of shipping vessels.

85.     The Club is a corporation organized and existing under the New

York Not-for-Profit Corporation Law (or one or more of its predecessors) with its

principal place of business in New York, New York.  The Club is, and for many years

has been, subject to regulation under Article 41 of the New York Insurance Law as a

mutual company and in that capacity has issued marine insurance policies to

shipowners and charterers that become members of the Club under assessable policies

in more or less the same form.

## JURISDICTION AND VENUE

86.     The Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. § 1333(1) because it is an admiralty or maritime claim within the

meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  In addition, this Court has

supplemental jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §

1367(a).

87.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2);

a substantial part of the events or omissions giving rise to the claims occurred in this

judicial district.

## THE FACTS

### Farrell's Insurance Coverage

88.    The Pre-1989 Policies constitute a promise by the Club to indemnify Farrell against any loss, damage, or expense that Farrell becomes liable to pay, and does pay, by reason of its ownership, operation, management, or chartering of a designated insured vessel, if such loss results from an occurrence during the policy year designated in the Policy.  Specifically, the Policies provide:

> The [Club] agrees to indemnify the Assured [i.e., Farrell] against any loss, damage, or expense which the Assured shall become liable to pay and shall pay by reason of the fact that the Assured is the owner (or operator, manager, charterer, mortgagee, trustee, receiver or agent, as the case may be) of the insured vessel and which shall result from the following liabilities, risks, events, occurrences and expenditures: . . . Liability for . . . loss of life of, or personal injury to, or illness of any person . . . .

89.    The Pre-1989 Policies are assessable policies issued under the Club's By-Laws, which govern the Club's authority to issue assessable policies, to make assessments thereunder, and to terminate the assureds' liability for further assessments thereunder.

90.    In particular, the Pre-1989 Policies provide:

> The Assured are subject to a contingent liability hereunder for assessment without limit of amount for their proportionate share of any deficiency or impairment as provided by law and fixed in accordance with the by-laws of the [Club]; provided, however, that any such assessment shall be for the exclusive benefit of holders of policies which provide for such a contingent liability, and the holders of policies subject to assessment shall not be liable to assessment in an amount greater in proportion to the total deficiency than the ratio that the deficiency attributable to the assessable business bears to the total deficiency.

91.    Article VI, Section 3 of the By-Laws (as amended September 18, 1987) provides:

> For the purposes of declaring dividends and making assessments the business of the [Club] shall be divided into insurance years.

The insurance years referred to in this By-Law have coincided with the policy periods under the insurance policies issued by the Club during all relevant times.

92.    Article VI, Section 4 of the By-Laws provides:

> From time to time after the termination of each insurance year, when the manager shall determine that it is practicable to estimate with a reasonable degree of certainty the minimum, probable or final surplus or deficiency resulting from all of the Corporation's insurances in effect during such insurance year, the manager shall place before the board of directors a statement of such financial results of insurances . . . .  After receipt of any such statement, the board of directors from time to time may . . . order an interim or <u>the final assessment to be made against the holders of assessable policies</u>, fix the due date of such assessment, determine the rate of interest that shall be added to and become a part of any delinquent assessment, and otherwise provide for enforcement and collection thereof.

(Emphasis supplied).

93.    The Pre-1989 Policies provide occurrence-based coverage and, therefore, permit claims to be made thereunder without any time limitation as to when claims can first be made against the insured or the Club and still be covered by the policy.

94.    The Pre-1989 Policies have no aggregate limit, only a per-claim limit, and therefore contain no language or provision limiting the Club's total liability for claims thereunder.

95.    The Pre-1989 Policies do not limit the recourse of the policyholders against any assets of the Club or to the amount collected by way of premiums and assessments from holders of policies.

**The Club's "Final Assessment" Practices**

96.    In the event that the aggregate losses paid by the Club under all Pre-1989 Policies for any open policy year exceed the amounts collected from policyholders for that year through premiums and assessments, the Club, acting through its Board of Directors, has the authority under the By-Laws, Article VI, Section 4, to levy additional assessments on the policyholders for that year to cover the deficiency on an interim or final basis.   Likewise, if such amounts collected from policyholders exceed such losses, the Club, again acting through its Board of Directors, has discretionary authority under the same By-Law provision to refund some or all of the surplus to those policyholders or to decide not to do so.

