UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS            :
MUTUAL PROTECTION AND                :    04 Civ. 4309 (LAK)
INDEMNITY ASSOCIATION, INC.,         :
                                     :
        Plaintiff,                   :
                                     :    **ANSWER TO SECOND**
   -against-                        :    **AMENDED COMPLAINT**
                                     :
ALCOA STEAMSHIP CO., INC. and Other  :
Entities Listed on Exhibit A,        :
                                     :
        Defendants.                  :
------------------------------------------------------X

      Defendants Brokerage & Management Corp. ("B&M") and Trade & Transport, Inc. ("T&T"), as named in Exhibit A to American Steamship Owners Mutual Protection and Indemnity Association. Inc.'s (the "American Club" or "Club") Second Amended Complaint, by and through its undersigned counsel, Tisdale & Lennon, LLC, as and for their Answer to the Plaintiff's Second Amended Complaint allege upon information and belief as follows:

      1.    Admit that the Plaintiff has alleged an action seeking declaratory relief but denies that the defendants are not entitled to further indemnification. B&M and T&T deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 1.

      2.    Denied.

      3.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3.

      4.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4.

5.   Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5.

6.   Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6.

7.   Admit that after an Insurance year is closed, the members of the Club in the open years have an obligation to indemnity the closed years' members for their payments of claims and, except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 7.

8.   Admit that in or about the early 1980s seaman and others working on or about the members' vessels began to assert they had been injured by exposure to asbestos, in some cases going back to the 1940s and except as so admitted deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 8.

9.   Deny that the so-called "discretionary practice" was discretionary and except as so admitted deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 9.

10.   Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10.

11.   Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11.

12.   Deny that the Club's current members have no obligation to indemnify the Defendants. B&M and T&T deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 12.

13.   Admitted.

14. Admitted.

15. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15.

16. Admitted.

17. Admitted.

18. Admit that, among others, the Club's Board of Directors conducts the Club's business.

19. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20.

21. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21.

22. Admitted.

23. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24.

25. Admit that the members of the Club collectively and mutually indemnify each other for claims occurring in each Insurance Year and except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 25.

26. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26.

27. The allegations set forth in Paragraph 27 raise issues of law to which no response is required.

28. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31.

32. Admitted.

33. The allegations set forth in Paragraph 33 raise issues of law to which no response is required.

34. The allegations set forth in Paragraph 34 raise issues of law to which no response is required.

35. The allegations set forth in Paragraph 35 raise issues of law to which no response is required.

36. The allegations set forth in Paragraph 36 raise issues of law to which no response is required.

37. Admit that each Insurance Year typically involves different members and except as so admitted deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 37.

38. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 41.

42. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42.

43. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43.

44. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44.

45. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 45.

46. Admitted.

47. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47.

48. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48.

49. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49.

50. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50.

51. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51.

52. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 52.

53. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53.

54. Admitted.

55. Denied.

56. The allegations set forth in Paragraph 56 raise issues of law to which no response is required.

57. Admit that on May 25, 2004 the Club's Board of Directors resolved that the Club would terminate the self-styled "discretionary practice," effective immediately, and that it would no longer indemnify Defendants with respect to claims for occupational diseases arising in closed Insurance years before February 20, 1989 and, except as so admitted, denies the allegations set forth in Paragraph 57.

58. Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58.

59. The allegations set forth in Paragraph 59 raise issues of law to which no response is required.

60. The allegations set forth in Paragraph 60 raise issues of law to which no response is required.

61. The allegations set forth in Paragraph 61 raise issues of law to which no response is required.

## AS TO THE FIRST CAUSE OF ACTION

62. B&M and T&T repeat and reallege their answers to Paragraphs 1 through 57 of the Second Amended Complaint as if fully set forth in full herein.

63. Admitted.

64. Admitted.

WHEREFORE, Plaintiff's request for declaratory relief should be denied, and further Defendants B&M and T&T request judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

## AS TO THE SECOND CAUSE OF ACTION

65. B&M and T&T repeat and reallege their answers to Paragraphs 1 through 57 of the Second Amended Complaint as if fully set forth in full herein.

66. Denied.

67. Admitted.

68. Denied.

WHEREFORE, Plaintiff's request for declaratory relief should be denied, and further Defendants B&M and T&T request judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

## AS TO THE THIRD CAUSE OF ACTION

69. B&M and T&T repeat and reallege their answers to Paragraphs 1 through 61 of the Second Amended Complaint as if fully set forth in full herein.

70. Denied.

71. Admitted.

WHEREFORE, Plaintiff's request for declaratory relief should be denied, and further Defendants B&M and T&T request judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a cause of action upon which relief may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by applicable statute of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right to assert the claims for relief set forth in the Second Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms of the insurance contract issued to B&M and/or T&T which provides, without limitation, coverage for the IBNR claims identified in the Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms of the Club's by-laws and actions taken by the Club's Board of Directors in closing the policy years identified in the Second Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties indispensable to the fair resolution of this matter.

WHEREFORE, B&M and T&T pray for judgment dismissing Plaintiff's Second Amended Complaint and further request judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

Dated: October 8, 2004
      New York, New York

                Respectfully submitted,

                The Defendants,
                Brokerage & Management Corp. and
                Trade & Transport, Inc.

By: _/s/ Patrick F. Lennon_____
                Patrick F. Lennon, Esq. (PL 2162)
                TISDALE & LENNON, LLC
                11 West 42nd Street, Suite 900
                New York, NY 10036
                (212) 354-0025
                (212) 869-0067 facsimile
                plennon@tisdale-lennon.com