UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS         :
MUTUAL PROTECTION AND             :    04 Civ. 4309 (LAK)
INDEMNITY ASSOCIATION, INC.,      :
                                  :
         Plaintiff,               :
                                  :    **ANSWER TO SECOND**
         -against-                :    **AMENDED COMPLAINT**
                                  :
ALCOA STEAMSHIP CO., INC. and Other :
Entities Listed on Exhibit A,     :
                                  :
         Defendants.              :
------------------------------------------------------------X

Defendant Bridgeport and Port Jefferson Steamboat Co. ("BPJSC"), as named in Exhibit A to American Steamship Owners Mutual Protection and Indemnity Association. Inc.'s (the "American Club" or "Club") Second Amended Complaint, by and through its undersigned counsel, Tisdale & Lennon, LLC, as and for its Answer to the Plaintiff's Second Amended Complaint alleges upon information and belief as follows:

1. Admits that the Plaintiff has alleged an action seeking declaratory relief but denies that the Defendants are not entitled to further indemnification. BPJSC denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 1.

2. Denied.

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6.

7. Admits that after an Insurance year is closed, the members of the Club in the open years have an obligation to indemnity the closed years' members for their payments of claims and, except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 7.

8. Admits that in or about the early 1980s seaman and others working on or about the members' vessels began to assert they had been injured by exposure to asbestos, in some cases going back to the 1940s and except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 8.

9. Denies that the so-called "discretionary practice" was discretionary and except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11.

12. Denies that the Club's current members have no obligation to indemnify the Defendants. BPJSC denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 12.

13. Admitted.

14. Admitted.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15.

16. Admitted.

17. Admitted.

18. Admits that, among others, the Club's Board of Directors conducts the Club's business.

19. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21.

22. Admitted.

23. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24.

25. Admits that the members of the Club collectively and mutually indemnify each other for claims occurring in each Insurance Year and except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26.

27. The allegations set forth in Paragraph 27 raise issues of law to which no response is required.

28. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31.

32. Admitted.

33. The allegations set forth in Paragraph 33 raise issues of law to which no response is required.

34. The allegations set forth in Paragraph 34 raise issues of law to which no response is required.

35. The allegations set forth in Paragraph 35 raise issues of law to which no response is required.

36. The allegations set forth in Paragraph 36 raise issues of law to which no response is required.

37. Admits that each Insurance Year typically involves different members and except as so admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 45.

46. Admitted.

47. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50.

51. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53.

54. Admitted.

55. Denied.

56. The allegations set forth in Paragraph 56 raise issues of law to which no response is required.

57. Admits that on May 25, 2004 the Club's Board of Directors resolved that the Club would terminate the self-styled "discretionary practice," effective immediately, and that it would no longer indemnify Defendants with respect to claims for occupational diseases arising in closed Insurance years before February 20, 1989 and, except as so admitted, denies the allegations set forth in Paragraph 57.

58. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58.

59. The allegations set forth in Paragraph 59 raise issues of law to which no response is required.

60. The allegations set forth in Paragraph 60 raise issues of law to which no response is required.

61. The allegations set forth in Paragraph 61 raise issues of law to which no response is required.

## AS TO THE FIRST CAUSE OF ACTION

62. BPJSC repeats and realleges its answers to Paragraphs 1 through 57 of the Second Amended Complaint as if fully set forth in full herein.

63. Admitted.

64. Admitted.

WHEREFORE, Plaintiff's claim for declaratory relief should be denied and Defendant BPJSC further requests judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

## AS TO THE SECOND CAUSE OF ACTION

65. BPJSC repeats and realleges its answers to Paragraphs 1 through 57 of the Second Amended Complaint as if fully set forth in full herein.

66. Denied.

67. Admitted.

68. Denied.

WHEREFORE, Plaintiff's claim for declaratory relief should be denied and Defendant BPJSC further requests judgment declaring that the P&I policies issued by the Plaintiff to the

Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

## AS TO THE THIRD CAUSE OF ACTION

69. BPJSC repeats and realleges its answers to Paragraphs 1 through 61 of the Second Amended Complaint as if fully set forth in full herein.

70. Denied.

71. Admitted.

WHEREFORE, Plaintiff's claim for declaratory relief should be denied and Defendant BPJSC further requests judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a cause of action upon which relief may be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by applicable statute of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right to assert the claims for relief set forth in the Second Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by release.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms of the insurance contract issued to BPJSC which provides, without limitation, coverage for the IBNR claims identified in the Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms of the Club's by-laws and actions taken by the Club's Board of Directors in closing the policy years identified in the Second Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties indispensable to the fair resolution of this matter.

WHEREFORE, the Bridgeport and Port Jefferson Steamboat Company prays for judgment dismissing Plaintiff's Second Amended Complaint and further requests judgment declaring that the P&I policies issued by the Plaintiff to the Defendants remain fully enforceable insurance contracts, together an award for reasonable attorney's fees, costs, and such other relief as this Court may deem just and proper.

Dated: October 8, 2004
      New York, New York

                             Respectfully submitted,

                             The Defendant,
                             Bridgeport and Port Jefferson Steamboat Co.

By: _/s/ Patrick F. Lennon_
                             Patrick F. Lennon, Esq. (PL 2162)
                             TISDALE & LENNON, LLC
                             11 West 42nd Street, Suite 900
                             New York, NY 10036
                             (212) 354-0025
                             (212) 869-0067 facsimile
                             plennon@tisdale-lennon.com