UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
AMERICAN STEAMSHIP OWNERS            04 CV 04309 (LAK)
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,         ANSWER WITH
                                     AFFIRMATIVE
                    Plaintiff,       DEFENSES

ALCOA STEAMSHIP CO. INC. and
Other Entities Listed on Exhibit A
hereto,

                    Defendants.
----------------------------------------------X

  Defendant THE DOW CHEMICAL COMPANY (TDCC), by its attorneys MAHONEY & KEANE, LLP answers the First Amended Complaint of plaintiff upon information and belief as follows:

  FIRST:  TDCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60" and "61" of plaintiff's Amended Complaint.

<u>AS AND FOR AN ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION</u>

  SECOND:  TDCC repeats, reiterates, and realleges each and every response contained in Paragraph "FIRST" as if specifically set forth herein at length in answer to the allegation contained in Paragraph "62" of plaintiff's Amended Complaint.

THIRD: TDCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "63" and "64" of plaintiff's Amended Complaint.

AS AND FOR AN ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION

FOURTH: TDCC repeats, reiterates, and realleges each and every response contained in Paragraphs "FIRST" through "THIRD" as if specifically set forth herein at length in answer to the allegation contained in Paragraph "65" of plaintiff's Amended Complaint.

FIFTH: TDCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "66", "67", and "68" of plaintiff's Amended Complaint.

AS AND FOR AN ANSWER TO PLAINTIFFS' THIRD CAUSE OF ACTION

SIXTH: TDCC repeats, reiterates, and realleges each and every response contained in Paragraphs "FIRST" through "FIFTH" as if specifically set forth herein at length in answer to the allegation contained in Paragraph "69" of plaintiff's Amended Complaint.

SEVENTH: TDCC denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "70" and "71" of plaintiff's Amended Complaint.

AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH: The Complaint fails to state a claim against TDCC on which relief can be granted.

<u>AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINTH:   Plaintiff's claim is barred by the statute of limitations applicable to this matter and/or the Doctrine of Laches.

<u>AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH:   Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

<u>AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

ELEVENTH: The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

<u>AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWELFTH:   The relief sought by the Complaint can not be afforded, as the claim arises from a breach of fiduciary duties to defendants.

<u>AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

THIRTEENTH:   This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate or proceed in another forum that may exist between the parties.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTEENTH:   Plaintiff has failed to bring TDCC within the personal jurisdiction of the Court.

<u>AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FIFTEENTH: This Court lacks personal jurisdiction over TDCC.

## AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff lacks standing to rewrite Club rules with respect to the defendants, and plaintiff's claim represents a discriminatory practice in violation of the plaintiff's by-laws.

## AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiff is estopped from denying coverage for Answering Defendant and/or asserting the claims alleged in the Amended Complaint.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTEENTH: By course of conduct and dealings and otherwise, plaintiff has waived the claims alleged in the Amended Complaint.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINETEENTH: Plaintiff's claims are barred by release, accord, and satisfaction.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTIETH: Plaintiff has failed to join parties indispensable to the fair resolution of this matter.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff's action for a declaratory judgment is not ripe for adjudication and fails to allege a case or controversy within the purview of 28 U.S.C. 2201 and the United States Constitution.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SECOND: To the extent New York law may apply to this matter, plaintiff failed to comply with the requirements of Section 2011 of the New York Insurance Law.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

  TWENTY-THIRD:   To the extent New York law may apply to this matter, plaintiff failed to comply with the requirements of Section 4109 of the New York Insurance Law.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

  TWENTY-FOURTH: To the extent New York law may apply to this matter, plaintiff failed to comply with the requirements of Section 4111 of the New York Insurance Law.

AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE<br><u>AFFIRMATIVE DEFENSE</u>

  TWENTY-FIFTH:  Plaintiff's claim contradicts and violates its policy of insurance.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

  TWENTY-SIXTH:  Plaintiff's unilateral termination of coverage with respect to the IBNR claims referenced in the Complaint represents a clear and material breach of the policy of insurance, the Club's rules, and the insurance laws of the State of New York, and part of a pattern of behavior evincing a conscious and/or knowing indifference to the rights of plaintiff's insureds under the terms of the policy of insurance.

WHEREFORE, TDCC demands judgment dismissing plaintiff's Amended Complaint, declaring that plaintiff must continue to indemnify Answering Defendant for the IBNR claims which are the subject of the Amended Complaint, and awarding to TDCC costs, fees, including reasonable attorneys' fees and disbursements of this action, as well as such other and further relief as to this Honorable Court may deem just and proper.

Dated:  New York, New York
        October 8, 2004

                                              MAHONEY & KEANE, LLP
                                              Attorneys for Defendants
                                              THE DOW CHEMICAL COMPANY

                         By: _____
                                              Edward A. Keane (EK 1398)
                                              111 Broadway, Tenth Floor
                                              New York, New York 10006
                                              (212) 385-1422

                                                    -and-

                                              MAYER BROWN ROWE & MAW LLP
                                              190 South LaSalle Street
                                              Chicago, Illinois 60603
                                              (312) 782-0600

TO:  NOURSE & BOWLES, LLP
     Attorneys for Plaintiff
     One Exchange Plaza
     New York, New York 10006
     (212) 952-6200

STATE OF NEW YORK     :
                      : SS.:
COUNTY OF NEW YORK    :

       MARIE T. CUSH being sworn says: I am not a party to the action, am over 18 years of age and reside at 311 Travers Place, Lyndhurst, N.J.

       On October 8, 2004, I served a true copy of the annexed ANSWER WITH AFFIRMTIVE DEFENSES

TO:  NOURSE & BOWLES, LLP
     Attorneys for Plaintiff
     One Exchange Plaza
     New York, New York 10006
     (212) 952-6200

on this date by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service.

                                         MARIE T. CUSH

Sworn to before me this
8th day of October, 2004

       Notary Public

GARTH S. WOLFSON
NOTARY PUBLIC
State of New York No. 02WO5076941
Qualified in New York County
Term Expires 04-28-07