UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS :
MUTUAL PROTECTIONS AND : 04 Civ. 04309 (LAK)
INDEMNITY ASSOCIATION, INC., :
　:
　　　　Plaintiff, :
　:
　-against- :
　:
Alcoa Steamship Co., Inc., et al. :
　:
　　　　Defendants. :
---------------------------------------------------------------X

### JOINDER IN MOTION TO INTERVENE

NOW COMES Lee J. DiCola, the PLI Disbursement Trustee, though his counsel undersigned, and files this Joinder in the Intervention Motion of the Maritime Claimants, as follows:

The PLI Disbursement Trust was created pursuant to the Second Amended Joint Plan of Reorganization, As Modified (hereafter "Plan"). Its purposes include insurance preservation as well as the processing and liquidation of asbestos, other personal injury and cargo damage claims. Plan, Article 4. While it is understood that the insurance policies issued by the American Steamship Owners Mutual Protection and Indemnity Association, Inc. provide for indemnification, ultimately the burden of the payment of allowed claims is borne by the Club (subject to the applicable deductible). The Trust's assets are very limited. Thus, this litigation is critical to the ongoing operation of the Trust and one of the primary purposes for its creation.

The Plan provided for an insurance preservation fund of $200,000.00 which has been depleted. Pursuant to the request of the Trustee, the Bankruptcy Court has approved the transfer of $100,000.00 originally earmarked for the purpose of paying claims in order to satisfy "pay first provision" policies. The $100,000.00 may now be used to process and liquidate claims and for the

purpose of preserving insurance. Based on the relief sought by the American Club and the complicated history of the relationship and disputes between the parties it is clear that the Trust does not have the resources to fully participate in this critically important case. This available money is not adequate. Thus, intervention by the Maritime Claimants is necessary as it was in the now concluded declaratory judgment involving some of the same issues raised here. <u>In re: Prudential Lines</u>, Inc. 158 F3d 65 (2nd Cir 1998).

In closing, it is noted that it is correctly stated by the Maritime Claimants that the vast majority of the work in the referenced insurance litigation with the American Club was done by and through Maritime Claimants' counsel, who bring to this litigation the experience and knowledge obtained through this litigation.

For these reasons the PLI Disbursement Trustee supports the intervention by the American Club.

                                            Respectfully Submitted ,

                                            /s/ Harold D. Jones
                                          Harold D. Jones, Esq.
                                          Jaspan Schlesinger Hoffman LLP
                                          300 Garden City Plaza
                                          Garden City, New York 11530
                                          (516) 746-8000

Dated: Garden City, New York
        October 12, 2004

APW/D395521v1/F037547