**STEWART OCCHIPINTI, LLP**
Charles A. Stewart, III (CS 7099)
1350 Broadway, Suite 2200
New York, New York  10018
Tel.  (212) 239-5500
Fax  (212) 239-7030

Attorneys for Inland Lakes Management, Inc. and
Lafarge North America, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.            Case No. 04-309 (LAK)

                      Plaintiff,

   -against-


ALCOA STEAMSHIP CO., Inc., et al.,

                      Defendants.

------------------------------------------------------------X



## ANSWER OF DEFENDANTS INLAND LAKES MANAGEMENT, INC. AND LAFARGE NORTH AMERICA, INC. TO COMPLAINT

Defendants Inland Lakes Management, Inc. ("ILM") and Lafarge North America, Inc. ("Lafarge") answer the First Amended Complaint of Plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club") as follows:

## Introduction and Background

1. These Defendants admit only that they are members of the American Club. Lafarge denies that it is a successor to Huron Transportation, Inc. These Defendants neither admit nor deny the remaining allegations of Paragraph 1 for lack of information.

2. The allegation in this paragraph states a legal conclusion which requires no answer.

3. These Defendants neither admit nor deny the allegations in Paragraph 3 for lack of information.

4. These Defendants neither admit nor deny the allegations in Paragraph 4 for lack of information.

5. These Defendants neither admit nor deny the allegations in Paragraph 5 for lack of information.

6. These Defendants neither admit nor deny the allegations in Paragraph 6 for lack of information.

7. These Defendants neither admit nor deny the allegations in Paragraph 7 for lack of information.

8. These Defendants neither admit nor deny the allegations in Paragraph 8 for lack of information.

9. These Defendants neither admit nor deny the allegations in Paragraph 9 for lack of information.

10. These Defendants neither admit nor deny the allegations in Paragraph 10 for lack of information.

11. These Defendants neither admit nor deny the allegations in Paragraph 11 for lack of information.

12. These Defendants neither admit nor deny the allegations in Paragraph 5 for lack of information.

13. Admitted.

### The Parties

14. Admitted.

15. These Defendants admit only that they are members of the American Club. Lafarge denies that it is a successor to Huron Transportation, Inc. These Defendants neither admit nor deny the remaining allegations of Paragraph 15 for lack of information.

### Jurisdiction and Venue

16. These Defendants do not contest this Court's jurisdiction.

17. These Defendants do not contest venue in this district.

### Managing the Club

18. Admitted.

19. These Defendants neither admit nor deny the allegations in Paragraph 19 for lack of information.

20. These Defendants neither admit nor deny the allegations in Paragraph 20 for lack of information.

21. These Defendants neither admit nor deny the allegations in Paragraph 21 for lack of information.

22. These Defendants neither admit nor deny the allegations in Paragraph 22 for lack of information.

23. These Defendants neither admit nor deny the allegations in Paragraph 23 for lack of information.

### Insurance Policies

24. These Defendants neither admit nor deny the allegations in Paragraph 24 for lack of information.

### Mutuality – Contingent Liability for Assessment of All Insurance Costs

25. The Club members' rights and obligations are provided for in the relevant policies, By-Laws, and applicable laws, all of which speak for themselves, as well as the course of dealing they have established among themselves. By way of further answer, these Defendants deny any allegation in Paragraph 25 that contradicts the relevant policies, By-Laws, applicable law or course of dealing.

26. These Defendants state that the policies speak for themselves, but deny that Paragraph 26 accurately or completely recites those policies. By way of further answer, these Defendants deny any allegation in Paragraph 26 that contradicts the terms of the policies.

27. To the extent Paragraph 27 states legal conclusions, it requires no answer. By way of further answer, these Defendants deny any allegation in Paragraph 27 that contradicts applicable law, the Club's By-Laws, the provisions of the applicable policies, or the parties' course of dealing.

28. These Defendants neither admit nor deny the allegations in Paragraph 28 for lack of information.

### Other Relevant Policy Provisions

29. These Defendants state that the policies speak for themselves, but deny that Paragraph 29 accurately or completely recites those policies. By way of further answer, these Defendants deny any allegation in Paragraph 29 that contradicts the terms of the policies.

30. These Defendants state that the policies speak for themselves. By way of further answer, these Defendants deny any allegation in Paragraph 30 that contradicts the terms of the policies.

31. These Defendants neither admit nor deny the allegations in Paragraph 31 for lack of information.

32. These Defendants state that the members' obligations are provided for in the relevant policies, the Club's Charter and By-Laws, and applicable law, all of which speak for themselves. By way of further answer, these Defendants deny any allegation in Paragraph 32 that contradicts the Club's Charter or By-Laws, the relevant policies, applicable law, or the parties' course of dealing.

### Regulating the Club

33. This paragraph states a legal conclusion which requires no answer.

34. Admitted.

35. Admitted.

36. Admitted, but these Defendants deny that Paragraph 36 accurately or completely summarizes all of the relevant Bylaw provisions.

37. These Defendants neither admit nor deny the allegations in Paragraph 37 for lack of information.

### Notification of Claims

38. These Defendants state that the members' obligations and rights are provided for in the relevant Charter, By-Laws, and policies, all of which speak for themselves, and in the parties' course of dealing. By way of further answer, these Defendants deny any allegation in Paragraph 38 that contradicts the relevant Charter, By-Laws, policies or course of dealing.

39. These Defendants neither admit nor deny the allegations in Paragraph 39 for lack of information.

### "Closing" Insurance Years

40. These Defendants state that the Club's By-Laws speak for themselves, but deny that Paragraph 40 accurately or completely summarizes all of the relevant Bylaw provisions.

