October 12, 2004

Hon. Lewis A. Kaplan, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, New York 10007-1312

    Re:    American Steamship Owners Mutual Protection and Indemnity Association, Inc.
             v. United States Lines Inc., Reorganization Trust, et al.
             Case No. 04 CV 04309

Dear Judge Kaplan:

    We are attorneys for defendant, United States Lines, Inc. and United States Lines (S.A.), Inc. Reorganization Trust (the "Trust") in the within matter. We are writing in support of the motion of the Maritime Asbestosis Legal Clinic ("MALC") on behalf of their clients, William F Higgins and approximately 10,000 similarly-situated maritime claimants who have moved to intervene in this matter (the "maritime claimants"). MALC represent the overwhelming majority of asbestos-related claimants in the United States Lines bankruptcy.

    As indicated in the moving papers of the maritime claimants, MALC has a long history of representing former seamen in asbestos-related matters. As there noted, MALC was permitted to intervene in litigation between the plaintiff and the Trust. (Brief, page 5) We believe that MALC should be permitted to intervene in this case for several practical reasons.

    We believe that a common sense analysis must conclude that the maritime claimants have an enormous stake in this litigation. That stake is heightened when one realizes that, while ongoing corporations also have a large economic stake in the matter, trusts simply do not have as great a stake. The Trust's stake is primarily the interests of the claimants, most of whom are represented by MALC. Of course, that is not to say that the Trustee will not perform his

fiduciary duties. However, the economic impact of an adverse decision falls most heavily on the maritime claimants. Those interests should be separately represented.

In this regard, the economic realities of the Trust should be taken into consideration. Specifically, the Trust has limited funds which will necessarily impact upon the vigor with which this action can be defended. MALC, with a huge stake in the outcome, will add a vigorous new voice, and a new perspective, to the proceedings.

The vigor with which MALC will assert its interests, and its past success in litigating the same and/or similar issues with this plaintiff, is, no doubt, one of the reasons which their intervention is so strenuously protested by the plaintiff. However, MALC's expertise concerning the issues presented in this case is yet another reason to allow its intervention.

The plaintiff argues that the interests of the maritime claimants are too remote and contingent to permit them to intervene. We disagree. It is the very real possibility that the plaintiff may have to shoulder liability which prompted this lawsuit in the first place.

Litigating this case without the interests of the maritime claimants being fully and independently represented would truly be ignoring the "3,000 pound gorilla" in the room.

            Respectfully yours,

            ***NAGEL RICE & MAZIE, LLP***


            By_____
                Herbert I. Waldman

HIW:jb
Enclosure
CC:    Lawrence J. Bowles, Esq.
        Alan Kellman, Esq.