HOLLAND & KNIGHT LLP
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3200

Attorneys for Defendants
American President Lines, Ltd., and
American President Lines, Ltd. as Successor to American Mail Line

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION,
INC.,

                          Plaintiff,

              -against-

ALCOA STEAMSHIP CO., INC., et al.,

                          Defendants.

04 Civ. 04309 (LAK)

---

**MEMORANDUM OF LAW IN OPPOSITION
TO THE MARITIME CLAIMANTS' MOTION TO INTERVENE**

Defendants American President Lines, Ltd. ("American President Lines"),

sued herein as American President Lines, Inc., and American President Lines, Ltd.

as Successor to American Mail Line ("AML") (collectively, "APL"), oppose the motion

for an order under Fed. R. Civ. P. 24(a) or (b) either for a mandatory or permissive

intervention brought by various former employees of Prudential Lines, Inc. and

Grace Lines, Inc. (the "Maritime Claimants").

In the interests of efficiency and judicial economy, Defendant APL

respectfully incorporates by reference the Memorandum of Law in Opposition to the

Maritime Claimants' Motion to Intervene set forth by co-defendants Keystone

Shipping Company, BP America, Inc. ("BP"), Marine Transport Lines, Inc. ("MTL"), and The Cleveland-Cliffs Steamship Company, as defined in their memorandum. APL reasserts these co-defendants' arguments that the Maritime Claimants are not entitled to intervene as of right and should not be permitted to intervene.

In the alternative, if the Court grants the Maritime Claimants permission to intervene pursuant to Fed. R. Civ. P. 24(b), APL respectfully requests that the Court limit the Maritime Claimants' intervention solely to the issue of the Plaintiff's decision to discontinue coverage of Occupational Illness claims in respect of closed policy years prior to 1989 and Plaintiff's request that the court permit stacking of deductibles.

A Court may limit the scope of permissive intervention. "When intervention is permissive, the Court may limit the intervention to certain issues or place other conditions upon it." Reynolds v. LaSalle County, 607 F. Supp. 482, 483 (N.D. Ill. 1985) (quoting Armstrong v. O'Connell, 75 F.R.D. 452, 454 (E.D. Wisc. 1977)). In Armstrong, the Milwaukee Teachers' Education Association ("MTEA") filed a motion requesting leave to intervene in a school desegregation case. Id. at 453. The Court limited the MTEA's intervention to prospective participation in proceedings relating to a remedial decree and then only insofar as such proceedings involved issues affecting the wages, hours, and working conditions of the MTEA's membership. Id. at 454. In exercising its discretion under Rule 24(b)(2), the Court limited the MTEA's participation solely to the issues that would present questions in common with those present in the main action. Id. at 453.

The Maritime Claimants have no direct rights under the American Club's policies. As the Maritime Claimants are not and were not members of the Club, they do not have claims or defenses that will present common questions of fact or law concerning the closing of insurance years and the levying of "final" assessments, or whether the American Club can further assess Pre-1989 policyholders for insurance years that have been closed. Nor is it likely that the Maritime Claimants will advance the adjudication of the rights of the original parties with respect to these issues.

Accordingly, if granted permission to intervene, the Maritime Claimants' intervention should be limited solely to the issues of continuing coverage of claims in respect of closed policy years prior to 1989 and the propriety of stacking deductibles.

Dated: October 12, 2004

HOLLAND & KNIGHT LLP
Attorneys for APL

By: _John M. Toriello_
    John M. Toriello (JT-1822)

195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3366

# 2311759_v1

CERTIFICATE OF SERVICE

I hereby certify, pursuant to Title 28 U.S.C.§1746, that on October 12, 2004,
I served a true and correct copy of the attached Memorandum of Law in Opposition
to the Maritime Claimants' Motion to Intervene, by mailing it in a sealed envelope,
with postage prepaid thereon, in an official depository of the U.S. Postal Service, to
be delivered by First Class Mail to:


NORSE & BOWLES, LLP
Lawrence J. Bowles
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorney for Plaintiff American Steamship Owners
Mutual Protection and Indemnity Association, Inc.

