Nourse & Bowles, LLP
Attorneys for Plaintiff
Lawrence J. Bowles, Esq. (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                           :

AMERICAN STEAMSHIP OWNERS    :    04 Civ. 04309 (LAK)
MUTUAL PROTECTION AND          :
INDEMNITY ASSOCIATION, INC.,    :

                 Plaintiff,       :

                            :    NOTICE OF MOTION AND
    - against -              :    MOTION FOR ORDER
                            :    FOR SERVICE BY
Alcoa Steamship Co., Inc.           :    PUBLICATION WITH
and the Other Entities Listed on Exhibit A  :    BAR DATE AND
to Second Amended Complaint      :    EXTENSION OF TIME FOR
                            :    COMPLETION OF SERVICE
                 Defendants.   :

-----------------------------------------------------X

TO:   SEE ATTACHED LIST

      PLEASE TAKE NOTICE that upon the annexed affidavit of Karlene S.

Jackson dated October 19, 2004 and the exhibits annexed thereto ("Jackson

Affidavit") and upon all prior proceedings and pleadings herein, plaintiff,

American Steamship Owners Mutual Protection and Indemnity Association, Inc.,

will move this Court on the ___ day of _____ at _____ o'clock in the

_____ noon, in Room 12D of the United States Court House, 500 Pearl Street, New York, New York 10007 for an Order Pursuant to Rule 4(e), (f), (h) and (m) Fed. R. Civ. P. and §311(b) of the New York C.P.L.R. directing service upon certain named non-appearing defendants by publication and setting a bar date by which said defendants must appear and answer or be barred from later intervening in this matter and be bound by any judgment entered herein, and extending the deadline for completion of service accordingly, together with such other and further relief as this Court may deem just and proper.

### Relief Requested

The American Steamship Owners Mutual Protection and Indemnity Association, Inc., plaintiff, moves the Court for an order under Fed. R. Civ. P. 4(e), (f), (h) and (m) and New York C.P.L.R. §311(b) directing service by publication and setting a bar date by which all named defendants, who have not as yet appeared and upon whom service by ordinary means has proven impracticable must appear and answer the Second Amended Compliant herein by a date certain or be barred from thereafter intervening in this matter and be bound by any judgment entered herein, and extending the deadline for completion of service accordingly.

2

## Grounds for Motion

1.    This is an action to determine the rights and liabilities of the Association and all of the defendants who were members of the Association under the assessable marine indemnity insurance policies plaintiff issued to defendants in each insurance year in the years before February 20, 1989, as outlined in the Second Amended Complaint herein.  (A copy of the Second Amended Complaint is attached as Exhibit 1 to the Jackson Affidavit.)

2.    Each of the thirty defendants on the attached list (the "Named Defendants") have an interest in this action as shown by the allegations in the Second Amended Complaint.

3.    The Named Defendants are domestic and foreign corporations whose last known addresses are as shown on the attached service list.

4.    As shown in the Jackson Affidavit, numerous attempts have been made to locate the Named Defendants at places where they could be served with process or a request for waiver of service of summons.  As further set forth in the Jackson Affidavit, all attempts to serve the defendants have been futile either because the company is now inactive, or has been dissolved or cannot be found at their last known address and their current address is unknown.

3

5.    This Court's "Order Re Scheduling an Initial Pre-Trial Conference" requires counsel for "all parties" to confer regarding a "Consent Scheduling Order" in the form required by the Court.

6.    Pursuant to this Court's Memo Endorsed Order dated September 13, 2004, "all parties" to this action are required to meet and prepare and sign such a Consent Scheduling Order by October 29, 2004, failing which there will be a pre-trial conference on November 5, 2004.

7.    Plaintiff's attorneys and some of the attorneys for the defendants who have appeared and answered to date have questioned the efficacy of preparing and signing such Consent Scheduling Order by October 29, 2004, when so many of the Named Defendants have not, as yet, been served or it is not certain whether service either has or can be effected upon them. The concern is that the efforts of the parties who have appeared will be for naught because their efforts will have to be duplicated due to the future intervention of any of the Named Defendants. Such late intervention would waste the time and resources of the current parties.

8.    Plaintiff harbors similar legitimate concerns in respect of *res judicata* and the overall integrity of any judgment obtained herein if formal steps are taken at this stage to define the obligations of the plaintiff and all Named Defendants in respect of service and appearance.

4

9.    Service by publication of an order to appear and answer addressed to the Named Defendants, with a final bar date, appears to be the only practicable method of both serving the due process rights of the Named Defendants and satisfying the concerns of the plaintiff and all other parties who have appeared in this action.

10.    In the present circumstances, in the interests of justice, an Order for Service by publication in the attached form is the best method of notice that can be given to the Named Defendants, while protecting the interests of the parties that have appeared and maintaining this Court's control of its docket.

11.    While New York C.P.L.R. §316, is not directly applicable (as the captioned action does not involve in rem proceedings) it does provide some guidance as to what New York state courts would require in the way of service by publication.    The C.P.L.R. requires publication "at least once in each of four successive weeks", in one or more newspapers of general circulation.

12.    The plaintiff respectfully submits that service of the requested Order to Appear and Answer by publication of that Order in the Journal of Commerce and Lloyd's List in London (a maritime newspaper of world wide circulation) for four successive weeks, will satisfy the requirements of due process.

13.     Lastly, plaintiff respectfully requests that the deadline for completion of service under Rule 4(m) Fed. R. Civ. P. (currently November 7, 2004) be extended to allow for completion of service by publication.

14.     Accordingly, plaintiff requests an order authorizing service by publication and setting a bar date in the form attached.

Dated:     New York, New York
           October 19, 2004

                              Respectfully submitted,

                              NOURSE & BOWLES, LLP
                              Attorneys for Plaintiff

                              By:_____
                                 Lawrence J. Bowles (LB 5950)
                                 One Exchange Plaza
                                 New York, New York 10006
                                 (212) 952-6200

6