Nourse & Bowles, LLP
Attorneys for Plaintiff
Lawrence J. Bowles, Esq. (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
:
:
AMERICAN STEAMSHIP OWNERS : 04 Civ. 04309 (LAK)
MUTUAL PROTECTION AND :
INDEMNITY ASSOCIATION, INC., :
:
Plaintiff, :
:
- against - :
:
Alcoa Steamship Co., Inc. :
and the Other Entities Listed on Exhibit A :
to Second Amended Complaint :
:
Defendants. :
:
------------------------------------------------------X

PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR AN ORDER OF
SERVICE BY PUBLICATION WITH BAR DATE

**Statement**

Plaintiff, American Steamship Owners Mutual Protection and Indemnity Association (the "Association" or "plaintiff") respectfully submits this Memorandum in support of its motion for an Order pursuant to Rule 4(e), (f) and

(h), of the Federal Rules of Civil Procedure and Section 311(b) of the New York Civil Practice Law and Rules, authorizing service by publication and setting a bar date or deadline by which all defendants must appear and answer or be barred from thereafter intervening and be bound by any judgment entered herein.

## Facts

The facts of this matter are set forth in the Affidavit of Karlene S. Jackson dated October 19, 2004 (the "Jackson Affidavit"). In short, the American Club has not, despite diligent efforts, been able to effect service upon a number of the named defendants herein. These defendants are not servable by ordinary means either because they are inactive or dissolved and/or they are foreign corporations whose last known address is out of date and their current address is unknown. Service by all ordinary means having proven impracticable, the Association now seeks an Order authorizing service by publication.

## Law

### I

**THIS COURT IS AUTHORIZED TO
DIRECT SERVICE BY PUBLICATION
AND REQUIRE THE APPEARANCE OF
ALL NAMED DEFENDANTS BY A DATE CERTAIN**

Fed. R. Civ. P. 4(h)(2) provides for service upon foreign corporations as follows:

2

> (h) Service Upon Corporations and Associations
>
> Unless otherwise provided by federal law, service upon a domestic or foreign corporation ... shall be effected:
>
> (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

\* \* \*

Fed. R. Civ. P. 4(f)(3) provides for service in foreign countries, as follows:

> (3) By other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(e)(1) provides, in part, as follows:

> (e) Unless otherwise provided by Federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) Pursuant to the law of the state in which the district court is located or in which service is effected, for the service of the summons upon the defendant in an action brought in the courts of general jurisdiction of the State;

Moore's Federal Practice, 3d states that alternative methods of service such as service by publication are allowed under the federal rules where applicable state law so provides as follows:

3

> Similarly, other state methods of service, such as posting and publication, are permitted if authorized in the appropriate state.

Vol. 16, Moore's Federal Practice, 3d §108.122[2] p. 108-134, 135.

The state law applicable in this case is New York law. Section 311(b) of the New York Civil Practice law and rules provides for service on a corporation by a court-devised method as follows:

> If service is impracticable under section (a) of this section [personal service], it may be made in such manner, as the Court, upon motion without notice, directs.

Section 311(b) of the C.P.L.R. was passed in 1996 (effective 1997) for the express purpose of authorizing the courts to devise alternative means of service upon corporations where service by ordinary means has proven impracticable equivalent to that afforded in respect of *in personam* defendants under C.P.L.R. §308. See, Siegel's Practice Review, Number 50, p.2. October 1996.

Of §308, this same learned commentator has written:

> The Court can by order direct any kind of service it wishes, restricted only by the basic demands of due process, the facts of the particular case, and the judge's imagination.

Siegel's, New York Practice, 2d Ed. §75 p. 98.

One of the methods of service long recognized by the New York C.P.L.R. is service by publication. See, N.Y.C.P.L.R. § 315. The United States Supreme

4

Court has held that service by publication is appropriate in a case with many defendants, all of whom have a common interest, such that a reasonable effort to give reasonable notice to each may justify a general service by publication if some cannot be personally notified after reasonable effort, because the mass reached can be expected to protect the interest of the few not reached.  Siegel's, supra, §107 p. 169 [citing] Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950).

On the facts of this case, where there are many defendants who have appeared who will adequately represent those who have not, service by publication is justified.

Service of the Second Amended Complaint upon the Named Defendants by ordinary means having proven impracticable, the plaintiff respectfully asks this Court to Order service by publication, and set a bar date by which all Named Defendants must appear and answer or be barred from thereafter intervening and be bound by any judgment entered herein.

The Hague Convention is not a bar to service by publication because the Convention expressly provides it "does not apply where the address of the person to be served with the document is not known".  Article 1, Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Criminal Matters Done at the Hague (1965).

5

## Conclusion

The Court should Order service by publication and set a bar date by which the Named Defendants must appear and answer or be barred from thereafter intervening and be bound by any judgment entered herein.

Dated:    New York, New York
         October 19, 2004

                          Respectfully submitted,

                          NOURSE & BOWLES, LLP
                          Attorneys for Plaintiff

                          By: _____
                          Lawrence J. Bowles (LB 5950)
                          One Exchange Plaza
                          New York, New York 10006
                          (212) 952-6200

Shaun F. Carroll, Esq.
    Of Counsel