McMahon & Connell, P.C.
Attorneys for Defendant
 Mu-Petco Shipping Co., Inc.
Raymond A. Connell, Esq. (RC 9071)
132 Nassau Street, Suite 900
New York, NY  10038
(212) 233-0440


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,

                            Plaintiff,

   - against -

ALCOA STEAMSHIP CO., INC. and
OTHER ENTITIES,

                            Defendants.

ECF CASE

04 Civ. 04309 (LAK)

**ANSWER TO SECOND
AMENDED COMPLAINT**

------------------------------------------------------------X


      Defendant Mu-Petco Shipping Co., Inc. ("Mu-Petco"), by its attorneys, McMahon & Connell, P.C., answers the Second Amended Complaint ("SAC"), as follows:

      **FIRST:**  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶ 1, except admits Mu-Petco had entered unmanned barges in the American Steamship Owners Mutual Protection and Indemnity Association ("American SS") for marine protection and indemnity coverage which entries, upon

1

information and belief, were done in or about the late 1970's, and were canceled in or about the early 1980's following repossession of the barges by MARAD, the mortgagee.

**SECOND:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 2 through 13.

**THIRD:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 14-15, except admits American SS is a mutual indemnity insurance association of shipowners with an office in New York, NY, and after 1940 and prior to February 20, 1989, Mu-Petco had unmanned barges entered with American SS.

**FOURTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 16-17, except admits SAC demands relief under 28 U.S.C. § 2201 with respect to its marine protection and indemnity coverage.

**FIFTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 18 through 23.

**SIXTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 24-52.

**SEVENTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶ 53, except denies it ever received indemnification from American SS for an IBNR claim of the sort referred to in the SAC.

**EIGHTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 54 through 57.

**NINTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 58 through 61, except denies it made any demands upon, or threatened litigation against, American SS.

**TENTH:** Denies knowledge or information sufficient to form a belief as to the truth of the allegations of SAC ¶¶ 62 through 71.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT MU-PETCO AVERS:

**ELEVENTH:** Mu-Petco has not had a vessel or barge entered with American SS for over twenty years; it has not been reimbursed by American SS for any claim related to occupational diseases of seamen, or others; it has never made claim against American SS for any such reimbursement; no seaman, or anyone else, has ever made claim against Mu-Petco for occupational disease of any sort; the Mu-Petco barges which were once entered with American SS were all unmanned; and, Mu-Petco has neither knowledge of, nor involvement in, any IBNR claims, or the Discretionary Practice, referred to in the SAC.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, MU-PETCO AVERS:

**TWELFTH:** To the extent American SS by its SAC may be attempting to reopen insurance years long since closed for the purpose of attempting to obtain from Mu-Petco, which has not been operational for approximately twenty years, any financial contribution toward asbestosis-related claims, or any other claims, any such attempt would require the Court to engage in a retroactive rewrite of the terms of entry applicable to the Mu-Petco barges; and to inflict egregious prejudice upon Mu-Petco in the attempt

3

by American SS to avoid the consequences of a "Discretionary Practice" American SS apparently condoned, about which Mu-Petco had no involvement, and about which Mu-Petco knows nothing; and further, any such attempt would be barred by the relevant American SS terms of entry, applicable statute of limitation which is no more than six years, and laches.

**WHEREFORE**, defendant Mu-Petco Shipping Co., Inc. demands judgment dismissing the Second Amended Complaint insofar as it relates to it, and for its costs and disbursements.

Dated: New York, New York
       October 19, 2004

                                                 McMAHON & CONNELL, P.C.
                                                 Attorneys for Defendant
                                                  Mu-Petco Shipping Co., Inc.

By:    S/ Raymond A. Connell
        Raymond A. Connell (RC 9071)
        132 Nassau Street, Suite 900
        New York, NY  10038
        Tel.:   (212) 233-0440
        Fax:   (212) 619-2340
        E-mail: raconnell@mindspring.com

TO:    NOURSE & BOWLES, LLP
        Attorneys for Plaintiff
        One Exchange Plaza
        New York, NY  10006
        (212) 952-6200

        Attention:  Lawrence J. Bowles, Esq. (LB 5950)