UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,                         ECF CASE

                                                     04 Civ. 04309 (LAK)

                Plaintiff,

                                                     **ANSWER TO SECOND**
   - against -                              **AMENDED COMPLAINT**


ALCOA STEAMSHIP CO., INC.
AND THE OTHER ENTITIES LISTED ON
EXHIBIT A hereto,

                Defendants.

-------------------------------------------------------------X

      Defendant American Atlantic Company ("American Atlantic"), by its attorneys, Dechert

LLP, answers the Second Amended Complaint ("the Complaint") as follows:

      1.        Denies the allegations of paragraph 1 of the Complaint, except to the extent the

allegations of paragraph 1 purport to be a statement of the plaintiff's position in this action, to which no

response is required.

      2.        Denies the allegations of paragraph 2 of the Complaint.

      3.        Denies the allegations of paragraph 3 of the Complaint.

4.       Denies the allegations of paragraph 4 of the Complaint.

5.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.       Denies the allegations of paragraph 6 of the Complaint, except admits that the plaintiff has no right to assess members for years closed with further assessments.

7.       Denies the allegations of paragraph 7 of the Complaint.

8.       Admits that seamen and others working on American Atlantic's vessels have asserted claims that they had been injured by exposure to asbestos.  Denies knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 8 of the Complaint.

9.       Denies the allegations of paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.     Admits that the plaintiff is incorporated under the laws of the State of New York and has its principal place of business in New York, New York, but denies the remaining allegations of paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 15 of the Complaint, but admits that American Atlantic is a corporation organized under the laws of Pennsylvania, with its principal place of business in King of Prussia, Pennsylvania.

16.     In response to the allegations in paragraph 16 of the Complaint, admits that this Court has jurisdiction over this dispute.

17.     In response to the allegations in paragraph 17 of the Complaint, admits that venue in this district is proper.

18.     Denies knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, except admits that such policies were issued to American Atlantic or its predecessor.

25.     Denies the allegations of paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.     Denies the allegations of paragraph 27 of the Complaint.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33.    The allegations of paragraph 33 of the Complaint are conclusions of law to which no response is necessary.

34.    Denies the allegations of paragraph 34 of the Complaint and respectfully refers to the relevant Insurance Law Section.

35.    Denies the allegations of paragraph 35 of the Complaint and respectfully refers to the relevant Insurance Law Section.

36.    Denies the allegations of paragraph 36 of the Complaint, except respectfully refers to the Club's By-Laws for their contents.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38.    Denies the allegations of paragraph 38 except respectfully refers to the relevant policies.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, except respectfully refers to the Club's By-Laws for their content.

41.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, except respectfully refers to the Club's By-Laws for their content.

43.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

47.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

50.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint.

56.       Denies the allegations of paragraph 56 of the Complaint.

57.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59.      Denies the allegations of paragraph 59 of the Complaint.

60.      Denies the allegations of paragraph 60 of the Complaint.

61.      Denies the allegations of paragraph 61 of the Complaint.

62.      Repeats and realleges each response to paragraphs 1 through 57 of the Complaint as though fully set forth herein.

63.      The allegations of paragraph 63 are conclusions of law to which no response is required.

64.      Denies the allegations of paragraph 64 of the Complaint.

65.      Repeats and realleges each of its responses to paragraphs 1 through 57 of the Complaint as though fully set forth herein.

66.      Denies the allegations of paragraph 66 of the Complaint.

67.      The allegations of paragraph 67 are conclusions of law to which no response is required.

68.      Admits that plaintiff has requested relief and denies the remaining allegations of paragraph 68 of the Complaint.

69.      Repeats and realleges each response to paragraphs 1 through 61 of the Complaint as though fully set forth herein.

70.      Denies the allegations of paragraph 70 of the Complaint.

71.      The allegations of paragraph 71 are conclusions of law to which no response is required.

### First Affirmative Defense
### (Failure to State a Claim)

72.      The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Statute of Limitations)

73.      Plaintiff's claims are time barred, in whole or in part, by the statute of limitations.

### Third Affirmative Defense
### (Estoppel and Waiver)

74.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel and/or waiver.

### Fourth Affirmative Defense
### (Laches)

75.      Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

### Fifth Affirmative Defense
### (Res Judicata)

76.     Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*
and/or collateral estoppel.

### Sixth Affirmative Defense
### (Untimely Notice of Disclaimer)

77.     To the extent that plaintiff seeks to disclaim coverage for claims previously
reported to plaintiff under any of the applicable policies, such disclaimer is untimely and in violation of
New York Insurance Law § 3420(d).

### Seventh Affirmative Defense
### (Failure to Provide Notice of Cancellation of Coverage)

78.     To the extent that plaintiff bases any of its claim on the cancellation of further
coverage under any of the applicable policies at the time an insurance year is closed, plaintiff has failed
to comply with the notice of cancellation requirement of New York Insurance Law § 3426.

### Eighth Affirmative Defense
### (Failure to Provide Notice of Cancellation of Coverage)

79.     To the extent that the plaintiff failed to assert coverage defenses within the time
limitations set forth under the applicable claims statute or failed to reserve rights with respect to
indemnification, plaintiff waived those defenses to indemnification for the affected claims.

### Ninth Affirmative Defense
### (Promissory Estoppel)

80.        Plaintiff's claims are barred, in whole or in part, by the doctrine of promissory

estoppel, in that defendant reasonably relied on the express and implied promises of plaintiff.  This

reliance was foreseeable.

### Tenth Affirmative Defense
### (Defendant Not Responsible for Certain Entities)

81.        To the extent plaintiff seeks to assess defendant for the pro rata shares of other

policyholders who are insolvent, have been dissolved, or have merged with other entities, or for any

shares that should be allocated to them, those claims are barred against defendant because defendant is

not legally responsible for those entities.

### Eleventh Affirmative Defense
### (Releases)

82.        Plaintiff's claims are barred by the terms of any releases given to defendant in

connection with closed policy years.

### Twelfth Affirmative Defense
### (Personal Jurisdiction)

83.        This Court lacks personal jurisdiction over the defendant.

### Additional Affirmative Defenses

84.        Defendant reserves its right to assert additional affirmative defenses which it

determines are necessary to its defense during or upon conclusion of its investigation and discovery of

plaintiff's claims.  Defendant further adopts those affirmative defenses raised by other defendants which apply to this defendant.

WHEREFORE, American Atlantic Company respectfully requests that this Court dismiss plaintiff's Second Amended Complaint with prejudice and award American Atlantic Company its attorneys' fees, costs and expenses, and all further relief that this Court deems just and proper.

Dated: New York, New York
      October 22, 2004

                         DECHERT LLP

                         By: _____

                            Robert A. Cohen (RC 7712)
                            Rodney M. Zerbe  (RZ 1069)
                            Brent A. Hannafan (BH 4344)
                            30 Rockefeller Plaza
                            New York, NY 10112-2200
                            Telephone (212) 698-3500
                            Facsimile (212) 698-3599

                         Attorneys for Defendant
                         American Atlantic Company