UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.,

Plaintiff,

–against–

ALCOA STEAMSHIP CO., INC., *et. al.*

Defendants.

--------------------------------------------------------------------x

04-CV-04309
(LAK) (FM)

**ANSWER TO
SECOND AMENDED
COMPLAINT**

Defendant Verizon New York Inc., s/h/a Verizon Communications as Successor to New York Telephone, as and for its answer to the second amended complaint ("the Complaint") of the American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("the Club") alleges as follows on information and belief:

1.   Deny the allegations of paragraph 1 of the Complaint in the form alleged, as such allegations represent solely a statement of legal position by the Club.

2.   Deny the allegations of paragraph 2 of the Complaint.

3.   Deny the allegations of paragraph 3 of the Complaint in the form alleged.

4.   Deny the allegations of paragraph 4 of the Complaint in the form alleged.

5.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of the Complaint.

6.   Denies the allegations of paragraph 6 of the Complaint in the form alleged, although admits that the Club has no right to seek further assessments from this answering defendant for Closed Insurance Years.

7.   Deny the allegations of paragraph 7 in the form alleged.

8.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint.

9.     Denies the allegations of paragraph 9 of the Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint.

14.     Admits that The Club is a non-profit mutual indemnity insurance association of shipowners and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint, except admit that Verizon New York is organized under the laws of the State of New York, with its principal place of business in the County of New York.

16.     The allegations of paragraph 16 of the Complaint are conclusions of law to which no response is required by this answering defendant.

17.     The allegations of paragraph 17 of the Complaint are conclusions of law to which no response is required by this answering defendant.

18.     Deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 18 of the Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint.

25.    Denies the allegations of paragraph 25 in the form alleged.

26.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

27.    Denies the allegations of paragraph 27 in the form alleged, leaving all questions of law to the Honorable Court.

28.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint and refers the Court and the

parties to the actual policies governing the referenced Insurance Years.

30.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

31.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

33.    The allegations of paragraph 33 of the Complaint are conclusions of law to which no response is necessary by this answering defendant.

34.    The allegations of paragraph 34 of the Complaint are conclusions of law to which no response is necessary by this answering defendant, and refers the Court and the parties to the applicable provisions of the statutes cited.

35.    The allegations of paragraph 35 of the Complaint are conclusions of law to which no response is necessary by this answering defendant, and refers the Court and the parties to the applicable provisions of the statutes cited.

36.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 of the Complaint, and refers the Court and the parties to the Club's By-Laws for their contents.

37.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37 of the Complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 38 of the Complaint, and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

39.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39 of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 of the Complaint, and refers the Court and the parties to the Club's By-Laws for their contents.

41.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 of the Complaint, and refers the Court and the parties to the Club's By-Laws for their contents.

43.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 of the Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 of the Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 of the Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of the Complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 48 of the Complaint.

49.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 of the Complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53 of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54 of the Complaint.

55.    Deny the allegations of paragraph 55 in the form alleged to the extent that they assert factual conclusions of "inequity" or "prejudice" and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 55 of the Complaint.

56.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56 of the Complaint, and refer the Court and the parties to the Charter, By-Laws, Policies and governing law, as well as the course of conduct of the parties and any representations made by the Club to members and prospective members.

57.    Deny knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of paragraph 57 of the Complaint.

58.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 of the Complaint.

59.   Deny the allegations of paragraph 59 of the Complaint in the form alleged, referring all questions of law to the Honorable Court.

60.   Deny the allegations of paragraph 60 of the Complaint in the form alleged, referring all questions of law to the Honorable Court.

61.   Deny the allegations of paragraph 61 of the Complaint in the form alleged, referring all questions of law to the Honorable Court.

62.   Repeats and realleges each admission and denial heretofore set forth in response to paragraphs 1 through 57 in response to the allegations of paragraph 62 of the Complaint.

63.   Deny the allegations of paragraph 63 of the Complaint in the form alleged, referring all questions of law to the Honorable Court.

64.   Deny the allegations of paragraph 64 of the Complaint in the form alleged, as such allegations represent solely a statement of legal position by the Club.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cognizable claim as to this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to identify this answering defendant as a proper party to this litigation, as the Club has currently failed to supply any policies or documents which reflect that this answering defendant was issued any policies during the operative time

period.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the operation of the doctrine collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff bases any of its claim on the cancellation of further coverage under any of the applicable policies at the time of the closing of an Insurance Year, plaintiff has failed to comply with the notice of cancellation requirement of the New York Insurance Law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has waived coverage defenses by failing to assert them in a timely fashion and failing to reserve rights.

## NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks to assess this answering defendant for shares of

policyholders which are insolvent or which have been the subject of dissolution, it may not do so on the basis that this answering defendant is not legally responsible for such other entities.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the terms of any releases given to defendants in connection with closed policy years.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to assert additional affirmative defenses which, after investigation and discovery of plaintiff's claims, are necessary to its defense, and specifically relies upon all affirmative defenses articulated and asserted by other defendants in this action.

## TWELFTH AFFIRMATIVE DEFENSE

This answering defendant asserts that, should this Court issue a Declaratory Judgment, declaring the rights of the policyholders of the Club, in response to the main action or to the various counterclaims asserted by other defendants, then the Declaratory Judgment must operate equally as to all policyholders and/or defendants.

WHEREFORE, Verizon New York Inc., s/h/a Verizon Communications, as Successor to New York Telephone, respectfully requests that this Court dismiss plaintiff's Second Amended Complaint with prejudice and award Verizon New York its attorney's fees, costs and expenses, and grant such other, further and different relief as to this Court seems just and proper.

Dated:    November 23, 2004
            New York, New York

LEDY-GURREN BASS & SIFF, LLC.

By: _____
            Nancy Ledy-Gurren (2186)

*Attorneys for Defendant Verizon New York Inc.,*
*s/h/a Verizon Communications as Successor*
*To New York Telephone*
475 Park Avenue South
New York, New York 10016
Tel: 212-447-1111
Fax: 212-447-6686