Nourse & Bowles, LLP
Attorneys for Plaintiff
Lawrence J. Bowles (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
                                                       :
                                                       :
AMERICAN STEAMSHIP OWNERS                              :     04 Civ. 04309 (LAK)
MUTUAL PROTECTION AND                                  :
INDEMNITY ASSOCIATION, INC.,                           :
                                                       :
               Plaintiff,                              :
                                                       :
     - against -                                       :
                                                       :
Alcoa Steamship Co., Inc.                              :
and the Other Entities Listed on Exhibit A             :
to Second Amended Complaint                            :
                                                       :
               Defendants.                             :
                                                       :
-------------------------------------------------------X

SUPPLEMENT TO MASTER REPLY TO ALL
COUNTERLCLAIMS OF ALL DEFENDANTS
TO FURTHER REPLY TO THE COUNTERCLAIMS
OF DEFENDANTS APEX OIL COMPANY, INC., ("APEX")
MATHIASEN'S TANKER INDUSTRIES, INC., ("MTI")
TRINIDAD CORPORATION ("TRINIDAD")
AND CREST TANKERS, INC. ("CREST")

Plaintiff, American Steamship Owners Mutual Protection and Indemnity

Association, Inc. (the "Plaintiff", or "American Club" or "Club" or "Association"),

on behalf of its current members, by and through its attorneys, Nourse & Bowles, LLP, as and for its Supplement to Master Reply to All Counterclaims of all Defendants to further reply to the counterclaims of Defendants, Apex, MTI, Trinidad and Crest alleges on information and belief as follows:

1. Plaintiff incorporates by reference all of the affirmative defenses and replies to all counterclaims included in its Master Reply to All Counterclaims of all Defendants.

2. For convenience, the allegations of the counterclaims being supplementally responded to are repeated in BOLD and Plaintiff's replies follow.

113. **In 1987, Defendants Trinidad and MTI filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Missouri. In 1990, Trinidad and MTI and their related debtor entities filed a plan or reorganization. The plan of reorganization classified over 400 pending proofs of Occupational Disease Claims as Class 3B general unsecured claims and provided a scheme for payment to the claimants, thereby triggering disputes between Trinidad and MTI and the Club concerning their respective rights and obligations under the Policies. Trinidad and MTI then filed a complaint**

2

against the Club for a declaratory judgment, seeking a determination of the respective rights and obligations of the parties under the Policies.

3. Plaintiff admits the generality of the matters alleged in paragraph 113 of the counterclaim, and refers to the referenced documents for precision.

114. **In 1991, after the plan of reorganization, as modified, was approved, Trinidad, MTI and the Club settled the declaratory judgment action by entering into a "Stipulation Between Trinidad Corporation and Mathiasen's Tanker Industries, Inc." which was approved by Order of the United States Bankruptcy Court for the Eastern District of Missouri on April 4, 1991 (the "1991 Stipulation").**

4. Plaintiff admits the generality of the matters alleged in paragraph 114 of the counterclaim, and refers to the referenced documents for precision.

115. **By the terms of the 1991 Stipulation, the Club acknowledged that it is legally obligated to provide coverage for Occupational Disease Claims in closed insurance years and agreed to indemnify Trinidad and MTI against Pre-1989 Policy Occupational Disease Claims identified in the exhibits to the Stipulation, subject to deductible amounts agreed upon by the parties. For IBNR Occupational Disease Claims arising from the Pre-1989 Years but not included in the exhibits to the Stipulation, the Club consistently continued to**

3

**recognize and acknowledge that it was legally obligated to indemnify, and did indemnify, Defendants for such claims despite the fact that each such year had been closed with a "final assessment", requiring application of multiple deductibles for a single claim where the claimant alleged exposure to asbestos during multiple years of sea service aboard a covered vessel.**

5.   Plaintiff denies the matters alleged in paragraph 115 of the counterclaims; avers that before, for the reasons outlined in its Master Reply to All Counterclaims, the Discretionary Practice was properly terminated, Plaintiff's actions were consistent with the Discretionary Practice commenced by Defendants for their sole benefit and that at their direction, Plaintiff did not contest coverage for Defendants Trinidad or Mathiasen; avers that the referenced settlement with Trinidad and Mathiasen was limited solely to the claims filed in Defendants' Bankruptcy proceedings by the seamen identified in Exhibits B-1 and B-2 of the above referenced stipulation; refers to the stipulation for its precise terms by which contested issues were then resolved; avers that neither Plaintiff nor Defendants, Trinidad or Mathiasen to date have made any payments under the above referenced stipulation; and refers to the allegations of Plaintiff's Second Amended Complaint herein and the allegations in paragraphs 1-88 of its Master Reply to All Counterclaims.

WHEREFORE, Plaintiff demands judgment:

1. Dismissing Defendants' affirmative defenses and counterclaims, with prejudice; and

2. Awarding Plaintiff the relief requested in its Second Amended Complaint, herein, including that Plaintiff is entitled:

    (i) To either terminate the Discretionary Practice; or

    (ii) In the event Defendants make future IBNR claims for indemnities with regard to closed insurance years before February 20, 1989, that Plaintiff is entitled to take such steps as necessary to restore mutuality between and among the members before February 20, 1989 and those thereafter by, among other steps, reopening the insurance years before February 20, 1989 which are affected by each such claim and assessing each of the members of each such year their proportionate shares of any indemnities any of the Defendants may, in the future, seek, after allocation of all claims among the insurance years affected by each such claim, requiring the Defendants to absorb their deductibles applicable to each of those policies/years and that the amounts collected, if any, be

remitted to the Defendants seeking indemnities less the Club's reasonable costs of the above process; and

(iii) In the event the Court determines that Plaintiff is not entitled to either (i) or (ii) above, that it is entitled to continue that part of the Discretionary Practice requiring the allocation of claims among the insurance years affected by each Defendant's IBNR claims and requiring the Defendants to absorb their deductibles applicable to each of the policies issued in each of those insurance years.

4. That Plaintiff recover from the Defendants all of its costs and expenses of this litigation, and such further or different relief as may be appropriate and just.

Dated:   New York, New York
         December 10, 2004

Respectfully submitted,

NOURSE & BOWLES, LLP
Attorneys for Plaintiff

By: _____
Lawrence J. Bowles (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200

6