Nourse & Bowles, LLP
Attorneys for Plaintiff
Lawrence J. Bowles (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
:
:
AMERICAN STEAMSHIP OWNERS          :    04 Civ. 04309 (LAK)
MUTUAL PROTECTION AND              :
INDEMNITY ASSOCIATION, INC.,       :
:
         Plaintiff,                :
:
   - against -                     :
:
Alcoa Steamship Co., Inc.          :
and the Other Entities Listed on Exhibit A  :
to Second Amended Complaint        :
:
         Defendants.               :
:
------------------------------------------------------X

SUPPLEMENT TO MASTER REPLY TO ALL
COUNTERLCLAIMS OF ALL DEFENDANTS
TO FURTHER REPLY TO THE COUNTERCLAIMS
OF DEFENDANT AMERICAN PRESIDENT LINES, INC.
AND AMERICAN PRESIDENT LINES, LTD. AS
<u>SUCCESSOR TO AMERICAN MAIL LINE</u>

Plaintiff, American Steamship Owners Mutual Protection and Indemnity

Association, Inc. (the "Plaintiff", or "American Club" or "Club" or "Association"),

on behalf of its current members, by and through its attorneys, Nourse & Bowles, LLP, as and for its Supplement to Master Reply to All Counterclaims of all Defendants to further reply to the counterclaims of Defendant, APL, alleges on information and belief as follows:

1. Plaintiff incorporates by reference all of the affirmative defenses and replies to all counterclaims included in its Master Reply to All Counterclaims of all Defendants.

2. For convenience, the allegations of the counterclaims being supplementally responded to are repeated in BOLD and Plaintiff's replies follow:

129. **APL incorporates by reference paragraphs 88 through 127 of these counterclaims with the same force and effect as if set forth at length herewith.**

130. **APL is an intended beneficiary of the Pre-1989 Policies.**

131. **The Club represented to APL that it would be covered for Occupational Disease Claims arising during any of the Pre-1989 years.**

132. **APL relied on these representations and has and will sustain damages as a result of the Club's refusal to provide coverage under the Pre-1989 Policies.**

133. **The Club's conduct constitutes a fraudulent business act or practice within the meaning of California Unfair Practices Act.**

134. **As a result of these violations of California Unfair Practices Act, APL requests damages, attorneys' fees and costs and other expenses.**

3. Plaintiff denies the matters alleged in paragraphs 129, 130, 131, 132, 133 and 134 of the counterclaims; avers that if, during the pendency of the Discretionary Practice commenced by Defendants for their sole benefit, any representations were made to Defendant, APL, by any other Defendant or at Defendants' behest, neither the Plaintiff nor its current members are responsible therefor; refers to the allegations of Plaintiff's Second Amended Complaint herein and paragraphs 1 through 88 of its Master Reply to All Counterclaims and avers that the California Business and Professional Code and related California Law are not applicable to the parties or the disputes in this action.

WHEREFORE, Plaintiff demands judgment:

1. Dismissing Defendants' affirmative defenses and counterclaims, with prejudice; and

2. Awarding Plaintiff the relief requested in its Second Amended Complaint, herein, including that Plaintiff is entitled:

3

(i) To either terminate the Discretionary Practice; or

(ii) In the event Defendants make future IBNR claims for indemnities with regard to closed insurance years before February 20, 1989, that Plaintiff is entitled to take such steps as necessary to restore mutuality between and among the members before February 20, 1989 and those thereafter by, among other steps, reopening the insurance years before February 20, 1989 which are affected by each such claims and assessing each of the members of each such year their proportionate shares of any indemnities any of the Defendants may, in the future, seek, after allocation of all claims among the insurance years affected by each such claim, requiring the Defendants to absorb their deductibles applicable to each of those policies/years and that the amounts collected, if any, be remitted to the Defendants seeking indemnities less the Club's reasonable costs of the above process; and

(iii) In the event the Court determines that Plaintiff is not entitled to either (i) or (ii) above, that it is entitled to continue that part of the Discretionary Practice requiring the allocation of claims among the insurance years affected by each Defendant's IBNR claims and

requiring the Defendants to absorb their deductibles applicable to each of the policies issued in each of those insurance years.

4. That Plaintiff recover from the Defendants all of its costs and expenses of this litigation, and such further or different relief as may be appropriate and just.

Dated:   New York, New York
         December 10, 2004

Respectfully submitted,

NOURSE & BOWLES, LLP
Attorneys for Plaintiff

By: _____
Lawrence J. Bowles (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200