Nourse & Bowles, LLP
Attorneys for Plaintiff
Lawrence J. Bowles (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
                                                      :
                                                      :
AMERICAN STEAMSHIP OWNERS           :      04 Civ. 04309 (LAK)
MUTUAL PROTECTION AND                :
INDEMNITY ASSOCIATION, INC.,        :
                                                      :
                 Plaintiff,                          :
                                                      :
        - against -                                  :
                                                      :
Alcoa Steamship Co., Inc.                            :
and the Other Entities Listed on Exhibit A  :
to Second Amended Complaint                   :
                                                      :
                 Defendants.                        :
                                                      :
-----------------------------------------------------X

SUPPLEMENT TO MASTER REPLY TO ALL
COUNTERLCLAIMS OF ALL DEFENDANTS
TO FURTHER REPLY TO THE COUNTERCLAIMS
OF DEFENDANT ROYAL P&O NEDLLOYD, AS
SUCCESSOR TO FARRELL LINES, INC. ("FARRELL")

Plaintiff, American Steamship Owners Mutual Protection and Indemnity

Association, Inc. (the "Plaintiff", or "American Club" or "Club" or "Association"),

on behalf of its current members, by and through its attorneys, Nourse & Bowles,

LLP, as and for its Supplement to Master Reply to All Counterclaims of all Defendants to further reply to the counterclaims of Defendant, Farrell, alleges on information and belief as follows:

1.    Plaintiff incorporates by reference all of the affirmative defenses and replies to all counterclaims included in its Master Reply to All Counterclaims of all Defendants.

2.    For convenience, the allegations of the counterclaims being supplementally responded to are repeated in BOLD and Plaintiff's replies follow,

100.  **The Club has represented either expressly or implied to policyholders, including Farrell, that closing policy years does not impair their coverage right sunder the Pre-1989 Policies and that policyholders of those Policies would continue to be insured under those Policies for the Pre-1989 Years.  Farrell has relied upon these representations by, among and other things, not seeking available coverage alternatives.**

3.    Plaintiff denies the matters alleged in paragraph 100 of the counterclaims; avers that if, during the pendency of the Discretionary Practice commenced by Defendants for their own benefit, any representations were made to Defendant, Farrell by any other Defendant or at Defendants' behest, neither the Plaintiff nor its current members are responsible therefor; and refers to the

2

allegations of Plaintiff's Second Amended Complaint herein and the allegations in paragraphs 1 through 88 of its Master Reply to All Counterclaims.

101. **Moreover, Farrell Lines, Inc. relied on the Club's direct or indirect representations when it merged with various of Farrell's affiliates, pursuant to which Farrell Lines, Inc. warranted:**

> **3.24 Insurance. The Company [Farrell Lines] is, and continuously since June 7, 1995 has been insured with respect to risks normally insured against and in amounts that are customary for companies in the industry sector in which the Company operates, and all the insurance policies and bonds maintained by the Company are in full force and effect … (Emphasis supplied.)**

4.    Plaintiff denies the matters alleged in paragraph 101 of the counterclaims; avers that given the facts and circumstances of the matter, Farrell had no reasonable basis on which to allegedly rely on any such representations and refers to the allegations of Plaintiff's Second Amended Complaint and the allegations in paragraphs 1 through 88 of its Master Reply to All Counterclaims.

102. **Farrell relied on these representations and similar representations made by the Club in deciding to enter into the merger.**

5.    Plaintiff denies the matters alleged in paragraph 101 of the counterclaims; avers that given the facts and circumstances of the matter, Farrell

had no reasonable basis on which to allegedly rely on any such representations and refers to the allegations of Plaintiff's Second Amended Complaint and the allegations in paragraphs 1 through 88 of its Master Reply to All Counterclaims.

116. **As a result of the foregoing, an actual and justiciable controversy exists between the Club and Farrell.**

6.    Plaintiff admits that an actual and justiciable controversy exists between it and Farrell and, except as so admitted, denies the remaining allegations of paragraph 116 of the counterclaims.

WHEREFORE, Plaintiff demands judgment:

1. Dismissing Defendants' affirmative defenses and counterclaims, with prejudice; and

2. Awarding Plaintiff the relief requested in its Second Amended Complaint, herein, including that Plaintiff is entitled:

    (i)    To either terminate the Discretionary Practice; or

    (ii)    In the event Defendants make future IBNR claims for indemnities with regard to closed insurance years before February 20, 1989, that Plaintiff is entitled to take such steps as necessary to restore mutuality between and among the members before February 20,

1989 and those thereafter by, among other steps, reopening the insurance years before February 20, 1989 which are affected by each such claims and assessing each of the members of each such year their proportionate shares of any indemnities any of the Defendants may, in the future, seek, after allocation of all claims among the insurance years affected by each such claim, requiring the Defendants to absorb their deductibles applicable to each of those policies/years and that the amounts collected, if any, be remitted to the Defendants seeking indemnities less the Club's reasonable costs of the above process; and

(iii)    In the event the Court determines that Plaintiff is not entitled to either (i) or (ii) above, that it is entitled to continue that part of the Discretionary Practice requiring the allocation of claims among the insurance years affected by each Defendant's IBNR claims and requiring the Defendants to absorb their deductibles applicable to each of the policies issued in each of those insurance years.

4. That Plaintiff recover from the Defendants all of its costs and expenses of

this litigation, and such further or different relief as may be appropriate and just.


Dated:        New York, New York
              December 10, 2004

                                        Respectfully submitted,


                                        NOURSE & BOWLES, LLP
                                        Attorneys for Plaintiff




                                   By:_____
                                        Lawrence J. Bowles (LB 5950)
                                        One Exchange Plaza
                                        New York, New York 10006
                                        (212) 952-6200