Cummings & Lockwood, LLC
Attorneys For Defendant Chevron U.S.A. Inc.
John W. Cannavino (JC - 7076)
Steven I. Frenkel (SF - 8187)
Kevin P. Broughel (KB - 7482)
Four Stamford Plaza
107 Elm Street
Stamford, CT 06904-0120
(203) 327-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
AMERICAN STEAMSHIP OWNERS       :    04 Civ. 04309 (LAK)
MUTUAL PROTECTION AND           :
INDEMNITY ASSOCIATION, INC.,    :    **ANSWER**
:
Plaintiff,   :
:    (ECF Case)
-against-                       :
:
:
ALCOA STEAMSHIP CO., INC., et al. :
:
Defendants.  :
:
------------------------------------------------------------X

Defendant Chevron U.S.A. Inc., sued incorrectly as ChevronTexaco Corporation as successor to California Oil Company ("Chevron" or "Defendant"), through its undersigned counsel, Cummings & Lockwood, LLC, for its answer to Plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc.'s ("the Club") Second Amended Complaint (the "Complaint") dated July 8, 2004, hereby states as follows:

1. Denies the allegations of paragraph 1 of the Complaint, except to the extent

1

the allegations of that paragraph purport to be a statement of the Club's position in this action to which no response is required.

2. Denies the allegations of paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Denies the allegations of paragraph 6 of the Complaint, except admits that the Club has no right to assess policyholders, members or former members for years closed with a "final assessment."

7. Denies the allegations of paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Denies the allegations of paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to the number of occupational disease claims filed or still pending against members or former members of the Club.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15. Defendant admits that it is a corporation, and that it is incorporated in the State of Pennsylvania. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint.

16. Admits to the allegations of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations and refers to the relevant provisions of the New York Insurance Law for their contents.

35. Defendant denies the allegations and refers to the relevant provisions of the New York Insurance Law for their contents.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, except denies the allegations of the last sentence thereof.

56. Denies the allegations of paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint, except denies the allegations of the last two sentences thereof.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59. Denies the allegations of paragraph 59 of the Complaint.

60. Denies the allegations of paragraph 60 of the Complaint.

61. The "retroactive partial modification" of the Discretionary Practice described in Paragraph 61 of the Complaint has not been demanded by Defendant, and therefore this allegation does not appear to require a response.

62. Refers to its respective responses to the allegations incorporated by reference into paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64. Denies the allegations of paragraph 64 of the Complaint.

65. Refers to its respective responses to the allegations incorporated by reference into paragraph 65 of the Complaint.

66. Denies the allegations of paragraph 66 of the Complaint.

67. Denies the allegations of paragraph 67 of the Complaint, to the extent directed at Defendant.

68. Denies the allegations of paragraph 68 of the Complaint.

69. Refers to its respective responses to the allegations incorporated by reference into paragraph 69 of the Complaint.

70. Denies the allegations of paragraph 70 of the Complaint.

71. Denies the allegations of paragraph 71 of the Complaint, to the extent directed at Defendant.

To the extent this Defendant has not responded to any other allegation in the Complaint, including its request for declaratory and other relief, Defendant denies the allegations and the Plaintiff's requests.

## FIRST AFFIRMATIVE DEFENSE

The Club's Complaint may be barred under the doctrines of waiver and/or estoppel.

## SECOND AFFIRMATIVE DEFENSE

The Club's claims may be barred under the terms of any alleged policies that the Defendant has with the Club.

### THIRD AFFIRMATIVE DEFENSE

Defendant can no longer be subjected to assessments with regard to the Insurance Years at issue since those years were closed.

### FOURTH AFFIRMATIVE DEFENSE

The Club's Complaint fails to state a claim against Defendant upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Club's claims are barred, in whole or part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Club's claims are barred, in whole or part, by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Club's claims are barred, in whole or part, by the doctrine of promissory estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The Club's claims are barred, in whole or in part, by the doctrine of res judicata.

### NINTH AFFIRMATIVE DEFENSE

The Club's claims are barred by the terms of releases given to members in connection with closing policy years and/or the releases given to former members in connection with their withdrawal from membership in the Club.

### TENTH AFFIRMATIVE DEFENSE

To the extent the Club seeks to assess the Defendant, which it does not have

authority to do so, for the pro rata share of other policyholders who are insolvent, have been dissolved, or have merged with other entities, those claims should be barred against the Defendant who is not legally responsible for those entities.

## ELEVENTH AFFIRMATIVE DEFENSE

That the named Defendant fails to properly invoke the jurisdiction of the Court.

## TWELFTH AFFIRMATIVE DEFENSE

The Club's damages, if any, are completely or in part the product of their failure to mitigate.

Defendant respectfully requests leave to assert additional defenses and/or counterclaim(s) which it deems necessary to its defense/prosecution during or upon conclusion of its investigation and discovery of the Club's claims.

WHEREFORE, Defendant respectfully requests that this Court enter an Order in favor of it, and for such other and further relief as the Court deems just.

Dated: Stamford, CT
      December 17, 2004

                THE DEFENDANT
                CHEVRON U.S.A. Inc. (incorrectly sued as ChevronTexaco Corporation as successor to California Oil Company)
                BY CUMMINGS & LOCKWOOD, LLC
                ITS ATTORNEYS

By:   John W. Cannavino (JC - 7076)
       Steven I. Frenkel (SF - 8187)
       Kevin P. Broughel (KB - 7482)
       Cummings & Lockwood, LLC
       Four Stamford Plaza
       107 Elm Street
       Stamford, CT 06904-0120
       (203) 327-1700

2071238_1.doc 12/17/2004