Sheinbaum, Bennett, Giuliano, McDonnell & Levy, LLP
Attorneys for Defendant
Amherst Shipping Inc.
225 West 34th Street, Suite 402
New York, New York 10122
Nicholas P. Giuliano (NG 1060)
Stephen J. Sheinbaum (SS 8157)
Telephone: (646) 328-0120
Facsimile:  (646) 328-0121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AMERICAN STEAMSHIP OWNERS MUTUAL           04-CV-04309
PROTECTION AND INDEMNITY ASSOCIATION, INC., (LAK) (FM)

                           Plaintiff,

        -against-                                                      ANSWER TO
                                                                       SECOND AMENDED
ALCOA STEAMSHIP CO., INC. et. al,                                      COMPLAINT

                           Defendants.
------------------------------------------------------------------x

Defendant, Amherst Shipping Inc., as and for its answer to the second amended complaint ("the Complaint") of the American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("the Club"), alleges as follows on information and belief:

### INTRODUCTION AND BACKGROUND

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, although admit that the Club has no right to seek further assessments from this answering defendant for Closed Insurance Years.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9. Deny the allegations of paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

**THE PARTIES**

14. Admit that The Club is a non-profit mutual indemnity insurance association of shipowners and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, except admit that Amherst Shipping (the principal of Avon Steamship Co. Inc.) is organized under the laws of the State of New York, with its principal place of business in the County of New York.

## JURISDICTION AND VENUE

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

## MANAGING THE CLUB

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

## INSURANCE POLICIES

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

## MUTUALITY

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

## OTHER RELEVANT POLICY PROVISIONS

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

### **REGULATING THE CLUB**

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and refers the Court and the parties to the applicable provisions of the statutes cited.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and refers the Court and the parties to the applicable provisions of the statutes cited.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and refers the Court and the parties to the Club's By-Laws for their contents.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

### **NOTIFICATION OF CLAIMS**

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and refers the Court and the parties to the actual policies governing the referenced Insurance Years.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

## "CLOSING" INSURANCE YEARS

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and refers the Court and the parties to the Club's By-Laws for their contents.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and refers the Court and the parties to the Club's By-Laws for their contents.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

## ASSERTION OF LATE MANIFESTING OCCUPATIONAL INJURY CLAIMS

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

## THE CLUB'S DISCRETIONARY PRACTICES

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

## CONTINUED INDEMNIFICATIONS

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55. Paragraph 55 is strictly argumentative, but to the extent a response is required, deny the allegations of paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint, and refer the Court and the parties to the Charter, By-Laws, Policies and governing law, as well as the course of conduct of the parties and any representations made by the Club to members and prospective members.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

## OTHER ISSUES IN DISPUTE

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

62. Repeat and reallege each admission and denial heretofore set forth in response to paragraphs 1 through 57 in response to the allegations of paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

65. Repeat and reallege each admission and denial heretofore set forth in response to paragraphs 1 through 57 in response to the allegations of paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

69. Repeat and reallege each admission and denial heretofore set forth in response to paragraphs 1 through 57 in response to the allegations of paragraph 69 of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

72. The Complaint fails to state a cognizable claim as to this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

73. The Complaint fails to identify this answering defendant as a proper party to this litigation, as the Club has currently failed to supply any policies or documents which reflect that this answering defendant was issued any policies during the operative time period.

## THIRD AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by the operation of the doctrine collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

78. To the extent that plaintiff bases any of its claim on the cancellation of further coverage under any of the applicable policies at the time of the closing of an Insurance Year, plaintiff has failed to comply with the notice of cancellation requirement of the New York Insurance Law.

## EIGHT AFFIRMATIVE DEFENSE

79. Plaintiff has waived coverage defenses by failing to assert them in a timely fashion and failing to reserve rights.

## NINTH AFFIRMATIVE DEFENSE

80. To the extent that plaintiff seeks to assess this answering defendant for shares of policy holders which are insolvent or which have been the subject of dissolution, it may not do so on the basis that this answering defendant is not legally responsible for such other entities.

## TENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims may be barred by the terms of any releases given to defendants in connection with closed policy years.

## ELEVENTH AFFIRMATIVE DEFENSE

82. Defendant reserves it right to assert additional affirmative defenses which, after investigation and discovery of plaintiff's claims, are necessary to its defense, and specifically relies upon all affirmative defenses articulated and asserted by other defendants in this action.

## TWELFTH AFFIRMATIVE DEFENSE

83. This answering defendant asserts that, should this Court issue a Declaratory Judgment, declaring the rights of the policyholders of the Club, in response to the main action or to the various counterclaims asserted by other defendants, then the Declaratory Judgment must operate equally as to all policyholders and/or defendants.

**WHEREFORE**, Amherst Shipping Inc., respectfully requests that this Court dismiss plaintiff's Second Amended Complaint with prejudice and award Amherst Shipping Inc. its attorneys' fees, costs, and expenses, and grant such other, further, and different relief as to this Court seems just and proper.

Dated:   December 23, 2004
         New York, New York

                              Sheinbaum, Bennett, Giuliano, & McDonnell, LLP
                              Attorneys for Defendant Amherst Shipping Inc.

                              _____
                              Nicholas P. Giuliano (NG 1060)
                              225 West 34th Street, Suite 402
                              New York, New York 10122
                              Telephone:   (646) 328-0120
                              Facsimile:   (646) 328-0121

TO:   Lawrence J. Bowles, Esq.
      Nourse & Bowles, LLP
      Attorneys for Plaintiff
      One Exchange Place
      New York, New York 10006
      (212) 952-6200 - Telephone

      Nancy Ledy-Gurren, Esq.
      LEDY-GURREN BASS & SIFF, LLC
      475 Park Avenue South
      New York, New York 10016
      (212) 447-1111 – Telephone
      (212) 447-6686 – Facsimile