**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.,

                Plaintiff,

-against-

ALCOA STEAMSHIP CO., INC., et al.,

                Defendants.

04 Civ. 04309 (LAK) (FM)

(ECF CASE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/05

---

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED and agreed, by and between the parties, through their respective counsel, as follows:

1. This Protective Order shall apply to the action entitled *American Steamship Owners Mutual Protection & Indemnity Association, Inc. v. Alcoa Steamship Co. Inc. et al.,* Case No. 04-Civ. 04309 (LAK) (FM) in the Southern District of New York (the "Litigation").

2. The terms and conditions of this Stipulation For Protective Order and Order ("Protective Order" or "Order") shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admission, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party whether voluntary or during the course of discovery in this litigation.

3. The designation "CONFIDENTIAL" shall be limited to information that any producing party, including any third party, in good faith, believes to contain (a) trade secret, proprietary or commercially sensitive information; (b) information that should otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure; or

6. All information designated "CONFIDENTIAL" in accordance with the terms of this Order and produced or exchanged in the course of the Litigation shall be used or disclosed solely for the purpose of the Litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" information shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order or otherwise required by law.

7. Any person or party receiving "CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" information shall promptly give notice by facsimile and/or electronic mail to the producing party identifying the information sought and enclosing or attaching a copy of the subpoena or request. In such a case, the receiving party will use good faith and reasonable efforts to avoid producing any "CONFIDENTIAL" information unless compelled by a court to do so or compelled by the rules and procedures governing discovery to do so.

8. Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" information of the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any "CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" information, that damages for violation of this Order are not alone an adequate remedy and that the appropriate remedy is injunctive relief. Counsel agrees to maintain a file of all Certifications (Exhibit A) required by this Order.

9. The recipient of any "CONFIDENTIAL" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

10. "CONFIDENTIAL" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, journal entries, logbooks, electronic media, databases, and any other records and reports.

11. All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in the Litigation may be designated "CONFIDENTIAL" by the producing or disclosing party or person by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL."

12. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM or DVD shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may re-designate all or portions of the transcript "CONFIDENTIAL." The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" information and serve the same on opposing counsel. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" information. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the

parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be schedule at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

13. Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" actually is "CONFIDENTIAL" information. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to the Litigation disagrees at any point in these proceedings with the designation by the producing party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

14. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

15. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" information so long as the attorney does not disclose "CONFIDENTIAL" information.

16. The inadvertent or mistaken disclosure by a producing party of "CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the producing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure and, (b) within thirty (30) days of such notice, the producing party fails to provide properly re-designated documents to the receiving party. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Upon receipt of properly re-designated documents, the receiving party shall destroy all unmarked or incorrectly designated documents and other materials. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice.

17. Should any "CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such "CONFIDENTIAL" information and to bind such person or party to the terms of this Order; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A. Counsel for the receiving party will advise counsel for the producing party that it has obtained an executed certification within ten (10) business days of its execution by the party to whom the "CONFIDENTIAL" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

18. A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" only testimony, information, documents or things that such producing person or entity has produced or provided in the action.

19. This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

20. After final termination of this action, outside counsel firms for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Such material shall continue to be treated as designated under this Order. Nothing herein shall require the return or destruction of attorney work product (including, work product containing "CONFIDENTIAL" information). Within sixty (60) days after final termination of the Litigation, at the request of the producing party, counsel for the receiving party shall make their best efforts to either return all additional "CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" information in discovery or (b) certify, to the best of their knowledge, destruction thereof to the producing party's counsel.

21. Nothing in this Order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this Order.

IT IS SO AGREED by the Parties signing Exhibit B to this Agreement.

AND IT IS SO ORDERED:

Dated: 1/14, 2004

_____
Hon. Frank L. Maas
United States Magistrate Judge

## CERTIFICATE – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *American Steamship Owners Mutual Protection & Indemnity Association, Inc. v. Alcoa Steamship Co. Inc. et al.*, Case No. 04-Civ. 04309 (LAK) (FM) in the Southern District of New York, and I agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the Litigation and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the Southern District of New York has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: Jan 3, 05

THOMAS W. EMERY
[Print Name]

GARAN LUCOW MILLER, P.C.,
[Company]

[Address] 1000 Woodbridge Street
Detroit, MI 48207-3192