NOURSE & BOWLES, LLP
Attorneys for Plaintiff
Lawrence J. Bowles (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                    :
                                                    :
                                                    :
AMERICAN STEAMSHIP OWNERS           :        04 Civ. 04309 (LAK)(FM)
MUTUAL PROTECTION AND               :
INDEMNITY ASSOCIATION, INC.,        :
                                                    :        AFFIDAVIT OF
                    Plaintiff,      :        PUBLICATION OF ORDER
                                                    :        FOR SERVICE BY
       - against -                  :        PUBLICATION AND ORDER
                                                    :        REQUIRING CERTAIN
                                                    :        DEFENDANTS TO APPEAR
Alcoa Steamship Co., Inc.           :        AND ANSWER OR BE
and the Other Entities Listed on Exhibit A  :    BARRED FROM
to Second Amended Complaint         :        INTERVENING
                                                    :
                    Defendants.     :
                                                    :
-------------------------------------------------------X

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )


       LAWRENCE J. BOWLES, being duly sworn, deposes and says:

1.     I am an attorney for the named plaintiff in the captioned matter and I am admitted to practice before the bar of this Court.

2.     On October 19, 2004 on behalf of plaintiff, I moved this Court for an Order directing service by publication and setting a bar date by which all named defendants, who had not as yet appeared, and upon whom service by ordinary means had proven impracticable, must appear and answer the Second Amended Complaint herein by a date certain or be barred from hereafter intervening in this matter and be bound by any judgment entered herein, and extending the deadline for completion of service accordingly.

3.     The Court heard unopposed argument on the motion on December 2nd and signed the Order on December 6th.  I received a copy on December 7th and immediately arranged to forward the Order to the publisher of the Journal of Commerce in Newark, New Jersey and to the publisher of Lloyds List in London, England for prompt publication pursuant to the Order.

4.     I attach, as Exhibit "A", a certification from the Journal of Commerce that the Order was published in the issues of the Journal of Commerce on December 20, 2004 and on January 3, 10 and 17, 2005, which was not strictly in conformity with my request or this Court's Order.  I did not learn of the delay in commencing publication in time to correct it.

5.    I attach, as Exhibit "B", a copy of a letter from the publisher of Lloyds List, T&F Informa, dated 22 March 2005 advising that the Order was published in Lloyds List on 10 December, 17 December, 24 December and 31 December, 2004, in conformity with the Order.  Although the publisher of Lloyds List initially agreed to provide its certification of publication of the Order immediately after publication was completed, it did not do so despite my numerous reminders since mid January, demanding such certification.  In fact, I did not receive Exhibit "B" until March 22, 2005.

6.    The only party listed in the Order for service by publication which has filed an Answer to date is Tecomar, S.A. of Mexico City, Mexico.  But, it develops, we had, unknown to us at the time we moved for the Order, served Tecomar, S.A. by other means.  No other party named in the Order has responded to the Order for Publication.

7.    Further, notwithstanding the extension of publication by the Journal of Commerce after December 31, 2004 no party listed in the Order for Publication has contacted us seeking additional time within which to appear, move or answer.

8.    I did not feel comfortable submitting this affidavit until the publisher of Lloyds List confirmed it had timely completed the requested publication.

3

9.    I respectfully submit that given that it was not expected that any of the parties named in the Order would respond to it and none of the named parties (except Tecomar, S.A.), have responded, the delay of the Journal of Commerce in completing publication and my delay in submitting this affidavit until receiving proof of publication from the publisher of Lloyds List, have not prejudiced any existing party or any potential party named in the Order.

10.    Pending receipt of communications in the future from any of the parties named in the Order (other than Tecomar, S.A.), there is nothing else for the Court or parties to do, other than file this Affidavit on the Court's docket.

_____
Lawrence J. Bowles (LB 5950)

Sworn to before me this
26th day of March, 2005

_____
Notary Public

JANE COLASURDO
Notary Public, State Of New York
No. 31-4786002
Qualified In New York County
Commission Expires April 30, 2007

4

EXHIBIT "A"

The American Club
60 Broad Street 37th Fl
New York, NY 10004

STATE OF NEW JERSEY   ]
City and County of Newark ]   S.S

**Attn: Vicki Paradise**

Matthew DeCicco being duly sworn, says that he/she is the principal clerk of the Publisher of:

## The Journal of Commerce

A weekly newsmagazine of general circulation published in the City and County of Newark, that the advertisement hereto annexed, has been regularly published in the said:

The Journal of Commerce

Issue of  12/20/200$, 01/03/200$, 01/10/2005, 01/17/2005

*Matthew DeCicco*

Sworn to before me this:  26+n Day of January 2005

Barbara Cruz

NOTARY PUBLIC

BARBARA CRUZ
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES APRIL 8, 2008

BC .

