UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY ASSOCIATION, INC.,

                             Plaintiff,

               -against-

ALCOA STEAMSHIP CO., INC., et al.,

                           Defendants.

04 Civ. 04309 (LAK)

**(ECF CASE)**

---

### DEFENDANT BESSEMER SECURITIES CORPORATION AS SUCCESSOR TO GROSVENOR-DALE CO., INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Bessemer Securities Corporation as successor to Grosvenor-Dale Co., Inc. ("Bessemer"), by and through its undersigned counsel, hereby responds to plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc.'s (the "Club") First Request for the Production of Documents (the "Requests") as follows.

### GENERAL OBJECTIONS

1.  Bessemer objects to the Requests to the extent that they seek information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Nothing contained in any response or objection herein shall be deemed an admission, concession, or waiver by Bessemer as to the relevance, materiality, or admissibility of any information or document.

2.   Bessemer objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not stated with reasonable particularity, or do not specify a particular period of time for which information or documents are sought.

3.   Bessemer objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine.  Any information or document subject to any such privilege or doctrine that is inadvertently provided by Bessemer in response to these Requests shall not constitute or be deemed a waiver of such privilege.

4.   Bessemer objects to the Requests to the extent that they seek the disclosure of information or documents containing trade secret or other confidential or proprietary information.

5.   Bessemer objects to the Requests to the extent that they seek documents that are not in the possession, custody, or control of Bessemer.

6.   Bessemer objects to the Requests to the extent that they seek the disclosure or production of documents that are a matter of public record, or in the possession of third-persons or entities not party to this litigation, or which are already in the possession, custody, or control of the Club.

7.   Bessemer objects to the Requests, and to the Definitions and Instructions stated therein, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of New York.

8.   Bessemer objects to the Requests to the extent that they seek information that is already in plaintiff's possession, or that is obtainable from another source that is more convenient, less burdensome, or less expensive.

9.   Bessemer will produce responsive, non-privileged documents at a time and place mutually agreeable to the parties.  Any decision by Bessemer to provide information or documents notwithstanding the objectionable nature of the Requests shall not be construed as an admission that the material is relevant or admissible or as a waiver of any objection.

10.    Bessemer reserves the right to assert additional objections to the Requests, and to supplement or amend these responses and objections as appropriate.

## DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO.  1

Each copy of a letter dated February 14, 1979 on the stationary of Kirlin, Campbell & Keating addressed to Mr. John H. Cassedy, Secretary of the American Club, the caption of which is "Associations Reserve Account" (copy attached), and each and every cover letter forwarding the above letter to each Defendant and/or its representative(s) on the American Club's Board of Directors and/or to any of Defendants other executives.

### RESPONSE TO REQUEST FOR PRODUCTION NO.  1

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1979, or at any time thereafter.  Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work

product doctrine.  Subject to these and the foregoing General Objections, Bessemer will

produce non-privileged documents, if any, responsive to this Request.

## REQUEST FOR PRODUCTION NO.  2

All documents prepared or produced since 1975 referring to or commenting upon the aforementioned letter of February 14, 1979 on Kirlin's letterhead in any way including all letters and memos.

## RESPONSE TO REQUEST FOR PRODUCTION NO.  2

Bessemer objects to this Request on the grounds that it was not a member of

the Club in 1975, or at any time thereafter.  Bessemer further objects to this Request to

the extent it seeks documents protected by the attorney-client privilege and/or the work

product doctrine.  Subject to these and the foregoing General Objections, Bessemer will

produce non-privileged documents, if any, responsive to this Request.

## REQUEST FOR PRODUCTION NO.  3

All documents prepared or produced since 1975 concerning possible uses of the Club's reserve account or any parts thereof in connection with the closing of any insurance years or for any other purposes.

## RESPONSE TO REQUEST FOR PRODUCTION NO.  3

Bessemer objects to this Request on the grounds that it was not a member of

the Club in 1975, or at any time thereafter.  Bessemer further objects to this Request to

the extent it seeks documents protected by the attorney-client privilege and/or the work

product doctrine.  Subject to these and the foregoing General Objections, Bessemer will

produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4**

        Each copy of any other letter on the stationary of Kirlin, Campbell & Keating addressed to the American Club or to any manager or director of the American Club since 1975 dealing with either the Association's reserve account or the reopening of insurance years, for any purpose.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

        Bessemer objects to this Request on the grounds that it was not a member of

the Club in 1975, or at any time thereafter.  Subject to the foregoing General Objections,

Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

        All documents concerning (i) the allegations in Defendants' answers and/or counterclaims to the effect that Plaintiff has "consistently represented to defendants that the Club had a legal obligation to indemnify members or policy holders with respect to occupational disease claims arising from alleged injuries in closed insurance years before 1989", and (ii) Defendants alleged "reliance" thereon; and (iii) that Plaintiff knowingly waived any rights it may have had under the insurance policies in question to require Defendants to pay their agreed pro rata shares of any indemnities any other Defendants would seek under those insurance policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

        Bessemer objects to this Request on the grounds that it asserted no such

allegations in its answer.

**REQUEST FOR PRODUCTION NO. 6**

        All documents concerning alleged "releases" given to members in connection with the closing of any policy year(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

        Bessemer objects to this Request to the extent it seeks documents protected by

the attorney-client privilege and/or the work product doctrine.  Subject to these and the

foregoing General Objections, Bessemer will produce non-privileged documents, if any,

responsive to this Request.

