UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,<br><br>            Plaintiff,<br><br>-against-<br><br>ALCOA STEAMSHIP CO., INC., et al.,<br><br>            Defendants. | 04 Civ. 04309 (LAK)<br><br>**(ECF CASE)** |

**DEFENDANT BESSEMER SECURITIES CORPORATION AS
SUCCESSOR TO GROSVENOR-DALE CO., INC.'S RESPONSE TO
PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Bessemer Securities Corporation as successor to Grosvenor-Dale Co., Inc. ("Bessemer"), by and through its undersigned counsel, hereby responds to plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc.'s (the "Club") Second Request for the Production of Documents (the "Requests") as follows.

**GENERAL OBJECTIONS**

1.  Bessemer objects to the Requests to the extent that they seek information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nothing contained in any response or objection herein shall be deemed an admission, concession, or waiver by Bessemer as to the relevance, materiality, or admissibility of any information or document.

2. Bessemer objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, not stated with reasonable particularity, or do not specify a particular period of time for which information or documents are sought.

3. Bessemer objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine. Any information or document subject to any such privilege or doctrine that is inadvertently provided by Bessemer in response to these Requests shall not constitute or be deemed a waiver of such privilege.

4. Bessemer objects to the Requests to the extent that they seek the disclosure of information or documents containing trade secret or other confidential or proprietary information.

5. Bessemer objects to the Requests to the extent that they seek documents that are not in the possession, custody, or control of Bessemer.

6. Bessemer objects to the Requests to the extent that they seek the disclosure or production of documents that are a matter of public record, or in the possession of third-persons or entities not party to this litigation, or which are already in the possession, custody, or control of the Club.

7. Bessemer objects to the Requests, and to the Definitions and Instructions stated therein, to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of New York.

8. Bessemer objects to the Requests to the extent that they seek information that is already in plaintiff's possession, or that is obtainable from another source that is more convenient, less burdensome, or less expensive.

9. Bessemer will produce responsive, non-privileged documents at a time and place mutually agreeable to the parties. Any decision by Bessemer to provide information or documents notwithstanding the objectionable nature of the Requests shall not be construed as an admission that the material is relevant or admissible or as a waiver of any objection.

10. Bessemer reserves the right to assert additional objections to the Requests, and to supplement or amend these responses and objections as appropriate.

## DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1

Each copy of a letter dated July 2, 1964 on the stationary of Kirlin, Campbell & Keating addressed to Mr. C. Williamson, Secretary of the American Club, the caption of which is "Association's Surplus" (copy attached), and each and every cover letter forwarding the above letter to each defendant and/or its representative(s) on the American Club's Board of Directors and/or to any of Defendants other executives.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1964, or at any time thereafter. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

3

**REQUEST FOR PRODUCTION NO. 2**

All documents prepared or produced since July 2, 1964 referring to or commenting upon the aforementioned letter dated July 2, 1964 on Kirlin's letterhead in any way, including all letters and memos with respect thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1964, or at any time thereafter. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3**

All documents prepared or produced since 1964 concerning possible uses of the Club's surplus or reserves or any parts thereof in connection with the closing of any insurance years or for any other purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Bessemer objects to this Request on the grounds that it was not a member of the Club in 1964 or at any time thereafter. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4**

All insurance policies issued to each defendant by the American Club before February 20, 1989 al all endorsements thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**

All correspondence regarding all insurance policies issued by the American Club to all defendants regarding all modifications to the aforesaid insurance policies including without limitation modifying premiums and canceling or terminating coverage with respect to individual vessels.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

All documents regarding all payments of premiums and assessments to the American Club under all of the aforesaid insurance policies, especially late payments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**

All documents regarding the American Club's issuance of final dividends and final assessments to all defendants under all of the aforesaid insurance policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Bessemer objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the

foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**

All correspondence with the American Club regarding setting reserves for all claims including any and all claims still open at the closing of each insurance year before February 20, 1989.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

All correspondence with the American Club regarding each and every claim submitted by each defendant to the Club in each and every insurance year before February 20, 1989, including requests and receipts for indemnities for all losses/claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Bessemer objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**

All documents reflecting the first indemnity payment by the American Club to each defendants with respect to asbestos-related and other occupational disease claims under the Discretionary Practice (which Practice is described in plaintiff's Second Amended Complaint and in the Master Reply to All Counterclaims).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11**

All documents reflecting alleged "other available coverage alternatives" mentioned in paragraph 110 in the answer and counterclaims filed by defendant Keystone Shipping Co. and in the comparable paragraphs in other defendants' answers and counterclaims including the nature of such insurance, its terms, the entities willing to provide such insurance and all estimates of the costs thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Bessemer objects to this Request on the grounds that it asserted no such allegation in its answer.

**REQUEST FOR PRODUCTION NO. 12**

All documents reflecting alleged "releases from any liability for further assessments under one or more of the pre-1989 policies" mentioned in paragraph 135 of the answer and counterclaims of Keystone Shipping Co. and in the comparable paragraphs in other defendants' answers and counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Bessemer objects to this Request on the grounds that it asserted no such allegation in its answer.

**REQUEST FOR PRODUCTION NO. 13**

All minutes of all meetings of the American Club's Board of Directors and Finance Committee received or prepared by Club Directors appointed and/or employed by each Defendant including retired and deceased Directors and all documents received and prepared in connection therewith by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14**

All annual reports of the American Club in the possession of defendants and/or the Club Directors they appointed and/or employed including retired and deceased directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Subject to the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15**

The documents of each of defendants' executives who served on the American Club's Board of Directors and Finance Committee (including retired and deceased executives/representatives) related to the issues in dispute in this action, including without limitation all documents related to asbestos and other occupational disease claims, closing insurance policy years, establishing reserves for IBNR occupational disease claims, the policy regarding allocation of claims and application of deductibles and the like.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Bessemer objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**

All documents related to that part of the Discretionary Practice (as described in plaintiff's Second Amended Complaint and Master Reply to Counterclaims) dealing with the allocation of claims over the years seamen and others worked on or about the defendants' vessels and the application of the deductible for each of those years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Bessemer objects to this Request on the grounds that it is vague and ambiguous. Bessemer further objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to these and the foregoing General Objections, Bessemer will produce non-privileged documents, if any, responsive to this Request.

April 14, 2005

CHADBOURNE & PARKE LLP

By   /s/ Donald I Strauber
       Donald I Strauber (DS-9256)
       A Member of the Firm
   Attorneys for Bessemer Securities
       Corporation as successor to Grosvenor-
       Dale Co., Inc.
   30 Rockefeller Plaza
   New York, New York  10112
   (212) 408-5100