**MEMO ENDORSED**

## NOURSE & BOWLES, LLP

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200
Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

Nourse & Bowles, LLP
115 Mason Street
Greenwich, CT 06830-6630
Telephone: (203) 869-7887
Facsimile: (203) 869-4535

Nourse & Bowles
75 Main Street, Suite 205
Millburn, NJ 07041-1322
Telephone: (973) 258-9811
Facsimile: (973) 258-1480

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/05

May 10, 2005

MAY 1 1 2005

**By Hand and E-Mail**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

Re:  American Steamship Owners Mutual Protection and Indemnity Association, Inc.
     v. Alcoa Steamship Co., Inc., et al., No. 04 Civ. 04309 (LAK) (JCF)

Dear Judge Francis:

   We are counsel for the American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club") in the above captioned action. The American Club is a non-profit mutual indemnity insurance association whose members are ship owners. At any time the American Club is operated by its members for their benefit, through the directors they elect. The above captioned action was commenced by the current members to seek judicial approval of the termination of an inequitable practice some of the defendants commenced or permitted to be commenced in the 1980s for their own benefit.

   We write at this time to request the immediate entry of an interim protective order, copy attached, to address a flagrant violation of the American Club's attorney client privileges arising from the production and dissemination by one of the defendants, Farrell Lines, to counsel for all defendants herein of two of our opinion letters to the American Club concerning this litigation, one dated May 18, 2004, and the other dated June 18, 2004. Farrell Lines obtained these two letters through one of its officers, Mr. Robert Agresti. The American Club could not avoid providing Mr. Agresti with the May 18 letter as he was then a member of the American Club's Board of Directors. It was provided to him in May 2004 in connection with a special meeting of the American Club's Board of Directors called to vote upon the termination of the practice mentioned

Honorable James Francis
Page 2
May 10, 2005

above. Mr. Agresti received that letter <u>solely</u> in his capacity as a director and fiduciary of the American Club, <u>not</u> as an officer of Farrell Lines. The June 18 letter was inadvertently sent to him after the rest of the American Club's Board of Directors voted to terminate the above practice. As shown on its face he was not an intended recipient of our June 18 letter. Mr. Agresti was immediately and specifically notified by us in writing in June 2004 that his possession and retention of the June 18 letter was wrongful as to the American Club and he was asked to return or destroy his copies of that letter. We subsequently placed Farrell Lines' counsel on notice in February 2005 that their possession and retention of these two letters and other attorney client privileged material was wrongful as to the American Club and we demanded their return or destruction. Copies of our letters dated February 24 and 25, 2005 to Farrell Lines' counsel, Brown Rudnick, are also attached hereto. Notwithstanding the foregoing, in clear violation of our demands, Farrell Lines' counsel copied and produced our opinion letters on computer disk to all co-defendants in this action and thereafter claimed that their production was "inadvertent." There is nothing "inadvertent" about that production after our multiple written warnings and demands for the return or destruction of the specifically identified documents in question. Their conduct is inexcusable, by any measure, as is Mr. Agresti's in giving our two letters to Farrell Lines' counsel.

As soon as we learned of the production of these two letters to all defendants, we immediately informed them of the privileged nature of the documents, which should have been obvious from the fact that both letters were clearly marked at the top of the first page thereof:

"CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATIONS"

We also warned all defendants' counsel that any review of the documents beyond the above statement would constitute serious violations of their ethical obligations and we demanded a stipulation from the defendants' counsel agreeing to destroy the documents in question and not to use any of the material contained therein in this litigation.

Several of the defendants' counsel rejected our demands and claim the right to challenge the American Club's assertion of privilege as to the letters in question.

We are presently in the midst of an intensive period of depositions scheduled to proceed on about a daily basis until about the end of June.

We enclose a draft interim protective order attempting to protect plaintiff's attorney-client privilege as much as possible in these unfortunate circumstances until the matter can be discussed, perhaps at the July 6th conference, at which time we will present copies of the two letters in question, to the Court, for review *in camera*. In the meantime, until

Honorable James Francis
Page 3
May 10, 2005

the matter can be reviewed by the Court, we respectfully submit, the American Club's rights should be protected and we ask that the interim order be entered immediately.

On behalf of the American Club we reserve all other rights the American Club may have, under the circumstances.

Thank you for your consideration.

Respectfully submitted,

Nourse & Bowles LLP

*[signature]*
Lawrence J. Bowles
Shaun F. Carroll

LJB/jtc
Encls.

cc: All Counsel

---

5/11/05

In any instance where a party asserts that a privileged document has been inadvertently or wrongfully disclosed, the receiving party shall immediately sequester the document and shall neither disseminate it further nor utilize it in any way until its status has been determined by the Court. With respect to the May 18, 2004 and June 18, 2004 letters, the American Club shall move for a protective order by May 27, 2005, defendants shall answer the motion by June 10, 2005, and the American Club shall reply by June 17, 2005.

SO ORDERED.
James C. Francis IV
USMJ