Nourse & Bowles, LLP
Attorneys for Plaintiff
One Exchange Plaza
At 55 Broadway
New York, New York 10006
(212) 952-6200
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
AMERICAN STEAMSHIP OWNERS : 04 Civ. 04309 (LAK)(JCF)
MUTUAL PROTECTION AND : **ECF Case**
INDEMNITY ASSOCIATION, INC., :
: REPLY AFFIDAVIT
Plaintiff, : OF SHAUN F. CARROLL
:
- against - :
:
ALCOA STEAMSHIP CO., INC., et. al :
:
Defendants. :
:
------------------------------------------------------X

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF NEW YORK         )

SHAUN F. CARROLL, being duly sworn, deposes and says:

1. I am a partner in the firm of Nourse & Bowles, LLP, attorneys for the nominal plaintiff, The American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or "Club"). I submit this Reply Affidavit to address Defendants' allegation, in opposition to the Club's pending motion, that I "admit[ted] that the Club is pursuing an 'ad hoc' strategy in its privilege assertions." Keystone Memorandum of Law, p. 8.

{N0044043; 2}

2.  Responding to a passing comment by Keystone's counsel at a deposition in this matter, I stated honestly – if somewhat inartfully – that the Club was approaching the privilege issue on an "ad hoc" basis, by which I meant it was conducting its review on a "document-by-document" basis.

3.  In our privilege review, the distinction we have drawn is this: all requested documents, including prior opinions of counsel on a broad range of topics, issued or prepared <u>before</u> January 2000, when the relationship between the Club and its former members (now Defendants) was not adversarial, have been produced, regardless of their content. Only privileged documents issued or prepared in or <u>after</u> January 2000, when the relationship between the Club and Keystone was or was about to become adversarial, have been withheld as privileged and/or work product. Contrary to counsel's assertion, there is nothing "strategic" or "selective" about the privilege review process; it is governed by this principled distinction.

{N0044043; 2}

4. Lastly, I note that while the Club likely received the documents mentioned in the Bauer Affidavit Exhibit T, that fact does not mean that the Club knows the full extent of the individual Director's knowledge at the relevant times. The documents contained in Defendants' privilege logs, which were not contemporaneously produced to the Club, will provide probative evidence, including particularly APL's internal study of its exposure to asbestos claims in or about April-June 1995.

_____
Shaun F. Carroll

Sworn to before me this 22nd day of June 2005

_____
Notary Public

DAVID A. MASON
NOTARY PUBLIC, STATE OF NEW YORK
NO: 02MA6123830
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES MARCH 14, 20__

3

{N0044043; 2}