# MEMO ENDORSED

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Seth B. Schafler
Senior Counsel

Direct Dial 212.969.3660
sschafler@proskauer.com

June 23, 2005

<u>By Fax: 212-805-7930</u>

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 6/24/05

Re: American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Alcoa Steamship Co., Inc., et al., No. 04 Civ. 04309 (LAK) (JCF)

Dear Magistrate Francis:

We represent Defendants Keystone, BP, MTL, Kirby Inland Marine (as successor to Hollywood Marine Inc.), American Steamship, American Steamship Company, The Cleveland-Cliffs Steamship Company, Ispat, Amerada Hess Corporation, Sea Mobility, SEI II Equipment Inc., Alcoa Steamship Company, Inc., and related entities, Sabine Towing & Transportation Co., Inc., and Tecomar, S.A. de C.V. in the above-referenced action.

I write to request permission on behalf of Defendants Keystone Shipping Company ("Keystone), Farrell Lines ("Farrell") and American President Lines ("APL") to file a motion for Protective Order with respect to Rule 30(b)(6) deposition notices recently served by the American Club on June 14, 2005. A copy of the Rule 30(b)(6) notice served on Keystone is attached. Similar notices were served on Farrell Lines and APL.

As background to the proposed Motion, on March 22, 2005, Magistrate Maas issued an Order requiring the parties to exchange tentative lists of deposition witnesses with anticipated durations on April 1, 2005 and further ordered that all depositions be completed on or before July 1, 2005. A copy of this Order is attached.

On April 1, 2005, Plaintiff submitted a tentative deposition list which included a request for a Rule 30(b)(6) witness from Keystone and Farrell Lines, each for a single day, but did not identify any topics for inquiry. (See Letter Larry Bowles dated April 1, 2005 attached). The same day, I

**PROSKAUER ROSE LLP**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
June 23, 2005
Page 2

requested that Mr. Bowles identify the specific areas of inquiry. (See Letter from Seth Schafler dated April 1, 2005 attached). Plaintiff failed to do so, and instead proceeded to depose various fact witnesses, including current and former employees of Defendants.

On June 14, 2005, with only thirteen business days remaining until the close of fact discovery, Plaintiff served Rule 30(b)(6) deposition notices on Defendants Keystone, APL and Farrell Lines. These notices for the first time identified subject matters for Rule 30(b)(6) depositions and also for the first time requested a Rule 30(b)(6) deposition from APL. The Rule 30(b)(6) deposition notices listed 19 topics, each of which has been the subject of testimony by prior witnesses and/or is objectionable as vague, overbroad, seeking legal positions or information in Plaintiff's possession. Keystone, Farrell Lines and APL objected to these requests. (A copy of Keystone's objections is attached.) A "meet and confer" with Plaintiff's counsel has been unsuccessful in narrowing or eliminating any of Plaintiff's requests.

Plaintiff's belated filing of Rule 30(b)(6) notices with only thirteen business days before the fact discovery deadline, despite a specific request for identification of topics on April 1, 2005, after most of the fact witnesses have already been deposed, is highly prejudicial to Defendants. Plaintiff was required to identify the topics for Rule 30(b)(6) inquiry on April 1 in accordance with Judge Maas's Order and to afford Defendants sufficient time to identify and prepare appropriate witnesses. Merely notifying Defendants (not including APL) on April 1 of a requested Rule 30(b)(6) witness, with no identification of subject matter, served no useful purpose of enabling Defendants to select and prepare an appropriate witness (or witnesses). There is no valid reason why Plaintiff could not have identified its topics for Rule 30(b)(6) inquiry on April 1 or earlier. In contrast, Defendants served their Rule 30(b)(6) deposition notice nearly six months ago, on January 10, 2005. Moreover, the requests themselves are objectionable on various grounds as described above.

We have offered to have any remaining witnesses who have been identified by Plaintiff and have not yet been deposed testify to the extent of their personal knowledge concerning the subject matters of certain of the requests, and to provide additional responses, if appropriate, to other requests by way of interrogatory answer. Plaintiff has refused to limit its requests in any way, and insists upon obtaining witnesses to respond to its Rule 30(b)(6) notices in their entirety next week, absent which it has threatened to move to strike Defendants' pleadings.

Under these circumstances, Defendants request permission to move promptly for a Protective Order seeking to strike Plaintiff's Rule 30(b)(6) notices in their entirety or, in the alternative to limit their scope and allow response to be made, if appropriate, through interrogatory answers.

PROSKAUER ROSE LLP

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
June 23, 2005
Page 3

Defendants are prepared to file their motion promptly on a schedule ordered by the Court.

Respectfully yours,

*[signature]*

Seth B. Schafler

Attachments

cc via email:   All Counsel of Record
                Larry Bowles, Esq.
                Mitchell C. Stein, Esq.

6/24/05

Application denied. The 30(b)(6) depositions shall proceed, but only after: (1) counsel have conferred to determine the extent to which the defendants agree that they are bound by the testimony of already deposed fact witnesses, and (2) plaintiff has specifically identified anticipated areas of inquiry that do not duplicate information provided by prior witnesses.

SO ORDERED.

James C. Francis IV
USMJ