UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>ALCOA STEAMSHIP CO., INC., et al.,<br><br>Defendants. | 04 Civ. 04309 (LAK)<br><br>**(ECF CASE)** |

### RESPONSES AND OBJECTIONS OF DEFENDANT BESSEMER SECURITIES CORPORATION AS SUCCESSOR TO GROSVENOR-DALE CO., INC. TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), and Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Bessemer Securities Corporation as successor to Grosvenor-Dale Co., Inc. ("Bessemer"), by and through its undersigned counsel, hereby responds to Plaintiff's Second Set of Interrogatories to Defendants (the "Interrogatories") as follows.

### GENERAL OBJECTIONS

Bessemer asserts the following General Objections which are incorporated by reference in its specific responses to each interrogatory:

1. Bessemer objects to the Interrogatories to the extent that they call for the disclosure of information protected by the attorney-client privilege, the work product doctrine or information otherwise protected by FRCP Rule 26(3).

2. Bessemer objects to the Interrogatories to the extent that they call for the disclosure of information that is beyond the scope of FRCP Rule 33 or the Local Rules.

3. Bessemer objects to the Definitions to the extent that they vary the standard usage of the English language or purport to impose vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond those imposed by the FRCP or the Local Rules.

4. Bessemer objects to the Interrogatories to the extent that they seek information that is unrelated to the subject matter of this litigation or is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

5. Bessemer objects to the Interrogatories to the extent that they seek information that is confidential to Bessemer or otherwise constitutes proprietary or other restricted information.

6. Bessemer reserves the right to supplement or amend these objections and responses to the Interrogatories.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Occupational Disease Claims asserted against You, which: (i) You claim are covered in whole or in part by American Club policies for pre-1989 Insurance Years; (ii) You have paid to claimant(s); and (iii) You have not received indemnity from the American Club. For each such Occupational Disease Claim identified in response to the previous

sentence, state the date, if any, on which You submitted said claim for indemnity to the American Club.

**RESPONSE TO INTERROGATORY NO. 1**

Bessemer objects to this Interrogatory on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Bessemer further objects to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted by Local Rule 33.3.

Subject to these and the foregoing General Objections, Bessemer states that it is unaware of any claims against it that meet the criteria set forth in Interrogatory No. 1.

**INTERROGATORY NO. 2**

Identify all Occupational Disease Claims asserted against You, which: (1) You claim are covered in whole or in part by American Club policies for Insurance Years pre-1989; (ii) You have not paid; and (iii) which are currently pending against You.

**RESPONSE TO INTERROGATORY NO. 2**

Bessemer objects to this Interrogatory on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Bessemer further objects to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted by Local Rule 33.3.

Subject to these and the foregoing General Objections, Bessemer states that it is unaware of any claims against it that meet the criteria set forth in Interrogatory No. 2.

**INTERROGATORY NO. 3**

Identify all Occupational Disease Claims which You anticipate may be brought against You, which You claim are covered in whole or in part by American Club policies for pre-1989 Insurance Years.

**RESPONSE TO INTERROGATORY NO. 3**

Bessemer objects to this Interrogatory on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Bessemer further objects to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted by Local Rule 33.3.

Subject to these and the foregoing General Objections, Bessemer states that it is unaware of any claims against it that meet the criteria set forth in Interrogatory No. 3.

**INTERROGATORY NO. 4**

Identify all items of damages, if any, You assert in Your counterclaim, if any. For each such item: (i) state the amount of such damage; (ii) state the basis on which such amount is calculated; and (iii) state the date on which the damage occurred.

**RESPONSE TO INTERROGATORY NO. 4**

Subject to the foregoing General Objections, Bessemer states that it has not asserted any counterclaims in this action.

**INTERROGATORY NO. 5**

If You have asserted in any pleading filed in this action an allegation that any indemnities You previously received from the American Club with respect to Occupational Disease Claims should be recalculated from a multiple deductible to a single deductible basis,

4

identify with respect to each such claim: (i) the name of the claimant; (ii) the Insurance Years for which American Club policies You allege covered the claims; (iii) the deductible for each such Insurance Year; (iv) the dates of each of Your payments to each claimant; (v) the dates You submitted each indemnity claim to the American Club; (vi) the amounts of each indemnity claim paid by the American Club on a multiple deductible bases; and (vii) the amount You now assert is owed to You by the American Club for each such claim.

**RESPONSE TO INTERROGATORY NO. 5**

Bessemer objects to this Interrogatory on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Bessemer further objects to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted by Local Rule 33.3.

Subject to these and the foregoing General Objections, Bessemer states that it has not asserted any such allegations in any pleading filed in this action.

**INTERROGATORY NO. 6**

State whether You have adjusted or resolved any indemnity claims on a multiple or "stacked" deductible basis with any P&I Club(s) or other liability insurer(s), other than the American Club, regarding Occupational Disease Claims against You. If so, identify the P&I Club(s) or other insurer(s) and the claimants.

**RESPONSE TO INTERROGATORY NO. 6**

Bessemer objects to this Interrogatory on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Bessemer further

objects to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted by Local Rule 33.3.

Subject to these and the foregoing General Objections, Bessemer states that it is unaware of any indemnity claims against it (regarding Occupational Disease Claims) that have been adjusted or resolved on a multiple or "stacked" deductible basis with any P&I Clubs or other liability insurers, other than the American Club.

**INTERROGATORY NO. 7**

Identify all documents You relied upon in preparing Your responses to each of the above-referenced interrogatories and each subpart thereof.

**RESPONSE TO INTERROGATORY NO. 7**

Subject to the foregoing General Objections, Bessemer states that it has relied on no documents in preparing its responses to each of the above-referenced interrogatories and each subpart thereof, as Bessemer is unaware of the existence of any documents that relate to the Interrogatories.

**INTERROGATORY NO. 8**

Identify all persons consulted concerning preparation of Your responses to the above-referenced interrogatories and each subpart thereof.

**RESPONSE TO INTERROGATORY NO. 8**

Subject to the foregoing General Objections, Bessemer states that the following persons were consulted in connection with its response to the Interrogatories: Steven L. Williamson, Esq. and John G. MacDonald.

Dated: New York, New York
      September 16, 2005

Respectfully Submitted,

CHADBOURNE & PARKE LLP
Attorneys for Defendant Bessemer Securities
Corporation as successor to Grosvenor-Dale Co.,
Inc.

By: _____
Donald I Strauber (DS-9256)
A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

TO:    All Counsel

## VERIFICATION

STATE OF NEW YORK    )
                     :  ss.:
COUNTY OF NEW YORK   )

  STEVEN L. WILLIAMSON, ESQ., being duly sworn, deposes and says that he is the Vice President & Associate General Counsel of defendant Bessemer Securities Corporation as successor to Grosvenor-Dale Co., Inc. ("Bessemer"); that he has read the foregoing Responses and Objections of Defendant Bessemer Securities Corporation as Successor to Grosvenor-Dale Co., Inc. to Plaintiff's Second Set of Interrogatories to Defendants (the "Responses"); that the foregoing Responses were prepared on the basis of information known to him; and that the following Responses are true and correct to the best of his knowledge, information and belief. Leave is reserved to amend or supplement these responses up through the time of trial.

_____
Steven L. Williamson, Esq.

Sworn to before me this
14th day of September 2005

_____
Notary Public

MARILYN P. O'LEARY
Notary Public, State of New York
No. 41-8210035
Qualified in Queens County
Certificate filed in New York County
Commission Expires August 31, 2006

8

NY4 - 188389.01