# MEMO ENDORSED

## PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

LOS ANGELES
WASHINGTON
BOSTON
BOCA RATON
NEWARK
NEW ORLEANS
PARIS

Seth B. Schafler
Senior Counsel

Direct Dial 212.969.3660
sschafler@proskauer.com

September 27, 2005

**By Fax: 212-805-7930**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/05

Re: American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Alcoa Steamship Co., Inc., et al., No. 04 Civ. 04309 (LAK) (JCF)

Dear Magistrate Francis:

We are counsel to Defendants Keystone, BP, MTL, Kirby Inland Marine (as successor to Hollywood Marine Inc.), American Steamship Company, The Cleveland-Cliffs Steamship Company, Ispat, Sea Mobility, SEI II Equipment Inc., Alcoa Steamship Company, Inc., and related entities, Sabine Towing & Transportation Co., Inc., and Tecomar, S.A. de C.V. as defined in their Answers and Counterclaims filed in the captioned action. We write in reply to Mr. Carroll's letter dated September 23, 2005. I am informed by counsel for defendant Farrell Lines, Inc. ("Farrell") and American President Lines ("APL") that Farrell and APL join in the positions set forth in this letter.

In my letter dated September 20, 2005, I asked the Court to consider two additional issues raised by its Orders dated September 13 and 15, 2005: (a) whether any otherwise applicable work product privilege had been waived with respect to documents that the American Club had provided to its actuary, Deloitte & Touche; and (b) whether subject matter waiver had occurred with respect to other documents listed on plaintiff's privilege log supplied to the Court under cover of my letter dated September 20, 2004 (and also attached to the declaration of Lisa Bauer submitted in opposition to defendants' opposition papers).

In his September 23 letter, Mr. Carroll requests the Court to defer consideration of those issues pending the outcome of the Club's appeal from the September 13, 2005 Order. Mr. Carroll's request should be denied. It makes little sense for these issues to be considered on a piecemeal basis. The Court should consider all issues involving the American Club's assertion of privilege with respect to the May 18, 2004 letter, the June 18, 2004 letter, the July 29, 2004 letter and the

6276/20271-004 Current/7479788v1

**PROSKAUER ROSE LLP**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
September 27, 2005
Page 2

other documents listed on the American Club's privilege log so that there may be a single appeal from all of these issues.

In its September 15 Memorandum and Order at p. 2, the Court noted that the American Club had made no argument based on work product in the memoranda it submitted on its motion for protective order, having first raised the issue at oral argument on its motion and then alluded to it in passing in a subsequent letter. As a result, the American Club never created a record supporting the application of work product privilege, and defendants have never had the opportunity fully to brief the issue of whether work product protection attached to these documents. The American Club's submissions fail to explain why its counsel's opinion letters should be considered work product, resulting in a total failure of plaintiff's burden of proof.

As mentioned in the Court's Memoranda and Order dated September 13, 2005, at p. 20, the American Club frequently obtained legal opinions of counsel in support of proposed Board actions on a variety of subjects including closing of insurance years, the Club's (alleged) ability to assess members for closed insurance years and use of the Club's reserves. The Club asserts that its prior Boards did not obtain a formal legal opinion concerning the Club's legal obligation to indemnify policyholders for claims that were first reported to it after the involved insurance years were closed. (*See* pages 45-51 of transcript from July 6, 2005 hearing attached hereto as Ex. A). According to the Club's argument, once the opinion of its current counsel was obtained, that opinion demonstrated that payment of such claims was not legally required and could be terminated.

Although it is likely that the Club expected a legal challenge to its unilateral termination of coverage for such claims, that fact alone is insufficient to justify work product protection. The past practice by the Club in obtaining legal opinions in support of Board actions, whether or not litigation was anticipated, undermines any contention that the opinions in question were created "because of" litigation as required by United States v. Adlman, 134 F. 3d 1194 (2d Cir. 1998); see, e.g., Stephenson Equity Co. v. Credit Bancorp, Ltd., 2002 WL 59418 (S.D.N.Y. Jan. 16, 2002) (under Adlman "causation" test, investigation documents that were not created "because of" litigation were not protected work product).

