**MEMO ENDORSED**





ANDREW DASH
Direct Dial: 212.209.4811
adash@brownrudnick.com

Seven
Times
Square
New York
New York
10036
tel 212.209.4800
fax 212.209.4801

NOV 0 7 2005

November 4, 2005

**VIA HAND DELIVERY**

Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/05

Re: American Steamship Owners Mutual Protection
and Indemnity Association, Inc. v. Alcoa, etc.
04 CV 4309 (LAK) (JCF)

Dear Magistrate Judge Francis:

This firm represents Farrell Lines, Inc. ("Farrell"), a defendant in the above-captioned matter. I submit this letter on behalf of Farrell and the following other defendants in this action: Keystone Shipping Company (and related entities), BP America Inc. (and related entities), Marine Transport Lines, Inc. (and related entities), Kirby Inland Marine, LP (as successor to Hollywood Marine Inc.), American Steamship Company, The Cleveland-Cliffs Steamship Company, Ispat Inland Inc., Amerada Hess Corporation, Sabine Towing and Transportation Company, Inc., Alcoa Steamship Co. Inc. (and related entities), APL, Ltd. (as successor to American Mail Line and American President Lines, Inc.), Apex Oil Company, Inc. (and related entities), Central Gulf Lines, Inc., and Waterman Steamship Corporation.

I write Your Honor in connection with (i) the failure of plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "Club" or "Plaintiff") to submit an expert report on October 21, 2005, as required by the pre-trial schedule and (ii) the Club's unilateral pronouncement that it intends to reserve its expert disclosure and only submit a "rebuttal" report. Plaintiff is engaging in blatant litigation gamesmanship by ignoring a firm deadline for Rule 26(a)(2)(B) expert disclosure and by maneuvering to preclude unfairly expert rebuttal by Defendants of the expert testimony to be proffered by Plaintiff. For the reasons set forth herein, Plaintiff should be barred from submitting expert testimony or, at a minimum, should be required to exchange a Rule 26(a)(2)(B) report, containing all opinions on the well-understood issues in this case, by a date certain.

Honorable James C. Francis IV
November 4, 2005
Page 2

## Background Facts

The facts underlying the instant matter are straightforward:

- By Order dated March 22, 2005, Magistrate Judge Maas directed, among other things, that the parties were to simultaneously exchange affirmative expert reports by July 15, 2005. (A copy of the initial pre-trial schedule as set by Magistrate Judge Maas is annexed hereto as Exhibit A.)

- At a conference with Your Honor on July 6, 2005, the Club requested, and the Court granted, an extension of the fact discovery deadline to September 15, 2005. As a consequence, the parties were directed to stipulate to a revised schedule for the submission of affirmative and rebuttal expert reports and related depositions. The parties were further directed to establish a date by which the parties would disclose the subject matter of anticipated expert testimony (not including rebuttal testimony).

- At the July 6 conference, Your Honor recognized that there would be a simultaneous exchange of expert reports in this action:

    > THE COURT: Well, I'm not interested in changing the order that Judge Maas set down in terms of when expert reports are exchanged. I think there may well be some value in having an exchange of views prior to the actual production of the reports of the subject matter that the parties anticipate having expert testimony on.
    >
    > I think that makes a lot of sense and would urge you folks to incorporate that into the schedule that you hopefully stipulate to, such that there would be a date by which the parties would exchange lists of subject matter for experts -- and frankly, I don't think you probably need the identity of the experts at that stage -- then a date for exchanging expert reports, then a date for exchanging rebuttal reports, and then a date for completing the depositions. That would be my suggestion for purposes of a framework.
    >
    > MR. SULLIVAN [representing the Club]: That's fine, Your Honor. Thank you."

8119213v2

(Relevant pages from the transcript of the July 6 conference are annexed hereto as Exhibit B.)

- The parties thereafter agreed to the following schedule for the completion of expert disclosure:

  - August 31, 2005 - disclosure of anticipated subject matter of expert witness testimony (not including rebuttal testimony).
  - October 14, 2005 - exchange of expert reports;
  - November 15, 2005 - exchange of rebuttal reports; and
  - December 16, 2005 - completion of expert depositions.

  (The foregoing agreement was memorialized in a letter dated August 23, 2005, a copy of which is annexed hereto as Exhibit C.)

