UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALCOA STEAMSHIP CO., INC. and THE OTHER ENTITIES LISTED ON EXHIBIT A TO SECOND AMENDED COMPLAINT <br><br> Defendants, | 04 CV 04309 (LAK) (JFC) <br> (ECF CASE) <br><br><br> **NOTICE OF MOTION ON CONSENT FOR LEAVE TO WITHDRAW AS COUNSEL** |

PLEASE TAKE NOTICE that upon the annexed certification of Herbert I. Waldman dated February 23, 2006 and with no objection from counsel appearing in the case, Nagel Rice & Mazie, LLP moves this Court for an Order pursuant to Rule 1.4 of the Local Rules for the United States District Court for the Southern District of New York granting leave to withdraw as counsel for the defendant, United States Lines, Inc. and United States Lines (S.A.), Inc. Reorganization Trust in the above captioned action.

NAGEL RICE & MAZIE, LLP
Attorneys for United States Lines, Inc. and United
States Lines (S.A.), Inc. Reorganization Trust

By: _____
HERBERT I. WALDMAN, ESQ.
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 618-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALCOA STEAMSHIP CO., INC. and THE OTHER ENTITIES LISTED ON EXHIBIT A TO SECOND AMENDED COMPLAINT, <br><br> Defendants, | 04 CV 04309 (LAK) (JFC) <br> (ECF CASE) |

**CERTIFICATION OF HERBERT I. WALDMAN**

**Herbert I. Waldman**, an attorney duly admitted to practice law in the State of New Jersey, states under penalty of perjury as follows:

1. I am of counsel to the firm of Nagel Rice & Mazie, LLP, attorneys for defendant United States Lines, Inc. and United States Lines (S.A.), Inc. Reorganization Trust (the "Trust") and am familiar with the facts relevant to this motion.

2. I submit this certification pursuant to Local Civil Rule 1.4 in support of Nagel Rice & Mazie's motion for leave to withdraw as counsel for the Trust in this action on the grounds that with respect to the insurance year of its membership in the American Club, the Trust has stipulated to be irrevocably bound (a) the final decision of this Court, after appeals, with respect to the claims and defenses of all parties adjudicated in this action or in the alternative (b) by the terms of any final settlement agreement entered into by all of the defendants which have actively prosecuted their claims and defenses in this action and which settlement terminates this action. (See Ex. A.)

3. This stipulation further states the Trust will be bound by any judgment or settlement in the New York proceedings only proportionally to the Trust's predecessor's percentage of premiums paid to the American Club and only with regard to the years that the Trust's predecessor's were members of the American Club and only to the extent approved by the Bankruptcy Court. Unless otherwise requested, in writing, the Trust need not make further appearance or serve or file any additional pleadings, and the Trust's failure to do so will not be deemed a default. Also, the Trust may be deleted from all service lists and no pleadings or notices need be served by an party upon the Trust. However, the Trust has agreed to respond to discovery served upon it by any other party to this actions, reserving all proper objections thereto it may have.

4. All counsel in this action were notified regarding the stipulation and notice of motion to withdraw as co-counsel; and to date, no objections have been received.

5. The Trust consents to this withdrawal of counsel because it no longer wishes to incur legal fees related to this action.

6. No prior application for the same or similar relief sought herein has been made to this or any other court.

**WHEREFORE**, Nagel Rice & Mazie respectfully requests that the instant application to withdraw as co-counsel for the Trust be granted in all respects and for such other and further relief as this court may deem necessary, just and proper.

