

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/06

KAPLAN, 5.

RECEIVED
JUN 2 - 2006
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

AMERICAN STEAMSHIP OWNERS MUTUAL   :   04 Civ. 04309 (LAK) (JCF)
PROTECTION AND INDEMNITY   :
ASSOCIATION, INC.,   :
  :
  :   STIPULATION BY
                  Plaintiff,   :   OFFSHORE EXPRESS INC.
  :   TO BE BOUND BY THE FINAL
-against-   :   DECISIONS OF THIS COURT OR
  :   THE FINAL SETTLEMENT OF THE
ALCOA STEAMSHIP CO., INC. and the Other   :   PARTIES
Entities Listed on Exhibit A to Second Amended   :
Complaint,   :
  :
                Defendants.   :

------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff, American

Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American

Club") and defendant, Offshore Express Inc. ("Offshore"), through their respective

counsel, as follows:

1. In consideration of the following provisions, and solely with respect to the

insurance years of Offshore's membership in the American Club prior to February 20,

1989, Offshore hereby agrees to be irrevocably bound (a) by the final decisions of this

Court, after appeals, if any, with respect to the claims and defenses of all parties

adjudicated in this action, or in the alternative (b) by the terms of any final settlement

agreement entered into by all of the defendants which have actively prosecuted their

claims and defenses in this action and which settlement terminates this action.

2. Offshore will be bound by any judgment or settlement in the New York

proceedings (American Steamship Owners Mutual Protection and Indemnity Association,

Inc. v. Alcoa Steamship Co., Inc., et al., USDC, SDNY, Docket No. 1:04-CV-

04309(LAK)(JCF)) only proportionally to Offshore's percentage of premiums paid to the

American Club, and only with regard to the years that Offshore was a member of the American Club during the relevant period.

3.  Unless otherwise requested, in writing, Offshore need not make an appearance herein or serve or file any pleadings and Offshore's failure to do so will not be deemed a default.

4.  Offshore may be deleted from all service lists herein and no pleadings or notices need be served by any party upon Offshore.

5.  Offshore agrees to respond to interrogatories and document requests served upon it by any other party to this action, reserving all proper objections thereto it may have.

6.  Offshore will be notified of the final resolution of this matter.

7.  Offshore agrees that this Court has personal jurisdiction over it in this action and that this Stipulation may be enforced against it by this Court.

8.  All defendants who have appeared in this action have been given notice of this Stipulation and an opportunity to object thereto; and to date, no objection have been received.

Dated: May          , 2006
       New York, New York

American Steamship Owners Mutual                    Offshore Express, Inc.
Protection & Indemnity Assoc., Inc.

By: _____                    By: _____
    Lawrence J. Bowles (LB 5950)                     Charles R. Talley (#12634)
    Nourse & Bowles, LLP                             Kean, Miller, Hawthorne, D'Armond,
    One Exchange Plaza                               McGowan & Jarman, LLP
    at 55 Broadway                                   909 Poydras St., Suite 1450
    New York, New York 10006                         New Orleans, LA 70112
    (212) 952-6200                                   (504) 585-3050

SO ORDERED:

_____
        U.S.D.J.

6/1/06