FOWLER WHITE BOGGS BANKER P.A.
Allen von Spiegelfeld (FBN 256803)
501 East Kennedy Blvd., Suite 1700
Tampa, FL 33602
(813) 228-7411
(813) 229-8313 (facsimile)

NICOLETTI, HORNIG, CAMPISE & SWEENEY
Terry L. Stoltz (TS-7650)
88 Pine Street, 7th Floor
New York, NY 10005-1801
(212) 220-3830
(212) 220-3780 (facsimile)

*Attorneys for Defendant Hendry Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
AMERICAN STEAMSHIP OWNERS MUTUAL :
PROTECTION AND INDEMNITY        :    Case No.: 04 Civ. 04309 (LAK)
ASSOCIATION, INC.,              :
                                :
    Plaintiff,                 :
                                :
        v.                      :
                                :
ALCOA STEAMSHIP CO., INC. and the Other :
Entities Listed on Exhibit A to the Second :
Amended Complaint,              :
                                :
    Defendants.                :
---------------------------------------------------------------- X

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO
DEFENDANT HENDRY CORPORATION**

**PRELIMINARY STATEMENT**

Defendant HENDRY CORPORATION ("HENDRY") moves to dismiss this action as to it on the basis of a prior written settlement and mutual release covering the subject matter of this action. This Memorandum of Law is submitted in support of that motion.

## BACKGROUND

The American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("CLUB") is a mutual indemnity insurance association. HENDRY was a member of the CLUB for the insurance years 1986/87, 1987/88 and 1988/89.

Prior to each insurance year, HENDRY and the other members were required to pay a premium. In addition to this premium, other "assessments" could be levied against members if the CLUB paid out more money in claims than it received in premiums for a given insurance year. In 1991, the CLUB sued HENDRY in a lawsuit styled American Steamship Owners Mutual Protection and Indemnity Association, Inc. a foreign corporation v. Hendry Corporation, a Florida corporation, Case No. 91-3955, in the Circuit Court for Hillsborough County, Florida. The CLUB alleged HENDRY failed to pay certain premiums and assessments during the three years HENDRY was a member of the CLUB. HENDRY answered the Complaint and counterclaimed for a cancellation and/or rescission of the insurance policies.

After several years of litigation, the controversy was settled on July 31, 1995. The Settlement Agreement specifically stated: "[t]he litigation arises from premiums and similar assessments claimed by the Club as a result of Hendry's purchase of protection and indemnity insurance from the Club for the insurance years 1986/87, 1987/88 and 1988/89." HENDRY and the CLUB settled all claims for consideration described within the Settlement Agreement. Following the Settlement Agreement, the CLUB voluntarily dismissed the action without prejudice on October 26, 1995. After the terms of the Settlement Agreement had been complied with, the CLUB and HENDRY signed a Mutual Release on April 24, 1996. In the Mutual Release, the CLUB agreed to release and forever discharge HENDRY "from all manner of actions, including but not limited to, breach of contract, known or unknown, loss and damage whatsoever, controversies, judgments, claims, costs, expenses and demands whatsoever, in law,

in equity, in admiralty or otherwise, any and all claims which were or could be raised in the lawsuit American Steamship Owners Mutual Protection and Indemnity Association, Inc. a foreign corporation v. Hendry Corporation, a Florida corporation, Case No. 91-3955, based upon American's claim for premiums and similar assessments as a result of Hendry's purchase of protection and indemnity insurance from American for the insurance years 1986/87, 1987/88 and 1988/89." HENDRY agreed to provide monetary consideration and also release the CLUB from all claims which were or could be raised in the same lawsuit.

The present action is a declaratory judgment action, initiated by the CLUB, relating to the CLUB's procedures for handling asbestos-related incurred, but not reported, claims (hereinafter referred to as "IB&R"). Specifically, the CLUB seeks to end a discretionary practice of using general reserves for IB&R claims from closed insurance years prior to February 20, 1989, to reopen closed insurance years and levy assessments, and finally to assess asbestos claims against the insurance years implicated by the claims. In short, the present action relates to additional CLUB assessments for IB&R claims which would require HENDRY to pay assessments in complete and total disregard of their mutual release.

