FOWLER WHITE BOGGS BANKER P.A.
Allen von Spiegelfeld (FBN 256803)
501 East Kennedy Blvd., Suite 1700
Tampa, FL 33602
(813) 228-7411
(813) 229-8313 (facsimile)

NICOLETTI, HORNIG, CAMPISE & SWEENEY
Terry L. Stoltz (TS-7650)
88 Pine Street, 7th Floor
New York, NY 10005-1801
(212) 220-3830
(212) 220-3780 (facsimile)

*Attorneys for Defendant Hendry Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

AMERICAN STEAMSHIP OWNERS MUTUAL
PROTECTION AND INDEMNITY
ASSOCIATION, INC.,

Plaintiff,

v.

ALCOA STEAMSHIP CO., INC. and the Other
Entities Listed on Exhibit A to the Second
Amended Complaint,

Defendants.
------------------------------------------------------------- X

Case No.: 04 Civ. 04309 (LAK)

**AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS TO DEFENDANT HENDRY CORPORATION**

STATE OF FLORIDA         )
COUNTY OF HILLSBOROUGH   )

AARON W. HENDRY, being first duly sworn, deposed and said as follows:

1.   That he is a citizen of the United States, and resides in Tampa, Florida.

2. That he is the President of Hendry Corporation.

3. That Hendry Corporation (hereinafter referred to as "Hendry") was a member of the American Steamship Owners Mutual Protection and Indemnity Association, Inc. (hereinafter referred to as "Club") for the insurance years 1986/87, 1987/88, and 1988/89.

4. That the Club sued Hendry in the Circuit Court for Hillsborough County, Florida in 1991 in a lawsuit styled: <u>American Steamship Owners Mutual Protection and Indemnity Association, Inc. a foreign corporation v. Hendry Corporation, a Florida corporation</u>, Case No. 91-3955.

5. That the lawsuit concerned Hendry's alleged failure to pay premiums and assessments relating to the insurance years 1986/87, 1987/88, and 1988/89.

6. That Hendry and the Club entered a settlement agreement dated July 31, 1995, a copy of which is attached as Exhibit 1.

7. That the settlement agreement settled all claims regarding premiums and other assessments arising from the insurance years 1986/87, 1987/88, and 1988/89.

8. That the settlement agreement was executed by both parties, for consideration.

9. That the Court entered a dismissal, without prejudice, on October 26, 1995, a copy of which is attached as Exhibit 2.

10. That the Club and Hendry signed a Mutual Release on April 24, 1996 where the Club agreed to release and forever discharge Hendry from "from all manner of actions, including but not limited to, breach of contract, known or unknown, loss and damage whatsoever, controversies, judgments, claims, costs, expenses and demands

whatsoever, in law, in equity, in admiralty or otherwise, any and all claims which were or could be raised in the lawsuit American Steamship Owners Mutual Protection and Indemnity Association, Inc. a foreign corporation v. Hendry Corporation, a Florida corporation, Case No. 91-3955, based upon [The Club's] premiums and similar assessments as a result of Hendry's purchase of protection and indemnity insurance from [the Club] for the insurance years 1986/87, 1987/88 and 1988/89." A copy of the Mutual Release is attached as Exhibit 3.

11. That the present litigation concerns the payment of premiums and assessments.

12. That in its second cause of action in the present litigation, the Club is specifically seeking to levy additional assessments against each member, including Hendry, to cover expenses related to IB&R claims.

Further affiant saith not.

_____
AARON W. HENDRY

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared Aaron W. Hendry, who is personally known to me, or has produced _____ as identification, and who swore before me that he executed the foregoing Affidavit and who acknowledged before me that he executed the same for the purposes therein expressed.

WITNESS my hand and official seal in the state and county last aforesaid this 13th day of June, 2006.


JODI L. WOOD
Comm# DD0333339
Expires 7/2/2008
Bonded thru (800)432-4254
Florida Notary Assn., Inc.

