HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN, PC
Attorneys for Defendant Loveland Holding Company, Inc.
Edward V. Cattell, Jr., Esq. (EC 3968)
8 Penn Center, 20th Floor
1628 J.F. Kennedy Blvd.,
Philadelphia, PA 19103
215-320-2073

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------:
                                                     :
                                                     :        04 Civ:04309 (LAK)
                                                     :
AMERICAN STEAMSHIP OWNERS                            :
MUTUAL PROTECTION AND                               :
INDEMNITY ASSOCIATION, INC.,                        :
                                                     :
                         Plaintiff,                  :
                                                     :
        Against                                      :   **DOCUMENT ELECTRONICALLY FILED**
                                                     :
                                                     :
                                                     :
                                                     :
ALCOA STEAMSHIP CO., INC., et al.                   :
                         Defendants.                 :
-----------------------------------------------------:

## RULE 56.1 STATEMENT OF  UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Loveland Holding Company, Inc. f/k/a S.C. Loveland Co. Inc., by and through

its attorneys Hollstein, Keating, Cattell, Johnson, & Goldstein, P.C., hereby submits the

following statement of uncontested facts in support of its motion for summary judgment.

1.      Plaintiff American Steamship Owners Mutual Protection and Indemnity

Association, Inc. (hereinafter the "American Club") is a mutual indemnity insurance association.

See Complaint, Doc. #1.

{1068.00002:AGM2061}

2.     Loveland was a member of the American Club from approximately 1987 to approximately 1994.  See Affidavit of S.C. Loveland, III, Filed at Doc. #360 (hereinafter "Loveland Affidavit").

3.     To the best of Loveland's knowledge, there is only one occupational disease claim against Loveland for years alleged to be "closed" by the American Club.  See Loveland Affidavit.  That case is venued in Ohio and is currently dormant.  See Loveland Affidavit.

4.     In 1993, Loveland filed for bankruptcy.  See Loveland Affidavit.

5.     As part of that bankruptcy, Loveland filed an Amended Plan of Reorganization, a true and correct copy of which is attached to Mr. Loveland's affidavit as Exhibit A.  On or about 10/13/94, the Court issued an Order ("the Order") confirming that Amended Plan and Making Related Findings and Determinations.  See Order attached to Mr. Loveland's Affidavit as Exhibit B.

6.     The order provides, in relevant part, as follows:

> The debtor [Loveland] shall, within 30 days of the Effective Date, establish a segregated escrow fund in an amount sufficient to pay future calls from its insurer, the American Steamship Owners Mutual Protection and Indemnity Association ("The American Club") as such calls may from time to time be estimated by the American Club.  The escrow funds shall be utilized solely for the purpose of paying such calls pending resolution or satisfaction of all class 6 claims.  To the extent that there is balance remaining in the escrow funds after resolution and satisfaction of all Class 6 claims and payment of all calls, the fund shall revert to the debtor.

See Exhibit B to Loveland Affidavit, ¶9.

7.     The Amended Plan of Reorganization (which was approved by the Court in the Order attached to Mr. Loveland's affidavit as Exhibit B), defines Class 6 claims as:

> The Allowed Unsecured Claims which are covered by any insurance policies of the debtor, notwithstanding the fact that such claims may be disputed or unliquidated as of the Confirmation Date.

<u>See</u> Exhibit A to Loveland Affidavit, ¶3.6.

8.      Pursuant to Paragraph 9 of the Order, the American Club proposed a payment amount of approximately $175,000 that would satisfy all calls and/or assessments for any future claims against Loveland.  <u>See</u> Loveland Affidavit.

9.      Although Loveland believed the number to be very high, Loveland agreed to it and placed the sum requested by the American Club into escrow as provided in the Order in satisfaction of all future calls.  <u>See</u> Loveland Affidavit.

10.     On 10/27/95, Loveland was discharged from bankruptcy.  <u>See</u> Final Decree in Bankruptcy, a true and correct copy of which is attached to the Loveland Affidavit as Exhibit C.

11.     Loveland eventually did receive approximately $3500 back from the escrow account at some point after the payment was made, although Loveland does not recall exactly when.  <u>See</u> Loveland Affidavit.

Respectfully submitted,

HOLLSTEIN KEATING CATTELL JOHNSON
 & GOLDSTEIN P.C.

Dated:   7/7/06               By:     s/Edward V. Cattell, Jr.
                                         Edward V. Cattell, Jr. (EC 3968)
                                         Hollstein  Keating  Cattell  Johnson  &
                                         Goldstein
                                         8 Penn Center
                                         1628 JFK Boulevard, Suite 2000
                                         Philadelphia, PA 19103
                                         Counsel for Defendant Loveland Holding
                                         Company, Inc. f/k/a/ S.C. Loveland Co., Inc.