HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN, PC
Attorneys for Defendant Loveland Holding Company, Inc.
Edward V. Cattell, Jr., Esq. (EC 3968)
8 Penn Center, 20th Floor
1628 J.F. Kennedy Blvd.,
Philadelphia, PA 19103
215-320-2073

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------:
                                                      :
                                                      :   04 Civ:04309 (LAK)
AMERICAN STEAMSHIP OWNERS                             :
MUTUAL PROTECTION AND                                 :
INDEMNITY ASSOCIATION, INC.,                          :
                                                      :
                Plaintiff,                            :
                                                      :
        Against                                       :
                                                      :   **DOCUMENT ELECTRONICALLY FILED**
                                                      :
                                                      :
ALCOA STEAMSHIP CO., INC., et al.                     :
                Defendants.                           :
-----------------------------------------------------:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Loveland Holding Company, Inc., by and through its attorneys Hollstein, Keating, Cattell, Johnson, & Goldstein, P.C., hereby submits the following memorandum of law in support of its motion for summary judgment:

**I.    INTRODUCTION**

Plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc. (hereinafter the "American Club") brings this action seeking a declaratory judgment that it need not indemnify its members for occupational disease claims that were incurred but not reported (IBNR) prior to February 20, 1989. In the alternative, the Club seeks to "re-open" years

{1068.00002:AGM2058}

previously closed and reassess its members for those years. Defendant Loveland Holding Company, Inc., f/k/a S.C. Loveland Co., Inc. ("Loveland") hereby moves for an order granting it summary judgment in its favor and dismissing plaintiff's claim against it on the basis that plaintiff's claim in this matter has been discharged by the doctrine of accord and satisfaction as part of plaintiff's claim made in Loveland's 1993 bankruptcy action.

## II.   STATEMENT OF FACTS

Plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc. (hereinafter the "American Club") is a mutual indemnity insurance association. Loveland was a member of the American Club from approximately 1987 to approximately 1994. See Affidavit of S.C. Loveland, III, Filed at Doc. #360 (hereinafter "Loveland Affidavit"). To the best of Loveland's knowledge, there is only one occupational disease claim against Loveland for years alleged to be "closed" by the American Club. See Loveland Affidavit. That case is venued in Ohio and is currently dormant.[1] See Loveland Affidavit.

In 1993, Loveland filed for bankruptcy. As part of that bankruptcy, Loveland filed an Amended Plan of Reorganization, a true and correct copy of which is attached to Mr. Loveland's affidavit as Exhibit A. On or about 10/13/94, the Court issued an Order ("the Order") confirming that Amended Plan and Making Related Findings and Determinations. See Order attached to Mr. Loveland's Affidavit as Exhibit B.

The order provides, in relevant part, as follows:

> The debtor [Loveland] shall, within 30 days of the Effective Date, establish a segregated escrow fund in an amount sufficient to pay future calls from its insurer, the American Steamship Owners Mutual Protection and Indemnity Association ("The American Club") as such calls may from time to time be estimated by the American Club. The escrow funds shall be utilized solely for the

---

[1] That claim was filed by Robin Vinik and is pending in the United States District Court for the Northern District of Ohio.

> purpose of paying such calls pending resolution or satisfaction of all class 6 claims. To the extent that there is balance remaining in the escrow funds after resolution and satisfaction of all Class 6 claims and payment of all calls, the fund shall revert to the debtor.

See Exhibit B, ¶9.

The Amended Plan of Reorganization (which was approved by the Court in the Order attached to Mr. Loveland's affidavit as Exhibit B), defines Class 6 claims as:

> The Allowed Unsecured Claims which are covered by any insurance policies of the debtor, notwithstanding the fact that such claims may be disputed or unliquidated as of the Confirmation Date.

See Exhibit A to Loveland Affidavit, ¶3.6.

Pursuant to Paragraph 9 of the Order, the American Club proposed a payment amount of approximately $175,000 that would satisfy all calls and/or assessments for any future claims against Loveland. Although Loveland believed the number to be very high, Loveland agreed to it and placed the sum requested by the American Club into escrow as provided in the Order in satisfaction of all future calls. See Loveland Affidavit. On 10/27/95, Loveland was discharged from bankruptcy. See Final Decree in Bankruptcy, a true and correct copy of which is attached to the Loveland Affidavit as Exhibit C. Loveland eventually did receive approximately $3500 back from the escrow account at some point after the payment was made, although Loveland does not recall exactly when.