97.    The By-Laws further provide for the closing of policy years with so-called "final assessments" by action of the Club's Board of Directors based upon a report and recommendation from the Club's professional claims manager that it is practicable to estimate the losses for the policy year in issue.   Once a policy year has been declared closed by the Club's Board of Directors, under the By-Laws, no further premium or assessment can be levied upon the policyholders with respect to that policy year, even if the operations for that year result in an ultimate deficiency to the Club.

98.    The Club's Board of Directors' determination to close a policy year with a "final" assessment or dividend does not terminate the Club's continuing obligations under the policies for that policy year, unless the policyholder agrees to releases of policy coverage.   Upon information and belief, the Club has neither sought nor obtained any releases of policy coverage for any of the Pre-1989 Policies from Farrell.

**The Club's Payment of Occupational**
**Disease Claims for Closed Years**

99.    Seamen and others working on Farrell's vessels have asserted claims that are still pending and will likely in the future assert additional claims against Farrell seeking damages resulting from their alleged exposure to asbestos, benzene, noise, and other substances or conditions on board or in working in or about vessels owned, chartered, operated, or managed by Farrell during one or more of the Pre-1989 Years ("Occupational Disease Claims").

100.    The Club has represented either expressly or impliedly to policyholders, including Farrell, that closing policy years does not impair their coverage rights under the Pre-1989 Policies and that policyholders of those Policies would continue to be insured under those Policies for the Pre-1989 Years. Farrell has relied upon these representations by, among other things, not seeking available coverage alternatives.

101.    Moreover, Farrell Lines, Inc. relied on the Club's direct or indirect representations when it merged with various of Farrel's affiliates, pursuant to which Farrell Lines, Inc. warranted:

> 3.24    <u>Insurance</u>.    The Company [Farrell Lines] is, and continuously since June 7, 1995 has been, <u>insured with respect to risks normally insured against</u> and in amounts that are customary for companies in the industry sector in which the Company operates, <u>and all the insurance policies and bonds maintained by the Company are in full force and effect</u> . . . .

(Emphasis supplied.)

102.    Farrell relied on these representations and similar representations made by the Club in deciding to enter into the merger.

103.    For over twenty years, the Club consistently has recognized that it is legally obligated to pay for Occupational Disease Claims arising from the Pre-1989 Years, despite the fact that each such year had been closed with a "final assessment," and, in recognition of its obligation to the policyholders, has paid hundreds, if not thousands, of such claims to policyholders, including Farrell.  The Club has submitted claims for reimbursement for some payments to its own re-insurers under its own reinsurance and stop-loss policies and, in so doing, represented expressly or impliedly to such re-insurers that the Club had become legally obligated to make such payments under one or more of the Pre-1989 Policies.

104.    The Club also has acted to affirm its contractual obligations by, inter alia, asserting its rights to receive cooperation from policyholders under one or more of the Pre-1989 Policies and its right to consent to the policyholders' settlement of Occupational Disease Claims.

**Issues Finally Decided Against the
Club in the In re Prudential Lines Case**

105.    An adverse judgment was entered against the Club in the action entitled Dicola v. Am. S.S. Owners Mut. Protection and Indemnity Assoc., Inc. (In re Prudential Lines, Inc.), 158 F.3d 65 (2d Cir. 1998).  In that case, the United States Court of Appeals for the Second Circuit held that, for Occupational Disease Claims involving exposures occurring over multiple policy years, the Pre-1989 Policies entitle a policyholder to designate the Policy for one of those policy years for payment of its claim, subject only to the one deductible for that policy year.  See Prudential Lines, 158 F.3d at 83.  In the Prudential Lines case, the Club acknowledged that it was obligated to provide coverage for Occupational Disease Claims in closed years and never asserted that its obligation to provide such coverage was "discretionary."

**The June 7, 2004 Circular**

106.   On or about June 7, 2004, the Club announced in a circular to members that the Club no longer intended to make payments to policyholders under any Pre-1989 Policies with respect to Occupational Disease Claims that had not been reported by the time each such year was closed or for such claims that had been under-reserved or unreserved by the Club.  In so doing, the Club claimed that its payment of such claims for over twenty previous years was merely a "discretionary practice."

107.   At no time prior to June 7, 2004 has the Club advised its policyholders that the payment of valid claims under any Pre-1989 Policy was "discretionary" or subject to termination if the amount of the Club's reserves for closed policy years were deemed insufficient or for any other reason.