41. These Defendants neither admit nor deny the allegation in Paragraph 41 for lack of information.

42. These Defendants neither admit nor deny the allegation in Paragraph 42 for lack of information.

43. These Defendants neither admit nor deny the allegation in Paragraph 43 for lack of information.

44. These Defendants neither admit nor deny the allegation in Paragraph 44 for lack of information.

### Assertion of Late Manifesting Occupational Injury Claims

45. These Defendants neither admit nor deny the allegation in Paragraph 45 for lack of information.

46. These Defendants neither admit nor deny the allegation in Paragraph 46 for lack of information.

### The Club's Discretionary Practices

47. These Defendants neither admit nor deny the allegation in Paragraph 47 for lack of information.

48. These Defendants neither admit nor deny the allegation in Paragraph 48 for lack of information.

49. These Defendants neither admit nor deny the allegation in Paragraph 49 for lack of information.

50. These Defendants neither admit nor deny the allegation in Paragraph 50 for lack of information.

51. These Defendants neither admit nor deny the allegation in Paragraph 51 for lack of information.

52. These Defendants neither admit nor deny the allegation in Paragraph 52 for lack of information.

**Continued Indemnifications to Defendants
Under the Discretionary Practice for Insurance Years
Before February 20, 1989 Will Inequitably Reduce
the Club's General Reserves in an Unsustainable Amount**

53.  These Defendants neither admit nor deny the allegation in Paragraph 53 for lack of information.

54.  These Defendants neither admit nor deny the allegation in Paragraph 54 for lack of information.

55.  These Defendants neither admit nor deny the allegation in Paragraph 41 for lack of information.

56.  These Defendants state that the Club's By-Laws and Charter speak for themselves. To the extent the allegations in Paragraph 56 state legal conclusions, they require no answer. By way of further answer, these Defendants deny any allegation in Paragraph 56 that contradicts the Club's By-Laws, Charter, applicable law or the parties' course of dealing.

57.  These Defendants neither admit nor deny the allegations in Paragraph 57 for lack of information.

### Other Issues in Dispute

58.  These Defendants neither admit nor deny the allegations in Paragraph 58 for lack of information.

59.  The allegations in Paragraph 59 state a legal conclusion which requires no answer.

60.  The allegations in Paragraph 60 state a legal conclusion which requires no answer.

61. The allegations in Paragraph 61 state a legal conclusion which requires no answer.

## FIRST CAUSE OF ACTION

### Declaratory Judgment

### (The Club is Entitled to Terminate
### The Discretionary Practice)

62. These Defendants restate their answers to Paragraphs 1-57 by reference as though fully set forth herein.

63. Admitted.

64. These Defendants admit only that Paragraph 64 states what the American Club seeks from this Court. These Defendants deny that the American Club is entitled to the relief it seeks.

## SECOND CAUSE OF ACTION

### Alternative Declaratory Judgment

### (Action to Restore Mutuality)

65. These Defendants restate their answers to Paragraphs 1-57 by reference as though fully set forth herein.

66. These Defendants neither admit nor deny the allegations in Paragraph 66 for lack of information.

67. Admitted.

68. These Defendants admit only that Paragraph 68 states what the American Club seeks from this Court. These Defendants deny that the American Club is entitled to the relief it seeks.

## THIRD CAUSE OF ACTION

### Further Alternative Declaratory Judgment

### (Allocation of Claims and Application of Multiple Deductibles)

69. These Defendants restate their answers to Paragraph 1-68 by reference as though fully set forth herein.

70. These Defendants neither admit nor deny the allegations in Paragraph 70 for lack of information.

71. Admitted.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, estoppel, and ratification.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendants ILM and Lafarge reserve the right to add additional affirmative defenses as necessary.

WHEREFORE, Defendants ILM and Lafarge request that this Court dismiss Plaintiff's claims with prejudice, and award ILM and Lafarge their properly taxable fees and costs.

Dated: October 7, 2004

                      STEWART OCCHIPINTI, LLP

                      By: _____
                      Charles A. Stewart, III (CS 7099)
                      1350 Broadway, Suite 2200
                      New York, New York 10018
                      (212) 239-5500

                            and

                      WARNER NORCROSS & JUDD LLP
                        J.A. Cragwall (P25425)
                        John G. Cameron, Jr. (P28751)
                        900 Fifth Third Center
                        111 Lyon Street, N.W.
                      Grand Rapids, Michigan 49503-2487
                      (616) 752-2000

                    Attorneys for Inland Lakes Management,
                    Inc. and Lafarge North America, Inc.

1038982-1

**STEWART OCCHIPINTI, LLP**
Charles A. Stewart, III (CS 7099)
1350 Broadway, Suite 2200
New York, New York 10018
Tel. (212) 239-5500
Fax (212) 239-7030

Attorneys for Inland Lakes Management, Inc. and
Lafarge North America, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.

Case No. 04-309 (LAK)

Plaintiff,

-against-

CERTIFICATE OF SERVICE

ALCOA STEAMSHIP CO., Inc., et al.,

Defendants.

----------------------------------------------------------X

CHARLES A. STEWART, III, an attorney admitted to practice before this Court, certifies, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on October 7, 2004, I served the attached ***ANSWER OF DEFENDANTS INLAND LAKES MANAGEMENT, INC. and LEFARGE NORTH AMERICA, INC.*** upon all counsel of record in this action by depositing true copies of the same, each enclosed in a pre-paid envelope, in a depository maintained by the United States Postal Service in the City and State of New York, and service by hand, addressed to the following at the address provided by each for that purpose, to wit:

Nourse & Bowles, LLP
One Exchange Place
New York, New York 10006

Dated: New York, New York
October 7, 2004

Charles A. Stewart, III (CS 7099)