PROSKAUER ROSE LLP
Dale A. Schreiber (DS-9211)
Seth B. Schafler (SS-5993)
1585 Broadway
New York, New York 10036-8229
(212) 969-3000
Attorneys for Defendant Keystone
Shipping Co., and related entities,
Marine Transport Lines, Inc. and
related entities, BP America Inc. and
related entities, Cleveland-Cliffs,
Inc., and Amerada Hess Corporation

PIPER RUDNICK
 Stanley McDermott, III (SM-0530)
Camilo Cardozo (CC-9710)
1251 Avenue of the Americas
 New York, NY  10020
 (212) 835-6123
 (212) 835-6001 (fax)
 *Attorneys for Defendant Ispat*

GARAN LUCOW MILLER, P.C.
Thomas W. Emery, Esq.
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446-5525
**Attorneys for Defendant American Steamship**

HOWREY SIMON ARNOLD & WHITE LLP
Mindy G. Davis
Christine Davis
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2402
Tel: 202-783-0800
Attorneys for Defendant Amerada Hess Corporation

O'HARE PARNAGIAN LLP
Robert O'Hare Jr.
Chrstopher P. Parnagian
63 Wall Street, Suite 1801
New York, N.Y. 10005-3001
(212) 425-1401
Attorneys for Central Gulf Lines
(as Successor to Central Gulf Lighters/
Waterman Steamship Corporation)

RAY, ROBINSON, CARLE & DAVIES  P.L.L.
Gene B. George
Julia R. Brouhard
1717 East 9th Street, Ste. 1650
Cleveland, OH 44114-2898
Tel: 216-861-4533
Attorneys for Cleveland-Cliffs, Inc.,
(as Successor to Cleveland-Cliffs Steamship Co.)

DICKSTEIN SHAPIRO MORIN & OSHINSKY, LLP
Stacey Saiontz, Esq. (SS-1705)
David Elkind, Esq.
1177 Avenue of the Americas
New York, NY  10036
(212) 835-1400
Attorneys for Defendant
Keyspan Corporation
(as Successor to Eastern Gas and Fuel
Associates and Mystic Steamship)

TISDALE & LENNON, LLC
Patrick F. Lennon
36 West 44th Street, Suite 1111
New York, New York 10036
(212) 354-0025
Attorneys for Defendant
Bridgeport & Port Jefferson
Steamboat Co.

GARVEY SCHUBERT BARER
Mario Aieta
599 Broadway, 8th Floor
New York, New York 10012
(212) 431-8700
Attorneys for Defendant
Foss Maritime Company, c/o
Saltchuk Resources, Inc.

MORGAN, LEWIS & BOCKIUS LLP
Lisa M. Campisi
101 Park Avenue
New York, New York 10178
(212) 309-10178
Attorneys for Defendant
Kimberly-Clark Corporation
(as Successor to Scott Paper Company)

BROWN RUDNICK BERLACK ISRAELS LLP
Andrew S. Dash
Peter Adelman
120 West 45th Street
New York, New York 10036
(212) 209-4811
Attorneys for Defendants
Royal P&O Nedlloyd N.V.,
Farrell Lines, Inc., Farrell Lines (Lighters)

HOLLSTEIN KEATING CATTELL
JOHNSON & GOLSTEIN, P.C.
Edward v. Cattell, Jr.
8 Penn Center, 1628 JFK Blvd., Suite 2000
Philadelphia, PA 19103
(215) 320-2073
Attorneys for Defendant
S.C. Loveland Co., Inc.

NAGEL RICE & MAZIE, LLP
Herbert I. Waldman
301 S. Livingston Avenue, Ste. 201
Livingston, NJ 07039-3991
(973) 535-3100
Attorneys for Defendant
United States Lines, Inc.
(Reorganization Trust x/o John T.
Paulyson, Trustee)

DECHERT LLP
Robert A. Cohen
30 Rockefeller Plaza
New York, NY 10112
(212) 698-3501
Attorneys for Defendant
American Atlantic Company
(as Successor to American Dredging Company)

JASPAN SCHLESINGER HOFFMAN LLP
Scott B. Fisher
300 Garden City Plaza
Garden City, NY 11530
(516) 746-8000
Attorneys for Defendant
Prudential Lines Disbursement Trust

SHAKED & POSNER
Dan Shaked
225 West 34th St., Suite 705
New York, NY 10122
(212) 494-0035
Attorneys for Defendant
William F. Higgins


I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 12, 2004.

Elvin Ramos
Holland & Knight LLP
195 Broadway
New York, NY 10007


# 2312040_v1