# CLASSIFIED

**LEGAL NOTICE**

Nourse & Bowles, LLP, Attorneys for Plaintiff
Lawrence J. Bowles, Esq. (LB 5950)
One Exchange Plaza, New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AMERICAN STEAMSHIP OWNERS        :
MUTUAL PROTECTION AND            :        04 Civ. 04309 (LAK)
INDEMNITY ASSOCIATION, INC.,     :
                    Plaintiff,   :
          - against -            :
Alcoa Steamship Co., Inc.        :
and the Other Entities Listed on Exhibit A  :
to Second Amended Complaint      :
                    Defendants.  :
------------------------------------------------------X

### ORDER FOR SERVICE BY PUBLICATION
### ORDER REQUIRING DEFENDANTS TO APPEAR AND ANSWER

TO: Academy Tankers Inc., c/o Secretary of State, Townsend Building, Dover, DE 19901; American Maritime Holdings Inc., 39 Broadway, New York, NY 10036; American Maritime Holdings Inc., C/o US Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808; Argosy Offshore Ltd., c/o CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809; Argosy Offshore Ltd., 1010 Milam, Houston, TX 77002; Arpez S.A., Calle Venezuela 110, 1095 Buenos Aires, Argentina; Astra Compania Argentina de Petroleo S.A., Tucuman 744, 11th Floor, 1049 Buenos Aires, Argentina; Avila y Pizarro Compania Ltda., Agents for Van Gogh Inversiones SA, Blanco 570, Valparaiso Chile; Barber Asphalt Corp., c/o CT Corporation System, 277 Park Avenue, New York, NY 10017; Barge Transport Company, P.O. Box 2569, 1812 Durham Drive, Houston, TX 77252-2569; Canterbury Shipping Corp., C/o Secretary of State, Townsend Building, Dover, DE 19901; Caribbean Steamship Co. S.A., P.O. Box 2568, Corpus Christi, TX 78403; Coal Logistics Corporation, 30 Skyline Drive, Lake Mary, FL 32795; Empresa de Navegacion El Faro, Calle Lavalle 388, 1047 Buenos Aires, Argentina; Euro Gulf International, c/o Diamond State Corp. Agents Inc., 1200 North Broom Street, Wilmington, DE 19806; Gulf International Marine Inc., c/o Gil Anthony Hebert, 437 Menard Road, Houma, LA 70360; Marifran International S.A., Calle Paraguay 577, 4 Piso, Buenos Aires, 1057 Argentina; Marifran International S.A., Avenida 25 de Mayo 401, 1002 Buenos Aires, Argentina; National Oil Transport Co., c/o Secretary of State, Townsend Building, Dover, DE 19901; Nedbarges Sublift BV, Westmolenstraat 1, Lange Haven, 3111 BS Schiedam, Netherlands; New Jersey Barging Corp. (Del.), c/o The Corporation Trust Co., Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801; Oscar Transportation Group, 97, Akti Miaouli, 185 38 Piraeus, Greece; Puerto Rico Maritime Shipping Authority, Building No. 123, Fleet and Bombay Streets, Elizabeth, NJ 07208; Seaport Harbor Cruise Lines, Inc., 17 Battery Place, New York, New York 10019; Tecomar S.A., Benjamin Franklin 232, Mexico DF 11800; Texas City Refining Inc., P.O. Box 1271, Texas City, TX 77592-1271; Texas City Refining Inc., c/o The Corporation Trust Co., Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801; Trafluen Compania Armadora SA, 7° Piso, Oficina 52, San Martin 50, 1004 Buenos Aires, Argentina; Transfrimar SA, 6° Piso, Colon 602, Guayaquil, Ecuador; Tropigas Inc., 2151 LeJune Road, Coral Gables, FL 33134; West India Shipping Co., Inc., Agents for West India Industries, Inc., 18th Floor, Great Southwest Building, 1314 Texas Street, Houston, TX 77002; World Wide Tankers Inc., C/o US Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808;