## REQUEST FOR PRODUCTION NO. 7

All documents concerning the allegation in Defendants' answers and/or counterclaims that the Club's Board of Directors' determinations to close a policy year with a "final" assessment or dividend does not terminate the Club's alleged continuing obligation under the policies for that policy year, unless the policyholder agrees to releases of policy coverage.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Bessemer objects to this Request on the grounds that it asserted no such

allegation in its answer.

## REQUEST FOR PRODUCTION NO. 8

All documents concerning the allegation in Defendants' answers that Defendants "resigned as members" of the Club.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Bessemer objects to this Request on the grounds that it asserted no such

allegation in its answer.

## REQUEST FOR PRODUCTION NO. 9

All documents concerning the allegations in Defendants' answers and/or counterclaims that the Club has continuously represented expressly and impliedly to policyholders that the closing policy years allegedly does not impair their coverage rights under pre-1989 policies and that policyholders of those policies would continue to be insured under those policies for the pre-1989 years.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Bessemer objects to this Request on the grounds that it asserted no such allegations in its answer.

## REQUEST FOR PRODUCTION NO. 10

All documents concerning when each Defendant first learned that ship-owners were being sued by seamen and others, including longshoremen, with respect to their employment on or about Defendants' vessels in any insurance or policy year, including, without limitation, copies of all internal reports, newspapers reports and the like regarding the then newly asserted asbestos claims against ship-owners.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Bessemer objects to this Request on the grounds it is overly broad, unduly burdensome, vague, ambiguous, and compound. Bessemer further objects to this Request on the grounds that seeks information not reasonably calculated to lead to the discovery of admissible evidence. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

## REQUEST FOR PRODUCTION NO. 11

All documents concerning the closing of each insurance or policy year from the time each Defendant received its first asbestos claim from any seaman or others working on or about their vessels until the closing of the 1988 insurance year, in or about 1994.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Bessemer objects to this Request on the basis that it is vague and ambiguous. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

## REQUEST FOR PRODUCTION NO. 12

All documents concerning the closing of the 1977 insurance year, and rejection of the Manager's and others' recommendations to reserve more than $100,000 per year for IBNR occupational disease claims for the 1977 and later insurance years the then directors decision to reserve only $100,000 per year for such claims which documents were circulated to members and/or directors in or about 1987, 1988 and 1989.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1977, or at any time thereafter. Bessemer further objects to this Request on the basis that it is vague, ambiguous and compound. Bessemer further objects to this Request on the grounds that it seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13

All lists or summaries concerning each asbestos or other occupational disease type claim each Defendant settled with each seamen and longshoremen or others working on or about each Defendants' vessels in the insurance years before February 20, 1989. If

a Defendant does not have such lists or summaries, then, in the alternative, produce such document(s) with respect to each such settled claim which show the name of each seaman or other and the amount each Defendant paid or contributed to the settlement of his claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Bessemer objects to this Request on the grounds that it is overly broad and unduly burdensome. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

## REQUEST FOR PRODUCTION NO. 14

All lists or summaries concerning which of the foregoing claims, if any, were presented to the American Club for indemnification and showing the amounts of any such indemnifications received from the Club and how it was calculated, including the number of deductibles and the total amounts for deductibles it absorbed. If a Defendant has no such lists or summaries, then produce only those documents with respect to each such claimant as will show the amount each Defendant paid in settlement of each such claim, the indemnity each Defendant received from the American Club and how it was calculated including the number of deductibles, and the total amounts for deductibles which each Defendant absorbed in connection with the indemnity received from the American Club.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Bessemer objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

9

**REQUEST FOR PRODUCTION NO. 15**

All documents sent by any Defendant between 1985 and the present to any new member of the American Club concerning the genesis of the Discretionary Practice and its negative effects on such new member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1985, or at any time thereafter. Bessemer further objects to this Request on the grounds it is vague and ambiguous. In particular, Bessemer objects to this Request as vague and ambiguous in its use of the phrase "the genesis of the Discretionary Practice and its negative effects on such new member." Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**

All documents concerning the American Club's application for membership with the International Group of P&I clubs between about 1985 and the present and concerning any modifications to the practices and procedures of the American Club necessitated and/or made as a result of such membership.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1985, or at any time thereafter. Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17**

All documents concerning the alleged "detriment" and or "damages" Defendants claim they have suffered or may suffer as a result of the American Club's termination of the Discretionary Practice in June 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Bessemer objects to this Request on the grounds that Bessemer has not claimed that it has suffered or may suffer any damages as a result of the American Club's termination of the Discretionary Practice in June 2004.

**REQUEST FOR PRODUCTION NO. 18**

All documents showing the current addresses and phone numbers of each living employee/representative of each Defendant who was a member of the Club's Board of Directors at any time between about 1975 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1975, or at any time thereafter.  Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

April 14, 2005

CHADBOURNE & PARKE LLP

By_____/s/ Donald I Strauber_____
           Donald I Strauber (DS-9256)
           A Member of the Firm
    Attorneys for Bessemer Securities
       Corporation as successor to Grosvenor-
       Dale Co., Inc.
    30 Rockefeller Plaza
    New York, New York  10112
    (212) 408-5100