In Adlman, a study was prepared for an attorney assessing the likely result of expected litigation if the action was taken. The study contained detailed legal analysis of likely IRS challenges, discussed litigation strategies and predicted the outcome of litigation. The Court remanded to the district court the question of whether the document had been prepared because of the prospect of litigation. 134 F.3d at 1203-1204.

**PROSKAUER ROSE LLP**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
September 27, 2005
Page 3

The Court emphasized that:

> the "because of" formulation that we adopt here withholds protection from documents that are prepared in the ordinary course of business <u>or that would have been created in essentially similar form irrespective of the litigation</u>.

<u>Id.</u> at 1202. The Court explained that "[e]ven if such documents might also help in preparation for litigation, they do not qualify for protection because it could not fully be said that they were created 'because of' actual or impending litigation." <u>Id.</u>

Application of the Second Circuit's ruling in <u>Adlman</u> to the facts here demonstrates that the Club's late-minted work product argument is meritless. Creation of the opinions in question was necessary to support (a) the purported legality of corporate resolutions that were adopted by the Board on May 25, 2004 (the Board's Resolutions are attached hereto as Ex. B); and (b) a certification of Club reserves by the Club's actuary, Deloitte & Touche, to the New York Insurance Department. The Club's procurement of a legal opinion under these circumstances is no different than its procurement of myriad other opinions in the regular course of its business over the past forty years.

Proof of the non-litigation purpose served by the legal opinions in question is provided by a letter dated July 15, 2004 (attached hereto as Ex. C) from the Club's President and Chief Operation Officer, Vincent Solarino to Deloitte, which stated:

> Please be advised that the Association's Board of Directors passed a new resolution that eliminates the discretionary payment practice of paying claims on closed policy years prior to February 20, 1989. We understand that this resolution is effective immediately and it will eliminate the need to provide for future asbestos and other occupational disease claims payments for policy years prior to February 20, 1989. *Attached is a letter from our legal council* [sic] *confirming the legality of such a resolution, and how it affects future exposure to loss.* (emphasis added)

While Mr. Solarino expressly states that counsel's opinion was necessary to "confirm[] the legality of [the Board's] resolution, and how it affects future exposure to loss," he makes no reference whatsoever to litigation or any concern over litigation.

**PROSKAUER ROSE LLP**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
September 27, 2005
Page 4

The primary Second Circuit authority on work product upon which the American Club relies, United States v. Adlman, 134 F. 3d 1194 (2d Cir. 1998), does not support attachment of work product privilege under these circumstances.

The Club's contention that it was the pendency of the Keystone litigation that caused it belatedly to "reexamine" its obligations to provide coverage for closed year occupational disease claims (Plaintiff's Memorandum in Support of Protective Order at 12) also is not a basis for work product protection. The Club would have procured substantially the same opinions if it wished to change its long-standing (and contractually mandated) practice of paying and making provision for payment of occupational disease claims whether litigation was anticipated or not. Indeed the Club contends that prior Boards should have obtained a legal opinion on the same subject when payments for occupational disease claims in substantial numbers commenced in the early 1980s, although no litigation between the Club and any member was pending at that time. It follows that the Club's procurement of such an opinion more than twenty years later is entitled to no greater protection from a work-product standpoint.

As the Club has failed to establish that the opinions in question were prepared "because of" the prospect of litigation, and that they would not have been created in essentially similar form irrespective of the litigation, under Adlman, the Club's work product argument fails as a matter of law. This provides an independent basis upon which the Court's September 13 and 15 rulings should be sustained. Documents on the American Club's privilege log should be produced to the extent they were not prepared "because of" litigation and, alternatively, because of the Club's subject matter waiver.

We respectfully urge the Court to resolve the issues raised in this letter and in our letter of September 20, 2005 at this time so as to limit further motion practice and appeals.

Respectfully yours,

[signature]

Seth B. Schafler

cc via email:   All Counsel of Record

6276/20271-004 Current/7479788v1

---

*Handwritten annotation:*

9/29/05

As previously indicated, I will defer decision until the objections have been ruled upon. My prior orders assumed but did not decide that the May 18, 2004 letter was work product and ruled that if it were work product, any protection had been waived. SO ORDERED.

James C. Francis IV
USMJ