- By subsequent agreement, at the Club's request the date, inter alia, for the exchange of affirmative Rule 26(a)(2)(B) reports was adjourned to October 21, 2005.

- Consistent with the agreed-upon pre-trial schedule, on August 31, 2005, Mitchell C. Stein, Esq., of Sullivan & Worcester LLP, one of two law firms representing the Club in this action, made the following disclosure as to the scope of the Club's affirmative expert discovery:

  > Anticipated expert testimony on behalf of the American Club will: . . . discuss custom, practices, usages and understandings with respect to non-profit, assessable mutual marine indemnity insurance, non-assessable, non-mutual, for-profit commercial insurance, the management of mutual protection and indemnity clubs, the historical development of individual club rules, and other matters relating to the insurance policies in this civil action . . . .

  (A copy of Mr. Stein's August 31, 2005 letter is annexed hereto as Exhibit D.) Defendants duly communicated to Plaintiff their expected areas of expert testimony on that date. (A copy of that disclosure is annexed as Exhibit E.)

8119213v2

- On October 18, Lawrence Bowles, Esq., of Nourse & Bowles LLP, lead counsel for Plaintiff, requested a further extension of the time to exchange affirmative expert reports. Mr. Bowles represented that the Club was having unspecified difficulty in obtaining unspecified information for use by its expert. While the defendants were agreeable to a limited additional extension, the Club declined to accept a proposed compromise and, instead, wrote Your Honor on October 19 and 20, 2005 requesting an extension of the date by which affirmative expert reports were to be submitted from October 21 to November 7, along with concomitant extensions of the dates for the exchange of rebuttal reports and the completion of expert deposition. As set forth by the Club in its October 19 letter:

  > Plaintiff seeks this brief extension because its expert has been delayed in obtaining certain materials needed in connection with the preparation of the expert report. We have been advised that the expert should receive the materials by the middle of next week, and will be able to finalize the report by November 7.

  (Copies of these letters from Plaintiff's counsel are annexed hereto as Exhibits F and G.)

- By letter dated October 19, 2005, Seth Schafler of Proskauer Rose, counsel to a number of the defendants herein, urged the Court to deny the Club's request for a further delay in the expert disclosure process, in part because Plaintiff had some <u>seven months</u> (i.e., since the entry of Magistrate Judge Maas's March 22, 2005 scheduling order) to arrange for the preparation of the requisite expert report. (A copy of Mr. Schafler's letter to the Court is annexed hereto as Exhibit H.)

- The Club thereafter informed Defendants' counsel that Your Honor would not be available to consider its request for an extension until November 7 or thereafter.

- Despite its refusal to compromise with the defendants on the length of a further extension, and its failure to obtain any judicial relief in this regard, the Club unilaterally announced that it would not be submitting its affirmative expert report as required by the pre-trial schedule. Instead, Plaintiff stated that it would await Your Honor's return to consider its extension request. (A copy of my e-mail

8119213v2

- exchange with the Club's counsel on this issue is annexed as Exhibit I.)

- In response to Plaintiff's unilateral announcement that it would not provide its affirmative expert report on October 21, Mr. Schafler informed Plaintiff's counsel as follows:

  > Given plaintiff's position as described in your email below, and to avoid giving an undue advantage to plaintiff, defendants will withhold production of their expert report, which defendants stand ready to produce, until such time as plaintiff indicates that it will produce its report in a simultaneous exchange. Defendants reserve all of their rights and remedies with respect to plaintiff's failure to timely produce its report or timely move for extention of the deadline for doing so, including but not limited to motion to strike the report.

  (A copy of Mr. Schafler's e-mail is annexed as Exhibit J.)

- Plaintiff thereafter took a new track. In a letter to Your Honor dated November 1, 2005, Michael T. Sullivan, another lawyer representing the Club, "withd[rew]" the Club's request for an extension of time to file its expert report and announced Plaintiff's intention to submit only a rebuttal report.[1] (A copy of Mr. Sullivan's November 1 letter is annexed hereto as Exhibit K.)

- In a telephone communication between Lisa Bauer, Esq. of Proskauer, and Mr. Bowles on or about November 3, 2005, the Club adhered to its position that it would submit only a "rebuttal" report which would not allow for a rebuttal pursuant to Rule 26(a)(2)(C) by Defendants' expert.