Herbert I. Waldman

Dated: February 23, 2006

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALCOA STEAMSHIP CO., INC. and THE OTHER ENTITIES LISTED ON EXHIBIT A TO SECOND AMENDED COMPLAINT <br><br> Defendants, | 04 CV 04309 (LAK) (JCF) <br><br> STIPULATION BY UNITED STATES LINES, INC. AND UNITED STATES LINES (S.A.) INC. REORGANIZATION TRUST TO BE BOUND BY THE FINAL DECISION OF THIS COURT OR THE FINAL SETTLEMENT OF THE PARTIES |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club") and defendant, United States Lines, Inc. and United States (S.A.) Inc. Reorganization Trust (the "Trust"), through their respective counsel as follows:

1. The Trust is the assignee and disbursing agent for United States Lines, Inc. and United States (S.A.) Inc. (the "debtors") which are debtors in a bankruptcy proceeding before the United States Bankruptcy Court for the Southern District of New York. The debtors were members of the American Club in various Insurance Years before February 20, 1989.

2. In consideration of the following provisions, and solely with respect to the insurance years of the debtors' membership in the American Club, the Trust hereby agrees to be irrevocably bound (a) by the final decisions of this Court, after appeals, if any, with respect to the claims and defenses of all parties adjudicated in this action, or, in the alternative (b) by the terms

of any final settlement agreement entered into by all of the defendants which have actively prosecuted their claims and defenses in this action and which settlement terminates this action.

3. The Trust will be bound by any judgment or settlement in the New York proceedings (American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Alcoa Steamship Co., Inc. et al., USDC, SDNY, Docket No. 1:04-CV-04309 (LAK) (JCF)) only proportionally to the debtors' percentage of premiums paid to the American Club, only with regard to the years that the debtors were members of the American Club (United States Lines, Inc. regarding various entered vessels between approximately 12/31/1943 through 1/05/1945 and 12/31/1945 through 12/31/1969 and United States Lines (S.A.) Inc. regarding various entered vessels between approximately 12/31/1966 through 1/29/1971 and 1/25/1985 through 2/20/1988) and only to the extent approved by the Bankruptcy Court.

4. Unless otherwise requested, in writing, the Trust need not make a further appearance herein or serve or file any additional pleadings and the Trust's failure to do so will not be deemed a default.

5. The Trust may be deleted from all service lists herein and no pleadings or notices need be served by any party upon the Trust.

6. The Trust agrees to respond to interrogatories and document requests served upon it by any other party to this action, reserving all proper objections thereto it may have.

7. The Trust will be notified of the final resolution of this matter.

8. The Trust agrees that this Court has personal jurisdiction over it in this action and that this Stipulation may be enforced against it by this Court.

9. All defendants who have appeared in this action have been given notice of this Stipulation and an opportunity to object thereto; and to date, no objections have been received.

Dated: __1/5/__, 2006
New York, New York

| | |
|---|---|
| American Steamship Owners Mutual Protection & Indemnity Assoc., Inc. | United States Lines, Inc. and United States (S.A.) Inc. Reorganization Trust |
| By: _[signature]_<br>Lawrence J. Bowles (LB 5950)<br>Nourse & Bowles, LLP<br>One Exchange Plaza<br>New York, New York 10006<br>(212) 952-6200<br>(212) 952-0345<br>lbowles@nb-ny.com | By: _[signature]_<br>Herbert I. Waldman (HW 8219)<br>Nagel Rice & Mazie, LLP<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>(973) 618-0400<br>(973) 618-9194<br>hwaldman@nrmlaw.com |

SO ORDERED
_[signature]_
1/23/06

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALCOA STEAMSHIP CO., INC. and THE OTHER ENTITIES LISTED ON EXHIBIT A TO SECOND AMENDED COMPLAINT: <br><br> Defendants. | 04 CV 04309 (LAK) (JFC) <br> (ECF CASE) <br><br><br><br> **ORDER** |

UPON the Notices of Motion on Consent for Leave to Withdraw as Counsel of Nagel Rice & Mazie, LLP, the certification of Herbert I. Waldman in support of the motion, and the consent of all counsel, it is hereby ORDERED THAT THE MOTION IS GRANTED and Nagel Rice & Mazie, LLP will no longer be listed as counsel of record for Defendant, United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust.

_____
U.S.D.J.