## ARGUMENT

Even though res judicata and collateral estoppel are usually raised as an affirmative defense, a Rule 12(b)(6) motion to dismiss is appropriate when the defense appears on the face of the complaint. See *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). Here, the CLUB's Amended Complaint, makes clear the CLUB is attempting to recover assessments that are barred by the res judicata and/or collateral estoppel effect of the settlement agreement and mutual release.

Res judicata precludes the re-litigation of "issues actually decided in determining the claim asserted in the first action and of issues that could have been raised in the adjudication of

that claim." *National Labor Relations Board v. United Technologies Corp.*, 706 F.2d 1254, 1259 (2nd Cir. 1983). Collateral estoppel is not as broad as res judicata; it precludes the re-litigation of an issue of fact or law, but does not preclude a claim. Id. at 1260. In addition to court ordered judgments, settlement agreement have preclusive effect according to the terms of the agreement. See *Greenburg v. Board of Governors of the Federal Reserve System*, 968 F.2d 164, 168 (2nd Cir. 1992); *Norfolk Southern Corporation v. Chevron, U.S.A., Inc.*, 371 F.3d 1285 (11th Cir. 2004). When parties agree to a dismissal pursuant to a settlement agreement, the principles of res judicata and/or collateral estoppel apply to the matters within the settlement agreement, rather than the complaint. *Norfolk Southern*, 371 F.3d at 1288. In determining the preclusive effect of a settlement agreement, traditional principles of contract interpretation apply. Id. at 1289.

The doctrine of res judicata bars the present action between the CLUB and HENDRY by reason of the Settlement Agreement and Mutual Release between the two parties which precludes any and all premium and assessment claims arising out of the insurance years 1987 through 1989. Both the prior suit and this suit were brought by the CLUB. The prior suit named HENDRY as the only defendant, while the present action named all CLUB members between 1940 and 1989. This distinction is immaterial since the defendant was a member of the CLUB and the dispute involved the payment of premiums and assessments which would foreseeably benefit all members, past and future. Because the present action includes the CLUB and all members that may be the beneficiary of an assessment, or be forced to pay such assessments, the parties are for all practical purposes the same.

For res judicata to apply, the scope of the settlement agreement and mutual release must be consulted to determine its preclusive effect. The Settlement Agreement between HENDRY and the CLUB states, "the litigation arises from premiums and similar assessments claimed by

the CLUB as a result of HENDRY's purchase of P&I insurance." In the Settlement Agreement, the parties agreed to release all claims for valid consideration. In addition, the Settlement Agreement stated that, upon the conditions of the agreement being met, each party would execute a release. Following the meeting of the conditions in the Settlement Agreement, a Mutual Release was signed by the parties on April 24, 1996.

In the Mutual Release, the CLUB agreed to "release and forever discharge Hendry" from "all manner of actions, including but not limited to, breach of contract, known or unknown, loss and damage whatsoever, controversies, judgments, claims, costs, expenses and demands whatsoever, in law, in equity, in admiralty or otherwise, any and all claims which were or could be raised [in the previous lawsuit], based upon [the CLUB's] claim for premiums and similar assessments as a result of HENDRY's purchase of protection and indemnity insurance from [the CLUB] for the insurance years 1986/87, 1987/88 and 1988/89." Consideration was given in the release, and the release was signed by both parties. It is clear that both the previous litigation and the current litigation involve CLUB assessments arising from the insurance years 1986-1989 which would implicate HENDRY. Accordingly, since both the previous and current litigation involve assessments, and the CLUB agreed to release HENDRY from any future assessments, the CLUB's claims against HENDRY should be dismissed upon the grounds of res judicata.