_____
Notary Public

My commission expires: 7/2/2008

## SETTLEMENT AGREEMENT

THIS AGREEMENT, between HENDRY CORPORATION ("HENDRY") and AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. ("AMERICAN") made on this 31st day of July, 1995 provides:

### RECITALS

WHEREAS AMERICAN and HENDRY are engaged in a lawsuit styled AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., Plaintiff/Counter-Defendants, v. HENDRY CORPORATION, Defendant/Counter-Plaintiff, v. ROLLINS BURDICK HUNTER OF FLORIDA, INC. ("RBH"), and WILLIAM MOORE ("MOORE") Third-Party Defendants filed in the Circuit Court of Thirteenth Judicial Circuit in and for Hillsborough County, Florida and designated as Case Number 91-3955. The litigation arises from premiums and similar assessments claimed by AMERICAN as a result of HENDRY's purchase of protection and indemnity insurance from AMERICAN for the insurance years 1986/87, 1987/88 and 1988/89 more particularly described in certain policies of insurance referred to as Policy Nos. A-5560, A-5590 and A-5665; and

WHEREAS HENDRY has joined RBH and MOORE as Third-Party Defendants in the aforesaid litigation based on HENDRY'S claims of negligence, breach of fiduciary duty and misrepresentation with respect to RBH and MOORE's solicitation of and procurement of insurance from AMERICAN for HENDRY and with respect to the servicing of HENDRY's insurance account with AMERICAN by RBH and MOORE; and

WHEREAS HENDRY has sought indemnification and/or contribution from RBH and MOORE for any damages assessed against it regarding the aforesaid unpaid premiums and assessments; and

EXHIBIT 1

WHEREAS HENDRY does not have the financial ability to withstand enforcement of a judgment against it in the amount of $1,435,179.47, the amount with interest claimed by AMERICAN prior to the scheduled trial date of the aforesaid lawsuit, and would be forced to seek the protection of the bankruptcy laws of the United States in the event that such judgment is entered against it and efforts to enforce such a judgment are initiated.

WHEREAS AMERICAN does not wish to force HENDRY to seek the protection of the aforesaid federal bankruptcy laws which would result from AMERICAN's enforcement of any such judgment that it believes it is entitled to and will obtain in the above-mentioned lawsuit; and

WHEREAS AMERICAN acknowledges that HENDRY's claims against RBH and MOORE may be meritorious, and that such claims arise by virtue of AMERICAN's aforesaid claims for unpaid premiums and assessments; and

WHEREAS both HENDRY and AMERICAN are desirous of settling all claims between them amicably without resorting to a trial in the above-mentioned pending lawsuit;

NOW THEREFORE the parties do hereby agree as follows:

1. AMERICAN agrees to and shall settle its claim for against HENDRY for the sum of Six Hundred and Twenty-Five Thousand Dollars ($625,000) and AMERICAN further agrees to permit HENDRY to settle the claim in the aforesaid amount by payment in accordance with the terms and conditions contained in the paragraphs set forth below numbered 2, 3, and 4.

2. HENDRY agrees to and shall direct RBH to pay its agreed upon contribution of Two Hundred and Twenty-Five Thousand Dollars ($225,000) towards the aforesaid settlement by tendering that sum ($225,000) directly to AMERICAN. By said direction HENDRY thereby

2

assigns to AMERICAN its right, title and interest in the contribution to this settlement being made by RBH which assignment AMERICAN agrees to and shall accept as part of the said settlement.

3. Commencing on July 1, 1995 and continuing thereafter on the first day of each succeeding month for a period of thirty (30) months, HENDRY agrees to and shall pay AMERICAN the sum of Ten Thousand Dollars ($10,000).

4. Hendry also agrees to and shall pay to AMERICAN the sum of Fifty Thousand Dollars ($50,000) on September 1, 1995 and the sum of Fifty Thousand Dollars ($50,000) on April 1, 1996, which payments shall be in addition to the above-mentioned thirty (30) monthly payments of Ten Thousand Dollars each.