As set forth more fully below, it is clear that all future calls by the American Club were satisfied as part of the Club's claim during Loveland's 1993 bankruptcy action. Accordingly, the American Club is not entitled to assess calls for "closed" years against Loveland, and Loveland is entitled to a defense from the American Club for occupational disease claims incurred but not reported in "closed" years, including the dormant case in Ohio described above, based on the doctrine of accord and satisfaction as well as the Order of the Bankruptcy Court.

### III. LEGAL ARGUMENT

This case is both factually and legally complicated, and defendant Loveland, in the event that this motion is denied, will rely on those arguments common to all defendants which will clearly demonstrate that plaintiff is not entitled to re-open closed years *and* that it must indemnify defendants for occupational disease claims in those years. However, Loveland has one defense that is unique to it and is not at all complicated: plaintiff's claims herein have already been resolved as part of Loveland's 1993 bankruptcy action. Thus, even if plaintiff was generally entitled to "re-open" closed years and assess its members for those years, the doctrine of accord and satisfaction operates to bar plaintiff from doing so as against Loveland.

"An accord and satisfaction is an agreement between two parties under which one party accepts a stipulated performance by the other party in discharge of an unresolved obligation by the latter party." Stahl Management Corporation v. Conceptions Unlimited et al., 554 F.Supp. 890, 892 (S.D.N.Y. 1983); Pothos v. Arverne Houses, Inc., 269 A.D.2d. 377, 378 (Sup.Ct. N.Y. Appellate Division 2000). Here, as part of Loveland's bankruptcy action, "one party", the American Club, accepted a stipulated performance (of payment) by the other party, Loveland, in discharge of the Club's claimed obligation on Loveland's behalf to pay future calls, including calls for closed years. More specifically, Loveland placed $175,000 in escrow to pay "future calls" for Class 6 claims. See Exhibit B, ¶9. The Amended Plan of Reorganization defines Class 6 claims as:

> The Allowed Unsecured Claims which are covered by any insurance policies of the debtor, notwithstanding the fact that such claims may be disputed or unliquidated as of the Confirmation Date.
>
> See Exhibit A to Loveland Affidavit, ¶3.6.

Thus, it is clear that, to the extent that the American Club ever had the right to re-open closed years and assess Loveland for those years (which it did not), that right was extinguished when the Club agreed that Loveland would pay it $175,000 (minus any amount returned to it from escrow) in satisfaction of all future calls for "disputed or unliquidated" claims covered by Loveland's insurance with the Club. Although that amount certainly covered calls for "open" years, the Order confirming the Plan of Reorganization certainly does not limit it to those years. Rather, it covers all "future calls" (See Exhibit B to Loveland Affidavit, ¶9). There is no evidence of record to contradict this evidence. Thus, since Loveland already paid approximately $171,500 ($175,000 less the approximately $3500 returned to it) in satisfaction of all future calls, plaintiff may not seek any such future calls against Loveland. Accordingly, there is no genuine issue of material fact, as the uncontroverted evidence demonstrates that plaintiff's claim against Loveland is barred by the doctrine of accord and satisfaction as a matter of law. See Fed.R.Civ.Pro. 56.

**IV.    CONCLUSION**

For all the foregoing reasons, no genuine issue of material fact exists as to plaintiff's claim against Loveland and the claim, as matter of law, is barred by the doctrine of accord and satisfaction and should be dismissed, with prejudice.

        Respectfully submitted,

        HOLLSTEIN KEATING CATTELL JOHNSON
         & GOLDSTEIN P.C.

Dated: 7/7/06        By:   s/Edward V. Cattell, Jr.
           Edward V. Cattell, Jr. (EC 3968)
           Hollstein Keating Cattell Johnson & Goldstein
           8 Penn Center
           1628 JFK Boulevard, Suite 2000
           Philadelphia, PA 19103
           Counsel for Defendant Loveland Holding Company, Inc. f/k/a/ S.C. Loveland Co., Inc.