## FIRST CLAIM FOR RELIEF

### (Declaratory And Injunctive Relief)

108.   Farrell repeats and realleges the allegations of paragraphs 83 through 107 of this Answer and Counterclaims as if set forth in full herein.

109.   Farrell has incurred, and will likely incur in the future, "loss, damage, or expense" in connection with Occupational Disease Claims that are still pending, and that are not yet asserted or resolved, resulting from the claimants' exposures occurring during one or more of the Pre-1989 Years.  Farrell has coverage under one or more Pre-1989 Policies for reimbursement of all such "loss, damage, or expense."

110.   The Club is obligated to indemnify Farrell under the Pre-1989 Policies in full for any loss, damage, or expense that Farrell becomes liable to pay, and has paid, subject to the applicable single deductible for each claim, in connection with

Occupational Disease Claims resulting from exposures occurring during one or more of the Pre-1989 Years, without any time limitation as to when such claims are first made under any one or more of such policies.

111.   The Club has disputed, and is expected to continue to dispute, its obligations under the Pre-1989 Policies to so indemnify Farrell with respect to Occupational Disease Claims now pending or made in the future, and the Club has alternatively asserted the right, which Farrell has disputed and will continue to dispute, to make future assessments under the Pre-1989 Policies to cover losses not covered by reserves established as of June 7, 2004.

112.   As a result of the foregoing, an actual and justiciable controversy exists between the Club and Farrell with respect to (a) the duties and obligations of the Club under one or more of its respective Pre-1989 Policies to provide continuing coverage to Farrell for Occupational Disease Claims resulting from claimants' exposures occurring during one or more of the Pre-1989 Years, and (b) the Club's right to make assessments under the Pre-1989 Policies to cover losses not covered by reserves established as of June 7, 2004.

113.   Accordingly, this Court should: (a) declare that Farrell is entitled under its Pre-1989 Policies to continuing coverage for Occupational Disease Claims resulting from claimants' exposures occurring during any one or more of the Pre-1989 Years, subject only to the applicable single deductible for each claim, and that the Club has no right to make any further assessment or assessments against Farrell under any Pre-1989 Policies; (b) grant Farrell a mandatory injunction compelling the Club to provide such coverage and a negative injunction barring, restraining, and prohibiting the Club from making, or seeking to make, any such assessment or assessments; (c)

award Farrell its attorneys' fees and other costs and expenses incurred in connection with this action to the fullest extent permitted by applicable law; and (d) grant Farrell such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Release)

114.    Farrell repeats and realleges the allegations of paragraphs 83 through 113 of this Answer and Counterclaims as if set forth in full herein.

115.    In connection with the closing of insurance years and the levying of "final" assessments, the Club granted Farrell releases from any liability for further assessments under one or more the Pre-1989 Policies.

116.    As a result of the foregoing, an actual and justiciable controversy exists between the Club and Farrell.

117.    Farrell seeks a declaration that any further assessments are barred against Farrell with respect to the Pre-1989 Years covered by such releases.

**WHEREFORE**, Farrell respectfully demands judgment:

(a)    dismissing all claims in the Complaint with prejudice and costs;

(b)    declaring that (i) Farrell has the right under its Pre-1989 Policies to continuing coverage for Occupational Disease Claims resulting from claimants' exposures occurring during any one or more of the Pre-1989 Years, subject only to the applicable deductible (ii) the Club has no right to make any further assessment or assessments against Farrell under any Pre-1989 Policies; and (iii) Farrell has the right under its Pre-1989 Policies to designate one of such Policies to indemnify it for the payment a particular Occupational Disease Claim, subject only to the deductible under that Policy and no other;

(c)     granting Farrell a mandatory injunction compelling the Club to provide the coverage described in (b) above;

(d)     barring, restraining and prohibiting the Club from making, or seeking to make, any assessment or assessments under any Pre-1989 Policies;

(e)     granting Farrell its reasonable attorneys' fees and other costs and expenses incurred in this action, as allowed by law; and

(f)     granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        October 8, 2004

                             Respectfully submitted,

                             BROWN RUDNICK BERLACK ISRAELS LLP


                             By: /s Andrew Dash_____
                                  Andrew Dash (AD-7913)
                                  Peter Adelman (PA-1562)
                             120 West 45th Street
                             New York, NY 10036
                             Tel: (212) 704-0100
                             Fax: (212) 704-0196

                             Counsel to Defendant Royal P&O
                             Nedlloyd N.V. as Successor to Farrell
                             Lines, Inc.