On October 19, 2004 plaintiff moved this court for an order directing each of you to appear, plead or answer in this action. This is an action to determine the rights and liabilities of the plaintiff Association and its members in respect of asbestos-related personal injury claims and other occupational disease claims, under the assessable marine indemnity insurance policies plaintiff issued to defendants in each insurance year before February 20, 1989, including each and all of you, all as outlined in plaintiff's Second Amended Complaint in the captioned action.
This Court has reviewed the application and the materials submitted in support of the motion and has found that the action is one in which an order to appear is authorized by Rules 4(e), (f), and (g) of the Federal Rules of Civil Procedure and §311(b) of the New York Civil Practice Law and Rules, as the defendants are either dissolved, or are not inhabitants of this Judicial District or State and cannot be found here, or are inhabitants of the foreign states and countries set forth above at addresses formerly known but not now current and cannot be found, and the listed defendants have not voluntarily appeared in this action despite plaintiff's efforts to serve them. Therefore,
IT IS ORDERED:
1. That you appear and answer the complaint in this matter no later than January 21, 2005.
THIS ORDER IS NOTICE TO YOU THAT IF YOU DO NOT APPEAR AND ANSWER THE COMPLAINT AS REQUIRED BY THIS ORDER, YOU WILL BE BARRED FROM THEREAFTER INTERVENING IN THIS PROCEEDING, ABSENT A SHOWING OF SUFFICIENT CAUSE, AND THIS COURT MAY RENDER A JUDGMENT DETERMINING THE RIGHTS AND LIABILITY OF THE PLAINTIFF AS AGAINST ALL NAMED DEFENDANTS, INCLUDING YOU, IN RESPECT OF THE POLICIES OF INSURANCE DESCRIBED IN THE COMPLAINT.
A COPY OF THE PLAINTIFF'S COMPLAINT MAY BE OBTAINED FREE OF CHARGE FROM PLAINTIFF'S ATTORNEYS, NOURSE & BOWLES, LLP, WHOSE ADDRESS IS ONE EXCHANGE PLAZA AT 55 BROADWAY, NEW YORK, NEW YORK 10006 AND WHOSE TELEPHONE NUMBER IS (212) 952-6200.
2. That a copy of this Order be published in the Journal of Commerce and Lloyds List, in London, once a week for four consecutive weeks commencing December 6, 2004.
3. That publication be completed by the plaintiff no later than December 31, 2004.
4. That an affidavit be filed on plaintiff's behalf no later than January 14, 2005 describing the steps it has taken to publish this Order, and that the deadline for completion of service herein be extended accordingly.
Dated: New York, New York          Frank Maas /s/
December 6, 2004                    United States District Judge

---

**LEGAL NOTICE**

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
IN RE:        CASE NO. 03-43619 BKC-RAM
              CHAPTER 11
OCEAN CLUB SERVICES, L.L.C. (JOINTLY ADMINISTERED)
    Debtor.
In re:
              CASE NO. 03-43627- BKC-RAM
MAGIC CRUISE LINE SERVICES CO.
    Debtor.  /
In re:
              CASE NO. 03-43629 BKC-RAM
ALBERTA TRADING CO.
    Debtor.  /

### NOTICE OF BAR DATE FOR SUBMITTING
### MARITIME LIEN CLAIMS

**TO ALL ENTITIES WHO MAY ASSERT MARITIME LIEN CLAIMS AGAINST THE PROCEEDS OF THE SALE OF THE BAHAMIAN FLAG VESSEL M/V MIRAGE I, WHICH WERE INCURRED PRIOR TO DECEMBER 31, 2003:**

**PLEASE TAKE NOTICE** that ALBERTA TRADING CO., the owner of the vessel M/V MIRAGE I, filed for Chapter 11 bankruptcy relief in the U.S. Bankruptcy Court for the Southern District of Florida on December 31, 2003. The vessel has been sold pursuant to Court Order, free and clear of liens, with valid liens to attach to the proceeds of the sale of the vessel in order of priority, after administrative expenses.

In order to distribute the proceeds from the sale of the vessel to valid lien holders, the Court has determined to fix a bar date, in order that all lien claimants may have a fixed period of time within which to submit their claims to be evaluated.

**THE BAR DATE IS JANUARY 17, 2005**

**Any entity which believes that it holds a maritime lien claim against the proceeds of the sale of the m/v mirage I, which accrued prior to December 31, 2003, the date of the bankruptcy filing, must file a claim of lien with the Clerk of the U.S. Bankruptcy Court,**

**ATTACHMENT**

**1 S.W. First Ave., Miami, Fl 33130, by the close of business on the bar date. Any such claimant must also serve copies of their claim upon Ronald G. Neiwirth, Esq., attorney for DIPs, Espirito Santo Plaza, 14th Floor, 1395 Brickell Ave., Miami, FL 33131, and Stephen Sheinbaum, Esq., attorney for Bank Leumi, 225 W. 34th Street, # 402, New York, NY 10122.**