---

[1] Mr. Sullivan's November 1 letter referred to the "failure of all parties to serve expert reports on the originally agreed date, October 21, 2005 . . . . " (Emphasis added.) This assertion borders on pure fabrication; Mr. Sullivan's letter fails to disclose to the Court, as Mr. Schafler's e-mail on October 20 made clear, that Defendants were ready, willing, and able to submit their expert report on October 21 as the pre-trial schedule required.

8119213v2


### The Club's Stratagem is Designed to Obtain an Unfair Advantage in this Litigation

In flouting the agreed upon pre-trial schedule and in asserting an intention to submit only a rebuttal expert report, the Club seeks to gain an unfair advantage in the expert discovery process. If the Club has its way, not only will it be able to rewrite unilaterally the agreed-upon pre-trial schedule, but it will also be in a position to submit its affirmative expert testimony in the guise of purported "rebuttal" that (absent further court order) will not be subject to expert rebuttal by Defendants. Such maneuvering should not be permitted. See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that -- to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."); accord Spacemaker Designs, Inc. v. Weldon F. Stump and Co., 2003 WL 21805274, *3 (N.D. Tex. 2003) (striking expert opinion in part for failure to make appropriate initial disclosure).

The issues in this case are all well known. The Club had more than sufficient knowledge of those issues to frame its complaint and, in its August 31 letter, to set forth the areas in which it intended to submit affirmative expert testimony. It should not be permitted to "hang back" and address those issues in the form of a "rebuttal" report. See Atmel Corp. v. Information Storage Devices, Inc., 189 F.R.D. 410, 416-17 (N.D. Cal. 1999) (it was impermissible "gamesmanship" for expert "to sit back and wait to see what the other side came up with and then rebut that limited universe"; limiting expert to testimony on matters disclosed in initial Rule 26(a)(2)(B) report). Allowing Plaintiff to rely solely on a "rebuttal" report would work a material and unfair prejudice on Defendants. The Club would, in the form of a "rebuttal," put in its affirmative expert opinions -- all of which are plainly within its current contemplation -- and evade an expert response. This certainly is not the purpose of a Rule 26(a)(2)(C) report.

Defendants are particularly outraged by the Club's effort to suggest that Defendants failed to comply with their obligations under the pre-trial schedule to submit their affirmative expert report by October 21, as charged by Mr. Sullivan in his November 1 letter. The Court should not be mislead by this spin. As Mr. Schafler noted in his October 20 e-mail to Mitchell Stein, one of Plaintiff's lawyers, defendants were ready to exchange their report as required on October 21. (In this regard, I represent to the Court that Defendants' expert completed and signed his Rule 26(a)(2)(B) report on October 21 so that it would be available for timely exchange with the Club as required by the binding pre-trial schedule.) It was only because of the obvious and unfair prejudice that would flow to Defendants if they submitted their report before the Club was prepared to submit its affirmative report that Defendants determined to defer transmitting their report, subject to an express reservation of rights. See Exhibit J hereto.

8119213v2

Simply put, the Club has played fast and loose with the Court and Defendants. As a consequence, the Club should be barred from submitting expert testimony in this matter as a sanction for its blatant failure to comply with a long-established expert disclosure deadline and its gamesmanship in determining at the last minute not to submit an affirmative report at all in a clear effort to circumvent the established submission schedule and preclude a rebuttal from Defendants' expert.[2]

Respectfully,

Andrew Dash

ASD/dl

cc: All Counsel via e-mail (w/attachments)

---

11/18/05

Defendants' application to bar plaintiff from offering expert testimony is denied, except that plaintiff is limited to presenting such evidence in rebuttal to defendants' expert(s). Defendants shall serve any expert report by Nov. 30, 2005; plaintiff shall serve any expert rebuttal report by Dec. 30, 2005; and all expert discovery shall be completed by January 31, 2006.

SO ORDERED.

James C. Francis IV
USMJ

---

[2] At the very least, the Club should be required to produce an affirmative expert report setting forth all of the opinions on the well-known issues in this case that it intends to present at trial for simultaneous exchange with Defendants so that, consistent with Rule 26(a)(2)(C), a fair opportunity will be available to Defendants to present rebuttal expert testimony in response thereto.

8119213v2