In the event res judicata is deemed not to apply, the doctrine of collateral estoppel should preclude any and all issues raised by the CLUB with respect to the payment of assessments arising from HENDRY's brief relationship with the CLUB. Since the settlement agreement and mutual release prohibit any claims and/or demands to be made concerning assessments against HENDRY, collateral estoppel bars the litigation of any issue of fact or law related to any additional assessments against HENDRY. Because the present action only implicates HENDRY

5

if future assessments are made against them, HENDRY should be dismissed from this action because of the preclusive effect of the settlement agreement and mutual release.

    WHEREFORE, HENDRY prays that its Motion to Dismiss Complaint as to Defendant Hendry Corporation be granted.

Dated: Tampa, Florida
       June  13 , 2006.

                      FOWLER WHITE BOGGS BANKER P.A.
                      Attorneys for Defendant Hendry Corporation

                      By: _____
                           Allen von Spiegelfeld (FBN 256803)
                           501 East Kennedy Blvd., Suite 1700
                           Tampa, FL 33602
                           (813) 228-7411
                           (813) 229-8313 (facsimile)

TO:

All Attorneys on Attached List

#2219938v1

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| American Steamship Owners Mutual Protection and Indemnity Association, Inc.<br>60 Broad Street<br>37th Floor<br>New York, NY 10004<br>(212) 269-2350<br>Fax (212) 825-1391 | Lawrence J. Bowles, Esq.<br>Nourse & Bowles, LLP<br>One Exchange Plaza at 55 Broadway<br>New York, New York 10006-3030<br>212-952-6200<br>Fax: 212-952-0345<br>Direct: 212-952-6213<br>lbowles@nb-ny.com<br><br>Shaun F. Carroll<br>scarroll@nb-ny.com |
| Bridgeport & Port Jefferson Steamboat Co.,<br>Brokerage & Management Corp.,<br>McAllister Brothers, Inc., as Successor to Outreach Marine Corporation,<br>Trade & Fransport Inc. | Patrick F. Lennon<br>Tisdale & Lennon, LLC<br>11 West 42nd Street, Suite 900<br>New York, NY 10036<br>212-354-0025<br>Fax: 212-869-0067<br>plennon@tisdale-lennon.com |
| Central Gulf Lines, as Successor to Central Gulf Lighter, Poydras Center;<br>Waterman Steamship Corp. | Robert A. O'Hare, Jr.<br>O'Hare Parnagian LLP<br>82 Wall Street, Suite 300<br>New York, NY 10005<br>212-425-1401<br>Fax: 212-425-1421<br>rohare@ohareparnagian.com |
| The Dow Chemical Company,<br>Union Carbide Corporation | Edward A. Keane<br>Mahoney & Keane, LLP<br>111 Broadway<br>New York, NY 10006<br>212-385-1422<br>Fax: 212-385-1605<br>ekeane@mahoneykeane.com |
| Carolyn S. Schwartz * | Office of the United States Trustee of Enron Corp.<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004 |
| Chevron U.S.A., Inc. | Steven Ira Frenkel<br>Cummings & Lockwood LLC<br>Six Landmark Square<br>Stamford, CT 06901<br>203-327-1700<br>Fax: 203-708-3907<br>sfrenkel@cl-law.com<br><br>John W. Cannavino<br>jcannavino@cl-law.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| Foss Maritime Company<br>c/o Saltchuk Resources, Inc. | Elizabeth Lynn Hubbard<br>Garvey Schubert Barer<br>1191 2nd Avenue, 18th Floor<br>Seattle, WA  98101<br>206-816-1312<br>Fax:  206-464-0125<br>lhubbard@gsblaw.com<br><br>Amy B. Jones<br>Garvey Schubert Barer<br>599 Broadway, 8th Floor<br>New York, NY  10012<br>212-431-8700<br>Fax:  212-334-1278<br>ajones@gsblaw.com |