5. Upon receipt of the aforesaid payments by Hendry in the total amount of $400,000, AMERICAN will tender to HENDRY a Release of all claims asserted to date by AMERICAN against HENDRY.

6. Failure by HENDRY to make any payment referred to in the preceding paragraphs of this Settlement Agreement shall constitute a default of said Agreement. If HENDRY does not cure such a default within thirty (30) days of its occurrence, AMERICAN shall be entitled to enter a judgment against HENDRY in the above-mentioned court and/or any other court of competent jurisdiction in the amount of $400,000, less any payments previously made directly by HENDRY to AMERICAN.

7. In addition to the foregoing, HENDRY agrees to and shall secure its obligations with respect to the above-mentioned installment payments by the execution and delivery to AMERICAN within thirty (30) days of the date of this Agreement of a mortgage on Hendry's South Westshore Boulevard property in Tampa, Florida (business address 5107 S. Westshore

3

Blvd., Tampa, FL 33681) in favor of AMERICAN in the amount of $400,000. AMERICAN agrees that the mortgage shall be subordinated to any and all mortgages existing on the aforesaid property as of the date that the subject mortgage is recorded including the currently existing mortgage in favor of Barnett Bank. AMERICAN also agrees that the subject mortgage shall be subordinate to any mortgage regarding the encumbered premises granted by Hendry to Barnett's successor resulting from a banking merger or acquisition or its (Barnett's) successor in interest if HENDRY later changes or modifies its banking relationships. AMERICAN further agrees to and shall pay the filing and recording costs of said mortgage and of a satisfaction of the mortgage which it agrees to and shall execute and deliver to HENDRY upon HENDRY's payment in full of its $400,000 obligation pursuant to this Settlement Agreement.

8. The terms and conditions of this Agreement shall remain confidential and shall not be disclosed by either party to any person, corporation or other business entity.

HENDRY CORPORATION

By: _____
Aaron W. Hendry, President

AMERICAN STEAMSHIP OWNERS PROTECTION
AND INDEMNITY ASSOCIATION, INC.

By: SHIPOWNER'S CLAIM BUREAU, INC.,
MANAGER

By: _____
Thomas J. McGowan, President

W:\ASE\5476\65265\COR\AGREE

4

OFF. REC. 7937 PG 300

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

AMERICAN STEAMSHIP OWNERS
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.,
a foreign corporation,

  Plaintiff/Counter-
    Defendant,

v.        Case No.: 91-3955

HENDRY CORPORATION, a Florida Division: "C"
corporation,

  Defendant/Counter-
    Plaintiff,

v.

ROLLINS BURDICK HUNTER OF
FLORIDA, INC., a Florida
corporation, and WILLIAM K.
MOORE,

  Third-Party Defendants.

RICHARD AKE
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY

## NOTICE OF VOLUNTARY DISMISSAL

Plaintiff, American Steamship Owners Mutual Protection and Indemnity Association, Ltd. hereby dismisses this action without prejudice, each party bearing their own costs, including attorney's fees.

          _____
          Paul D. Hardy
          Florida Bar No. 189808
          Akerman, Senterfitt & Eidson, P.A.
          Post Office Box 3273
          100 S. Ashley Drive, Suite 1500
          Tampa, FL 33601-3273
          (813) 223-7333
          Attorneys for Plaintiff

RETURN TO CIRCUIT CIVIL DIVISION

EXHIBIT 2

OFF. REC. 7937 PG 301

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery to C. Steven Yerrid, Esquire and Matthew S. Mudano, Esquire, Yerrid, Knopik & Valenzuela, P.A. 101 East Kennedy Boulevard, Suite 2160, Tampa, Florida 33602, as counsel for Hendry Corporation; and by U.S. Mail to Patricia A. Burton, Esquire, Fleming, O'Bryan & Fleming, P.A. Post Drawer 7028, Ft. Lauderdale, FL 33338-7028, as counsel for Rollins Burdick Hunter of Florida, Inc. on this 26th day of October, 1995.