Andrew S. Dash (AD-7913)
Peter Adelman (PA-1562)
Brown Rudnick Berlack Israels LLP
120 West 45th Street
New York, New York 100209
(212) 704-0100
Attorneys for Defendant Royal P&O Nedlloyd N.V.,
as Successor to Farrell Lines, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., | : : : : | |
| Plaintiff, | : : | 04-CV-04309 (LAK) (FM) |
| – against – | : : : | **Certificate of Service** |
| ALCOA STEAMSHIP CO., INC., et al., | : : : | |
| Defendants. | : : : | |

------------------------------------------------------------x

I hereby certify that on October 8, 2004, I caused a copy of the within Defendant Royal P&O Nedlloyd N.V., as Successor to Farrell Lines, Inc.'s Answer and Counterclaims and Rule 7.1 Disclosure Statement to be sent via regular First Class Mail to Lawrence J. Bowles, Esq., Nourse & Bowles, LLP, One Exchange Plaza at 55 Broadway, New York, New York 10006 (Attorney for Plaintiff), and to all parties of record on the attached service list.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

By: __/s/Peter Adelman (PA-1562)
Peter Adelman

Dated: October 8, 2004

## SERVICE LIST

Academy Tankers Inc.
c/o Secretary of State
Townsend Building
Dover, DE  19901

Canterbury Shipping Corp.
c/o Secretary of State
Townsend Building
Dover, DE  19901
National Oil Transport Co.
c/o Secretary of State
Townsend Building
Dover, DE  19901

Alcoa Steamship Co., Inc.,
as Successor to Lib-Ore Steamship, Inc.,
Pan-Ore Transportation, Inc. and
Reynolds Metals Company
201 Isabella Street
Pittsburgh, PA 15212

Barry L. Doney, VP
American Atlantic Co.
as Successor to American Dredging Company
900 East Eighth Avenue, Suite 300
King of Prussia, PA 19406

American Maritime Holdings Inc.
39 Broadway
New York, NY 10006

American Steamship Company
500 Essjay Road
Williamsville, NY 14221

Robert Gruendel
Counsel for Apex Oil, Crest Tankers Inc.,
Mathiasen's Tanker Industry Inc. and
Trinidad Corporation
Curtis, Mallet-Prevost Cait & Masle
101 Park Avenue
New York, New York 10178-0061

John Toriello
Counsel for APL, Ltd. as Successor to
American Mail Line and American President Lines, Inc.
Holland & Knight
195 Broadway, 24th Floor
New York, NY  10007

Atlantic Richfield Company
515 South Flower Street
P.O. Box 2679
Los Angeles, CA 90071

Argosy Offshore Ltd.
1010 Milam
Houston, TX 77002
Caribbean Steamship Co. S.A.
P.O. Box 2568
Corpus Christi, TX 78403

Avon Steamship Co. Inc.
Agents for Amherst Shipping Inc.
410 Lakeville Road, Rm. 201
Lake Success, NY 11040

Barber Asphalt Corp.
c/o CT Corporation System
277 Park Avenue
New York, NY  10017

Barge Transport Company
P.O. Box 2569
1812 Durham Drive
Houston, TX 77252-2569

Bermuda Atlantic Line Ltd.
P.O. Box 1198
Hamilton 5, Bermuda
760 N.E. 7th Avenue
Dania, FL 33004

BP America Inc. as Successors to
American Oil Company
Standard Oil Company
Sohio Alaskan Petroleum Co. and
SPC Shipping Inc.
28100 Torch Parkway
Warrenville, IL 60555

Patrick F. Lennon
Counsel for Bridgeport & Port Jefferson Steamboat Co.,
Brokeage & Mgmt. Corp., and Brokerage & Mgmt. Corp.
36 West 44th Street, Suite 1111
New York, New York 10036

Donald I. Stauber
Counsel for Bessemer Securities Corp.
as Successor to Grosvenor-Dale Co., Inc.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112

John W. Cannavino
Counsel for Chevron Texaco Corporation
as Successor to California Oil Company
Cummings & Lockwood LLC
Four Stamford Plaza
P.O. Box 120
Stamford, CT  06904-0120