**ANY CLAIM OF LIEN WHICH IS NOT TIMELY FILED AND SERVED WILL BE FOREVER BARRED, AND SHALL NOT BE PERMITTED TO PARTICIPATE IN THE DISTRIBUTION OF THE PROCEEDS FROM THE SALE OF THE VESSEL.**

**REQUIRED CONTENTS OF MARITIME LIEN CLAIM:**
    (a) correct name of the claimant and claimant's address;
    (b) claimant's nationality or country of incorporation;
    (c) the amount claimed;
    (d) if the claim seeks to assert maritime liens having differing priorities, then a break down of the amounts which are claimed in respect of each priority classification;
    (e) if the maritime lien claim asserts that the entity claiming the lien has acquired its lien status by way of subrogation - i.e., having loaned money with which maritime lien obligations had been paid, then the claimant must specify the nature and amount of each direct maritime obligation which had been paid with the proceeds of claimant's loan, and the date upon which the underlying maritime obligation had been incurred;
    (f) if the maritime lien claim asserts that the entity claiming the lien has acquired its lien status by way of assignment, then the claimant must specify the nature and amount of each direct maritime obligation which had been assigned to claimant; the date upon which the underlying maritime obligation had been incurred; and the consideration for the assignment;
    (g) to the extent that maritime lien claimants who may have already been identified seek to assert maritime liens based upon subrogation to direct maritime liens which they have been paid with proceeds of loans or advances which they have made to or for the vessel, Mirage I, then such already-identified maritime lien claimants shall comply with the requirements of subparagraph (e) above;
    (h) to the extent that maritime lien claimants who may have already been identified seek to assert maritime liens based upon assignment of the same to them, then such identified maritime lien claimants shall comply with the requirements of subparagraph (f) above;
    (i) each maritime lien claimant shall attach to its claim, copies of the documents upon which it relies to support its claim;

**DATED: NOVEMBER 30, 2004**

Ronald G. Neiwirth
Fla. Bar No. 152175
Counsel for Alberta Trading Co., DIP
FOWLER WHITE BURNETT P.A.
1395 Brickell Avenue, 14th Floor
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

EXHIBIT "B"



Nourse & Bowles, LLP
One Exchange Plaza
55 Broadway
NY 10006 – 3030
New York


22 March 2005


Dear Mr Bowles


I write to confirm as requested that the case of The American Steamship Owners Mutual and Indemnity Association INC v Alcoa Steamship Co and others (copies of which are enclosed) was published in Lloyds List on the following dates:

10 December 2004, 17 December 2004, 24 December 2004 and 31 December 2004.

I also confirm that the advertisements were placed at a total cost of £19,800.


Yours sincerely


Fotini Liontou
Director/T&F Informa UK Limited


**T&F Informa UK Ltd**
Mortimer House  37-41 Mortimer Street
London  W1T 3JH  UK
Tel +44 (0)20 7017 5000  Fax +44 (0)20 7017 4286
www.tfinforma.com

Registered Office: Mortimer House  37-41 Mortimer Street  London W1T 3JH
Registered in England and Wales  Registered Number 3099067

Nourse & Bowles, LLP
Attorneys for Plaintiff
Lawrence J. Bowles, Esq. (LB 5950)
One Exchange Plaza
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,

Plaintiff,

- against -

Alcoa Steamship Co., Inc.
and the Other Entities Listed on Exhibit A
to Second Amended Complaint

Defendants.

04 Civ. 04309 (LAK)

---

ORDER FOR SERVICE BY PUBLICATION

ORDER REQUIRING DEFENDANTS TO APPEAR AND ANSWER

TO:

Academy Tankers Inc.
c/o Secretary of State
Townsend Building
Dover, DE 19901

American Maritime Holdings Inc.
39 Broadway
New York, NY 10036

American Maritime Holdings Inc.
C/o US Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Argosy Offshore Ltd.
c/o CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

Argosy Offshore Ltd.
1010 Milam
Houston, TX 77002

Arpez S.A.
Calle Venezuela 110
1095 Buenos Aires, Argentina

Astra Compania Argentina de Petroleo S.A.
Tucuman 744
11th Floor
1049 Buenos Aires, Argentina
Avila y Pizarro Compania Ltda.
Agents for Van Gogh Inversiones SA
Blanco 570
Valparaiso  Chile

Barber Asphalt Corp.
c/o CT Corporation System
277 Park Avenue
New York, NY 10017

Barge Transport Company
P.O. Box 2569
1812 Durham Drive
Houston, TX 77252-2569

Canterbury Shipping Corp.
C/o Secretary of State
Townsend Building
Dover, DE 19901