| Georgia Pacific Corporation | Deborah A. Silodor<br>Lowenstein Sandler PC (NJ)<br>65 Livingston Avenue<br>Roseland, NJ  07068<br>973-597-2404<br>Fax:  973-597-2405<br>dsilodor@lowenstein.com |
| Grace Lines, Inc./Prudential Lines, Inc.<br>c/o PLI Disbursement Trustee,<br>Lee J. DiCola, Esq. | Lee J. DiCola, Esq.<br>2800 Carrington Street NW<br>North Canton, OH  44720 |
| Inland Lakes Management Inc.,<br>Lafarge North America Inc., as Successor to<br>   Huron Transportation Inc. | Charles Addison Stewart, III<br>Stewart Occhipinti, LLP<br>1350 Broadway, Suite 2200<br>New York, NY  10018<br>212-239-5500<br>Fax:  212-239-7030<br>cstewart@somlaw.com |
| Keyspan Corporation, as Successor to<br>Eastern Gas and Fuel Associates | Stacey Ann Saiontz<br>Dickstein Shapiro Morin & Oshinsky (NY)<br>1177 Avenue of the Americas<br>New York, NY  10036<br>212-896-5446<br>Fax:  212-997-9880<br>saiontzs@dsmo.com<br><br>David L. Elkind<br>elkindD@dsmo.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| Amerada Hess, as Successor to Hess Oil and Chemical Corp. | Howrey, Simon, Arnold & White, LLP<br>1299 Pennsylvania Avenue, North West<br>Washington, DC  20004<br>203-783-0800<br>Mindy Davis   davism@howrey.com<br>Robert H. Shulman<br>Christine S. Davis   daviscs@howrey.com<br><br>Dale A. Schreiber<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York, NY  10036<br>212-969-3475<br>Fax:  212-969-2900<br>dschreiber@proskauer.com<br>Seth Schafler - sschafler@proskauer.com<br>Lisa A. Bauer - lbauer@proskauer.com |
| APL, Ltd., as Successor to American Mail Line and American President Lines, Inc. | John M. Toriello<br>Holland & Knight LLP<br>195 Broadway<br>New York, NY  10007<br>212-513-3366<br>Fax:  212-385-9010<br>john.toriello@hklaw.com<br><br>Nora P. Nellis<br>nora.nellis@hklaw.com<br><br>James V. Marks<br>james.marks@hklaw.com<br><br>Wallis Karpf<br>wallis.karpf@hklaw.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| American Steamship Company, Atlantic Richfield Company, Atlantic Richfield Indonesia Inc.; BP, as Successor to American Oil Company, Standard Oil Company; Baldbutte Shipping Company; Calendar Navigation Corp.; Chas. Kurz & Co., Inc.; Chestnut Shipping Corp.; Chilbar Shipping Co.; Fredericksburg Shipping Co.; Ispat Inland Inc.; Keystone Shipping Co.; Keystone Tankship Corporation; Margate Shipping Co.; Marina Transport Lines, Inc.; Marine Chemical Navigation Company LLC, Successor to Marine Chemical Navigation Corporation; Marine Sulphur Shipping Company LLC, Successor to Marine Sulphur Shipping Corp.; New England Collier Co.; Paco Tankers Inc.; Sea Mobility Inc.; Timbo Shipping Ltd.; Kirby Inland Marine, Inc., as Successor to Hollywood Marine, Inc.; Sabine Towing & Transportation Co., Inc.; Alcoa Steamship Co., Inc.; Caribbean Steamship Co. S.A. | Dale A. Schreiber<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York, NY  10036<br>212-969-3475<br>Fax:  212-969-2900<br>dschreiber@proskauer.com<br>Seth Schafler - sschafler@proskauer.com<br>Lisa A. Bauer - lbauer@proskauer.com |