_____
Attorney

W:\ASE\005476\065265\LBO\VOL-DIS.

This is not a certified copy

2

EXHIBIT 3

## MUTUAL RELEASE

KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of the sum of TWO HUNDRED AND FIFTY THOUSAND AND NO/100 DOLLARS ("$250,000.00"), in addition to all other payments previously made to AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. ("AMERICAN") by HENDRY CORPORATION ("HENDRY") receipt of which is hereby acknowledged as payment in full on account of all matters herein released, we AMERICAN, do hereby release and forever discharge HENDRY, its representatives, stockholders, directors, officers, trustees, underwriters, employees, agents, principals, affiliates, brokers, successors and assigns of and from all manner of actions, including but not limited to breach of contact, known or unknown, loss and damage whatsoever, controversies, judgments, claims, costs, expenses and demands whatsoever, in law, in equity, in admiralty or otherwise, any and all claims which were or could be raised in the lawsuit styled <u>American Steamship Owners Mutual Protection and Indemnity Association, Inc., a foreign corporation, v. Hendry Corporation, a Florida corporation</u>, Case No. 91-3955, based upon AMERICAN's claim for premiums and similar assessments as a result of HENDRY's purchase of protection and indemnity insurance from AMERICAN for the insurance years 1986/87, 1987/88 and 1988/89 more particularly described in certain policies of insurance referred to as policies number A-5560, A-5590 and A-5665.

MOREOVER, HENDRY acknowledges AMERICAN's termination of the subject lawsuit and the Release as consideration and hereby releases and forever discharges AMERICAN, its representatives, its stockholders, directors, officers, trustees, underwriters, employees, agents, principals, affiliates, brokers, successors and assigns, etc. of and from its counterclaim and any

08/20/2004 11:04 FAX 6139976277  HENDRY CORPORATION  Case 2:04-cv-04309-LAK-JCF   Document 357-4   Filed 06/13/2006   Page 2 of 3   @003

21  199879                                    SCB/AMERICAN CLUB-NY                    PAGE  02

other claims known or unknown, lawsuits, loss and damage, whatsoever, controversies, judgments, costs, expenses and demands whatsoever in law, in equity, in admiralty or otherwise including (but not limited to) any and all claims which were or could be raised in the lawsuit styled <u>American Steamship Owners Mutual Protection and Indemnity Association, Inc., a foreign corporation, v. Hendry Corporation, a Florida corporation</u>, Case No. 91-3955.

It is expressly understood and agreed that the acceptance of the said consideration and the execution of this Mutual Release is not to be considered an admission of liability on the part of any person, company, corporation, association or other entity herein released, but is in full settlement and compromise of the disputed claims which are hereby released.

The parties further agree and confirm that each party has carefully read the foregoing Mutual Release and understand the contents thereof upon the advice of their respective counsel and agree that the terms of the Mutual Release is satisfactory to each party and proper under the circumstances.

The parties further agree and confirm that they are executing this Mutual Release as their own free act and deed.

The terms and conditions of this agreement shall remain confidential and shall not be disclosed by either party to any person, corporation or other business entity.

AMERICAN STEAMSHIP OWNERS             HENDRY CORPORATION
MUTUAL PROTECTION AND
INDEMNITY ASSOCIATION, INC.

By: _____          By: _____
    William A. Craig, Jr.                  Aaron W. Hendry, President
    Senior Vice President

STATE OF _New York_     )
COUNTY OF _New York_    )

The foregoing instrument was acknowledged before me this 24th day of April, 1996 by _William A. Craig Jr._ as the _Senior Vice_ President of AMERICAN

STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., a _NEW YORK_ corporation, on behalf of the corporation. ✓ who is personally known to me or ___ who has provided a drivers license as identification (check one).