Cleveland-Cliffs, Inc.
1100 Superior Avenue
Cleveland, OH 44114

Coal Logistics Corporation
30 Skyline Drive
Lake Mary, FL 32795
Coastal Carriers Inc.
c/o Clayton Ragas
216 Ft. Jackson Street
Belle Chasse, LA 70037

Stacey L. Meisel
Trustee in Bankruptcy for
Compania de Navegacao Maritima Netumar
d/b/a Netumar Lines
Becker Meisel LLC
Eisenhower Plaza II
345 Eisenhower Parkway, Suite 2800
Livingston, NJ  07039

Dillingham Construction World Headquarters
1020 Serpentine Lane, Suite 110
Pleasanton, CA 94566

Dillingham Construction Corporation
5960 Inglewood Drive
P.O. Box 1089
Pleasanton, CA 94566

Steve Murray
Edward A. Keane
Counsel for The Dow Chemical Company
and Union Carbide Corporation
Mahoney & Keane
14 Pilgrim Lane
Weston, CT 06883

Loveland Holding Company, Inc.
f/k/a S.C. Loveland Co., Inc.
P.O. Box 368
Supawna Road
Pennsville, NJ 08070

Carolyn S. Schwartz
Office of U.S. Trustee of
Enron Corporation
33 Whitehall Street, 21st Floor
New York, NY 10004

Equistar Chemicals, LP
as Successor to Cuba Distilling Company
and National Distilling Products Corp.
300 Doremus Avenue
Newark, NJ 07105

Euro Gulf International
c/o Diamond State Corp. Agents Inc.
1200 North Broom Street
Wilmington, DE 19806

Federal Transport Company, Inc.
c/o Del Monte Fresh Produce Company
P.O. Box 149222
Coral Gables, GL 33114

Mario Aieta
Counsel for Foss Maritime Company
Garvey Schubert Barer
599 Broadway, 8th Floor
New York, New York 10012

Carissa A. Barletta
Corporate Counsel
Georgia Pacific Corp.
133 Peachtree Street, NE
Atlanta, GA 30303

Georgia Pacific Corp.
P.O. Box 105605
Atlanta, GA 30348

Global Bulk Transport Inc.
280 Park Avenue
New York, New York 10017

Lee J. DiCola
Grace Lines, Inc.
c/o PLI Disbursement Trustee
2800 Carrington Street NW
North Canton, OH 4470

Gulf International Marine Inc.
c/o Gil Anthony Hebert
437 Menard Road
Houma, LA 70360

Hendry Corporation
P.O. Box 13228
Tampa, FL 33681-3228

John Cameron
Counsel for Inland Lakes Management Inc.
Warner Norcross & Judd
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, Michigan 49503-2487

Camilo Cardozo
Counsel for Ispat Inland Inc.
Piper Rudnick
1251 Avenue of the Americas
New York, NY  10020

Kirby Inland Marine, Inc.
as Successor to Hollywood Marine, Inc.
55 Waugh Drive, Suite 1000
Houston, TX 77007

Lafarge North America Inc.
as Successor to Huron Transportation, Inc.
12950 Worldgate Drive, Suite 600
Herndon, Virginia 20170

Keyspan Corporation
1 Metrotech Center
Brooklyn, New York 11201

Stacey Ann Saiontz
Counsel for Keyspan Corporation
Dickstein Shapiro Morin & Oshinsky
1177 Avenue of the Americas
New York, New York 10036

Keystone Shipping Co.
1 Bala Plaza East, Suite 600
Bala Cynwyd, PA 19004

Kimberly-Clark Corporation
Dept. INT
P.O. Box 2020
Neenah, WI 54957-2020

Lisa M. Campisi
Counsel for Kimberly-Clark Corporation
Morgan Lewis and Bockius
101 Park Avenue
New York, New York 10178

Marine Transport Lines, Inc.
Marine Chemical Navigation Co. LLC
Marine Sulphur Shipping Co. LLC
1200 Harbor Blvd., C 901
Weehawken, NJ 07087

William F. Higgins
c/o Maritime Asbestosis
Legal Clinic
645 Griswold, Suite 1570
Detroit, MI 48226

Dan Shaked
Counsel for William F. Higgins
c/o Maritime Asbestosis
Shaked & Posner
225 West 34th Street, Suite 705
New York, New York 10122