Caribbean Steamship Co. S.A.
P.O. Box 2568
Corpus Christi, TX 78403

Coal Logistics Corporation
30 Skyline Drive
Lake Mary, FL 32795
Empresa de Navegacion El Faro
Calle Lavalle 388
1047 Buenos Aires
Argentina

Euro Gulf International
c/o Diamond State Corp. Agents Inc.
1200 North Broom Street
Wilmington, DE 19806

Gulf International Marine Inc.
c/o Gil Anthony Hebert
437 Menard Road
Houma, LA 70360

Marifran International S.A.
Calle Paraguay 577
4 Piso
Buenos Aires, 1057 Argentina

Marifran International S.A.
Avenida 25 de Mayo 401
1002 Buenos Aires, Argentina

National Oil Transport Co.
c/o Secretary of State
Townsend Building
Dover, DE 19901

Nedbarges Sublift BV
Westmolenstraat 1
Lange Haven, 3111 BS Schiedam
Netherlands

New Jersey Barging Corp. (Del.)
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

Oscar Transportation Group
97, Akti Miaouli
185 38 Piraeus, Greece

Puerto Rico Maritime Shipping Authority
Building No. 123
Fleet and Bombay Streets
Elizabeth, NJ 07208

Seaport Harbor Cruise Lines, Inc.
17 Battery Place
New York, New York 10019

Tecomar S.A.
Benjamin Franklin 232
Mexico DF 11800

Texas City Refining Inc.
P.O. Box 1271
Texas City, TX 77592-1271

Texas City Refining Inc.
c/o The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

Trafluen Compania Armadora SA
7° Piso, Oficina 52
San Martin 50
1004 Buenos Aires
Argentina

Transfrimar SA
6° Piso
Colon 602
Guayaquil, Ecuador

Tropigas Inc.
2151 LeJune Road
Coral Gables, FL 33134

West India Shipping Co., Inc.
Agents for West India Industries, Inc.
18th Floor, Great Southwest Building
1314 Texas Street
Houston, TX 77002

World Wide Tankers Inc.
C/o US Corporation Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

On October 19, 2004 plaintiff moved this court for an order directing each of you to appear, plead or answer in this action. This is an action to determine the rights and liabilities of the plaintiff Association and its members in respect of asbestos-related personal injury claims and other occupational disease claims, under the assessable marine indemnity insurance policies plaintiff issued to defendants in each insurance year before February 20, 1989, including each and all of you, all as outlined in plaintiff's Second Amended Complaint in the captioned action.

This Court has reviewed the application and the materials submitted in support of the motion and has found that the action is one in which an order to appear is authorized by Rules 4(e), (f), and (g) of the Federal Rules of Civil Procedure and §311(b) of the New York Civil Practice Law and Rules, as the defendants are either dissolved, or are not inhabitants of this Judicial District or State and cannot be found here, or are inhabitants of the foreign states and countries set forth above at addresses formerly known but not now current and cannot be found, and the listed defendants have not voluntarily appeared in this action despite plaintiff's efforts to serve them.  Therefore,

IT IS ORDERED:

1. That you appear and answer the complaint in this matter no later than January 21, 2005.

THIS ORDER IS NOTICE TO YOU THAT IF YOU DO NOT APPEAR AND ANSWER THE COMPLAINT AS REQUIRED BY THIS ORDER, YOU WILL BE BARRED FROM THEREAFTER INTERVENING IN THIS PROCEEDING, ABSENT A SHOWING OF SUFFICIENT CAUSE, AND THIS COURT MAY RENDER A JUDGMENT DETERMINING THE RIGHTS AND LIABILITY OF THE PLAINTIFF AS AGAINST ALL NAMED DEFENDANTS, INCLUDING YOU, IN RESPECT OF THE POLICIES OF INSURANCE DESCRIBED IN THE COMPLAINT.

A COPY OF THE PLAINTIFF'S COMPLAINT MAY BE OBTAINED FREE OF CHARGE FROM PLAINTIFF'S ATTORNEYS, NOURSE & BOWLES, LLP, WHOSE ADDRESS IS ONE EXCHANGE PLAZA AT 55 BROADWAY, NEW YORK, NEW YORK 10006 AND WHOSE TELEPHONE NUMBER IS (212) 952-6200.

2. That a copy of this Order be published in the Journal of Commerce and Lloyds List, in London, once a week for four consecutive weeks commencing December 6, 2004.

3. That publication be completed by the plaintiff no later than December 31, 2004.

4. That an affidavit be filed on plaintiff's behalf no later than January 14, 2005 describing the steps it has taken to publish this Order, and that the deadline for completion of service herein be extended accordingly.

Dated:    New York, New York
          December 6, 2004

Frank Maas /s/