| Apex Oil Co., Inc.; Crest Tankers Inc.; Mathiasen's Tanker Industry Inc.; Trinidad Corporation | Joseph D. Pizzurro<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, NY  10178<br>212-696-6196<br>Fax:  212-697-1559<br>jpizzurro@cm-p.com<br><br>Dora Strauss<br>dstraus@cm-p.com<br><br>Robert J. Gruendel<br>rgruendel@cm-p.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| Bessemer Securities Corporation, as Successor to Grosvenor-Dale Co., Inc.<br>630 Fifth Avenue<br>New York, NY  100111-0333 | Donald I. Strauber<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>212-408-5100<br>Fax:  212-541-5369<br>dstrauber@chadbourne.com<br><br>Melissa J. LaRocca<br>mlarocca@chadbourne.com |
| Kimberly-Clark Corporation, as Successor to Scott Paper Company | Lisa M. Campisi<br>Morgan, Lewis and Bockius LLP (NY)<br>101 Park Avenue<br>New York, NY  10178<br>212-309-6178<br>Fax:  212-309-6001<br>lcampisi@morganlewis.com<br><br>David A. Luttinger, Jr.<br>dluttinger@morganlewis.com |
| Offshore Express Inc. | Ms. Melanie Callahan<br>Offshore Express Inc.<br>P. O. Box 2666<br>Houma, LA  70361 |
| Farrell Lines Inc., Farrell Lines (Lighters) | Brown Rudnick Berlack Israels LLP<br>120 West 45th Street<br>New York, NY  10036<br>Fax:  212-704-0196<br><br>Andrew S. Dash<br>212-209-4811<br>adash@brbilaw.com<br><br>Peter Adelman<br>padelman@brbilaw.com |
| S.C. Loveland Co., Inc. | Edward V. Cattell, Jr.<br>Holstein Keating Cattell Johnson & Goldstein PC<br>8 Penn Center, 1628 JFK Blvd., Suite 2000<br>Philadelphia, PA  19103<br>215-320-2073<br>Fax:  215-320-3261<br>ecattell@hollsteinkeating.com |
| United States Lines, Inc.,<br>United State Lines (S.A.) Inc., Reorganization Trust c/o John T. Paulyson, Trustee | Herbert I. Waldman<br>Nagel Rice & Mazie LLP<br>301 S. Livingston Avenue, Suite 201<br>Livingston, NJ  07039-3991<br>973-535-3100<br>Fax:  973-535-3373<br>hwaldman@nrdmlaw.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| American Atlantic Company, as Successor to American Dredging Company | Brent A. Hannafan<br>Dechert LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>212-698-3631<br>Fax:  212-698-3599<br>brent.hannafan@dechert.com<br><br>Robert A. Cohen<br>212-698-3501<br>robert.cohen@dechert.com<br><br>Rodney M. Zerbe<br>212-698-3581<br>rodney.zerbe@dechert.com |
| Prudential Lines Disbursement Trust | Scott B. Fisher<br>Jaspan Schlesinger Hoffman LLP<br>300 Garden City Plaza<br>Garden City, NY  11530<br>516-746-8000<br>Fax:  516-393-8282<br>sfisher@jshllp.com |
| Amherst Shipping Co., Inc. | Nicholas Philip Giuliano<br>Sheinbaum, Bennett, Guiliano<br>225 West 34th Street<br>New York, NY  10122<br>646-328-0120<br>Fax:  646-328-0121<br>ngiuliano@sbgmlaw.com |
| William F. Higgins | ==Alan Kellman==<br>==The Maritime Asbestosis Legal Clinic==<br>==a division of The Jaques Admiralty Law Firm==<br>==645 Griswold, Suite 1570==<br>==Detroit, MI  48225==<br>==313-961-1080==<br><br>Dan Shaked<br>Shaked & Posner<br>225 West 34th Street, Suite 705<br>New York, NY  10122<br>212-494-0035<br>Fax:  212-216-9049<br>dan@shakedandposner.com |

\* Parties shown highlighted are served via U.S. Mail.  All other parties are served via E-mail.