(Signature) _Vicki A. Paradise_

(Type or Print Name) VICKI A. PARADISE
My Commission Expires:
My Commission Number is:

VICKI A. PARADISE
Notary Public, State of New York
No. 24-4836161
Qualified in Nassau County
Commission Expires October 31, 19__

STATE OF FLORIDA   )
COUNTY OF HILLSBOROUGH)

The foregoing instrument was acknowledged before me this 25th day of April, 1996 by _Aaron W. Hendry_ as the _President_ of HENDRY CORPORATION, a _Florida_ corporation, on behalf of the corporation. ___ who is personally known to me or X who has provided a drivers license as identification (check one).

(Signature)

(Type or Print Name)
My Commission Expires:
My Commission Number is:

OFFICIAL NOTARY SEAL
SUE A BETZ
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC281925
MY COMMISSION EXP. MAY 2,1997

W:\A3M\005676\0032551\RCV\RELEASE

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| American Steamship Owners Mutual Protection and Indemnity Association, Inc. <br> 60 Broad Street <br> 37th Floor <br> New York, NY 10004 <br> (212) 269-2350 <br> Fax (212) 825-1391 | Lawrence J. Bowles, Esq. <br> Nourse & Bowles, LLP <br> One Exchange Plaza at 55 Broadway <br> New York, New York 10006-3030 <br> 212-952-6200 <br> Fax: 212-952-0345 <br> Direct: 212-952-6213 <br> lbowles@nb-ny.com <br><br> Shaun F. Carroll <br> scarroll@nb-ny.com |
| Bridgeport & Port Jefferson Steamboat Co., <br> Brokerage & Management Corp., <br> McAllister Brothers, Inc., as Successor to Outreach Marine Corporation, <br> Trade & Fransport Inc. | Patrick F. Lennon <br> Tisdale & Lennon, LLC <br> 11 West 42nd Street, Suite 900 <br> New York, NY 10036 <br> 212-354-0025 <br> Fax: 212-869-0067 <br> plennon@tisdale-lennon.com |
| Central Gulf Lines, as Successor to Central Gulf Lighter, Poydras Center; <br> Waterman Steamship Corp. | Robert A. O'Hare, Jr. <br> O'Hare Parnagian LLP <br> 82 Wall Street, Suite 300 <br> New York, NY 10005 <br> 212-425-1401 <br> Fax: 212-425-1421 <br> rohare@oharepanagian.com |
| The Dow Chemical Company, <br> Union Carbide Corporation | Edward A. Keane <br> Mahoney & Keane, LLP <br> 111 Broadway <br> New York, NY 10006 <br> 212-385-1422 <br> Fax: 212-385-1605 <br> ekeane@mahoneykeane.com |
| Carolyn S. Schwartz * | Office of the United States Trustee of Enron Corp. <br> 33 Whitehall Street, 21st Floor <br> New York, NY 10004 |
| Chevron U.S.A., Inc. | Steven Ira Frenkel <br> Cummings & Lockwood LLC <br> Six Landmark Square <br> Stamford, CT 06901 <br> 203-327-1700 <br> Fax: 203-708-3907 <br> sfrenkel@cl-law.com <br><br> John W. Cannavino <br> jcannavino@cl-law.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| Foss Maritime Company<br>c/o Saltchuk Resources, Inc. | Elizabeth Lynn Hubbard<br>Garvey Schubert Barer<br>1191 2nd Avenue, 18th Floor<br>Seattle, WA  98101<br>206-816-1312<br>Fax:  206-464-0125<br>lhubbard@gsblaw.com<br><br>Amy B. Jones<br>Garvey Schubert Barer<br>599 Broadway, 8th Floor<br>New York, NY  10012<br>212-431-8700<br>Fax:  212-334-1278<br>ajones@gsblaw.com |
| Georgia Pacific Corporation | Deborah A. Silodor<br>Lowenstein Sandler PC (NJ)<br>65 Livingston Avenue<br>Roseland, NJ  07068<br>973-597-2404<br>Fax:  973-597-2405<br>dsilodor@lowenstein.com |
| Grace Lines, Inc./Prudential Lines, Inc.<br>c/o PLI Disbursement Trustee,<br>Lee J. DiCola, Esq. | Lee J. DiCola, Esq.<br>2800 Carrington Street NW<br>North Canton, OH  44720 |
| Inland Lakes Management Inc.,<br>Lafarge North America Inc., as Successor to<br>   Huron Transportation Inc. | Charles Addison Stewart, III<br>Stewart Occhipinti, LLP<br>1350 Broadway, Suite 2200<br>New York, NY  10018<br>212-239-5500<br>Fax:  212-239-7030<br>cstewart@somlaw.com |