Mu-Petco Shipping Co. Inc.
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

New Jersey Barging Corp. (Del.)
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

National Gypsum Co.
2001 Rexford  Rd.
Charlotte, NC 28211
Ormet Corporation
1233 Main Street, Suite 4000
Wheeling, WV 26003

Nicor Inc., as Successor to
National Marine Service Inc. and
Lake Tankers Corporation
1209 Orange Street
Wilmington, DE 19801

Offshore Express Inc.
438 Menard Road
P.O. Box 2666
Houma, LA 70361

Oglebay Norton, as Successor to
Columbia Steamship Company Inc.
North Point Tower
1001 Lakeside Ave., 15th Floor
Cleveland, OH 44114

Scott B. Fisher
Counsel for Prudential Lines, Inc. c/o PLI Disbursement Trustee
300 Garden City Plaza
Garden City, NY 11530

Lee J. DiCola
Prudential Lines, Inc.
c/o PLI Disbursement Trustee
2800 Carrington Street NW
North Canton, OH 44709

Puerto Rico Maritime Shipping Authority
Building No. 123
Fleet and Bombay Streets
Elizabeth, NJ 07208

Resolve Maritime Corporation
c/o Charles Lea Hume
25 W. Flagler Street
5th Floor, City National Bank Building
Miami, FL 33130

Sabine Towing & Transportation Co., Inc.
7200 Highway 87 East
Port Arthur, TX 77642

Sea Mobility Inc.
c/o US Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

Dale A. Schreiber, Esq.
Proskauer Rose LLP
1585 Broadway
New York, NY 10036 8299

World Wide Tankers Inc.
c/o US Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE  19808

Seaport Harbor Cruise Lines
17 Battery Place
New York, NY  10004

SEI II Equipment Inc.
f/k/a Shearson Equipment Management
745 7th Avenue
New York, NY 10019

Weeks Marine Inc.
as Successor to
American Dredging Company
4 Commerce Drive
Cranford, NJ  07016

Texas City Refining Inc.
P.O. Box 1271
Texas City, TX 77592-1271

Tropigas Inc.
2151 LeJune Road
Coral Gables, FL 33134

Unites States Maritime Administration
US DOT
400 7th Street, SW
Washington, DC 20590

Verizon Communications
as Successor to New York Telephone
1095 Avenue of the Americas
New York, NY 10036

Herbert I. Waldman
Counsel for United States Lines, Inc.
Nagel Rice & Mazie, LLP
301 S. Livingston Avenue, Suite 201
Livingston, NJ 07039-3991

West India Shipping Co., Inc.
Agents for West India Industries, Inc.
18th Floor, Great Southwest Building
1314 Texas Street
Houston, TX 77002

Aremar C.I.F.S.A.
Viamonte 494
9 Piso
1053 Buenos Aires, Argentina

Arpez S.A.
Calle Venezuela 110
1095 Buenos Aires, Argentina

Atlantic Richfield Indonesia Inc.
Landmark Center Tower B
Jl. Jenderal Sudirman Kav. 70A
P.O. Box 1063
12910 Jakarta Java, Indonesia

Astra Compania Argentina de Petroleo S.A.
Tucuman 744, 11th Floor
1049 Buenos Aires, Argentina

Avila y Pizarro Compania Ltda.
Agents for Van Gogh Inversiones SA
Blanco 570
Valparaiso, Chile

Trade & Transport Inc.
61-65, Filonos Street
P.O. Box 104
Piraeus, Greece

Empresa de Navegacion El Faro
Calle Lavalle 388
1047 Buenos Aires, Argentina

Marifran International S.A.
Calle Paraguay 577
4 Piso
Buenos Aires, Argentina
Avenida 25 de Mayo 401
1002 Buenos Aires, Argentina

Nedbarges Sublift BV
Westmolenstraat 1
Lange Haven, 3111 BS Schiedam
Netherlands

Oscar Transportation Group
97, Akti Miaouli
185 38 Piraeus, Greece

Tecomar S.A.
Avenida 39 Ote. No. 1204A
Col Anzures
Puebla, 72530 Mexico

Robert A. Cohen
Rodney M. Zerbe
Counsel for American Atlantic Company
Dechert LLP
30 Rockefeller Plaza
New York, New York 10112-2200