| Keyspan Corporation, as Successor to<br>Eastern Gas and Fuel Associates | Stacey Ann Saiontz<br>Dickstein Shapiro Morin & Oshinsky (NY)<br>1177 Avenue of the Americas<br>New York, NY  10036<br>212-896-5446<br>Fax:  212-997-9880<br>saiontzs@dsmo.com<br><br>David L. Elkind<br>elkindD@dsmo.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| Amerada Hess, as Successor to Hess Oil and Chemical Corp. | Howrey, Simon, Arnold & White, LLP<br>1299 Pennsylvania Avenue, North West<br>Washington, DC  20004<br>203-783-0800<br>Mindy Davis   davism@howrey.com<br>Robert H. Shulman<br>Christine S. Davis   daviscs@howrey.com<br><br>Dale A. Schreiber<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York, NY  10036<br>212-969-3475<br>Fax:  212-969-2900<br>dschreiber@proskauer.com<br>Seth Schafler - sschafler@proskauer.com<br>Lisa A. Bauer - lbauer@proskauer.com |
| APL, Ltd., as Successor to American Mail Line and American President Lines, Inc. | John M. Toriello<br>Holland & Knight LLP<br>195 Broadway<br>New York, NY  10007<br>212-513-3366<br>Fax:  212-385-9010<br>john.toriello@hklaw.com<br><br>Nora P. Nellis<br>nora.nellis@hklaw.com<br><br>James V. Marks<br>james.marks@hklaw.com<br><br>Wallis Karpf<br>wallis.karpf@hklaw.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| American Steamship Company,<br>Atlantic Richfield Company,<br>Atlantic Richfield Indonesia Inc.;<br>BP, as Successor to American Oil Company,<br>   Standard Oil Company;<br>Baldbutte Shipping Company;<br>Calendar Navigation Corp.;<br>Chas. Kurz & Co., Inc.;<br>Chestnut Shipping Corp.;<br>Chilbar Shipping Co.;<br>Fredericksburg Shipping Co.;<br>Ispat Inland Inc.;<br>Keystone Shipping Co.;<br>Keystone Tankship Corporation;<br>Margate Shipping Co.;<br>Marina Transport Lines, Inc.;<br>Marine Chemical Navigation Company LLC,<br>   Successor to Marine Chemical Navigation<br>   Corporation;<br>Marine Sulphur Shipping Company LLC,<br>   Successor to Marine Sulphur Shipping Corp.;<br>New England Collier Co.;<br>Paco Tankers Inc.;<br>Sea Mobility Inc.;<br>Timbo Shipping Ltd.;<br>Kirby Inland Marine, Inc., as Successor to<br>   Hollywood Marine, Inc.;<br>Sabine Towing & Transportation Co., Inc.;<br>Alcoa Steamship Co., Inc.;<br>Caribbean Steamship Co. S.A. | Dale A. Schreiber<br>Proskauer Rose LLP (New York)<br>1585 Broadway<br>New York, NY  10036<br>212-969-3475<br>Fax:  212-969-2900<br>dschreiber@proskauer.com<br>Seth Schafler - sschafler@proskauer.com<br>Lisa A. Bauer - lbauer@proskauer.com |
| Apex Oil Co., Inc.;<br>Crest Tankers Inc.;<br>Mathiasen's Tanker Industry Inc.;<br>Trinidad Corporation | Joseph D. Pizzurro<br>Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, NY  10178<br>212-696-6196<br>Fax:  212-697-1559<br>jpizzurro@cm-p.com<br><br>Dora Strauss<br>dstraus@cm-p.com<br><br>Robert J. Gruendel<br>rgruendel@cm-p.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| Bessemer Securities Corporation, as Successor to Grosvenor-Dale Co., Inc.<br>630 Fifth Avenue<br>New York, NY  100111-0333 | Donald I. Strauber<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>212-408-5100<br>Fax:  212-541-5369<br>dstrauber@chadbourne.com<br><br>Melissa J. LaRocca<br>mlarocca@chadbourne.com |
| Kimberly-Clark Corporation, as Successor to Scott Paper Company | Lisa M. Campisi<br>Morgan, Lewis and Bockius LLP (NY)<br>101 Park Avenue<br>New York, NY  10178<br>212-309-6178<br>Fax:  212-309-6001<br>lcampisi@morganlewis.com<br><br>David A. Luttinger, Jr.<br>dluttinger@morganlewis.com |
| Offshore Express Inc. | Ms. Melanie Callahan<br>Offshore Express Inc.<br>P. O. Box 2666<br>Houma, LA  70361 |
| Farrell Lines Inc., Farrell Lines (Lighters) | Brown Rudnick Berlack Israels LLP<br>120 West 45th Street<br>New York, NY  10036<br>Fax:  212-704-0196<br><br>Andrew S. Dash<br>212-209-4811<br>adash@brbilaw.com<br><br>Peter Adelman<br>padelman@brbilaw.com |
| S.C. Loveland Co., Inc. | Edward V. Cattell, Jr.<br>Holstein Keating Cattell Johnson &<br>  Goldstein PC<br>8 Penn Center, 1628 JFK Blvd., Suite 2000<br>Philadelphia, PA  19103<br>215-320-2073<br>Fax:  215-320-3261<br>ecattell@hollsteinkeating.com |
| United States Lines, Inc.,<br>United State Lines (S.A.) Inc., Reorganization<br>  Trust c/o John T. Paulyson, Trustee | Herbert I. Waldman<br>Nagel Rice & Mazie LLP<br>301 S. Livingston Avenue, Suite 201<br>Livingston, NJ  07039-3991<br>973-535-3100<br>Fax:  973-535-3373<br>hwaldman@nrdmlaw.com |

**SERVICE LIST**

| Party | Attorney's Name, Address and Telephone No. |
|---|---|
| American Atlantic Company, as Successor to American Dredging Company | Brent A. Hannafan<br>Dechert LLP<br>30 Rockefeller Plaza<br>New York, NY  10112<br>212-698-3631<br>Fax:  212-698-3599<br>brent.hannafan@dechert.com<br><br>Robert A. Cohen<br>212-698-3501<br>robert.cohen@dechert.com<br><br>Rodney M. Zerbe<br>212-698-3581<br>rodney.zerbe@dechert.com |
| Prudential Lines Disbursement Trust | Scott B. Fisher<br>Jaspan Schlesinger Hoffman LLP<br>300 Garden City Plaza<br>Garden City, NY  11530<br>516-746-8000<br>Fax:  516-393-8282<br>sfisher@jshllp.com |
| Amherst Shipping Co., Inc. | Nicholas Philip Giuliano<br>Sheinbaum, Bennett, Guiliano<br>225 West 34th Street<br>New York, NY  10122<br>646-328-0120<br>Fax:  646-328-0121<br>ngiuliano@sbgmlaw.com |
| William F. Higgins | Alan Kellman<br>The Maritime Asbestosis Legal Clinic<br>a division of The Jaques Admiralty Law Firm<br>645 Griswold, Suite 1570<br>Detroit, MI  48225<br>313-961-1080<br><br>Dan Shaked<br>Shaked & Posner<br>225 West 34th Street, Suite 705<br>New York, NY  10122<br>212-494-0035<br>Fax:  212-216-9049<br>dan@shakedandposner.com |

\* Parties shown highlighted are served via U.S. Mail.  All other parties are served via E-mail.