HOWREY LLP
Robert S. Shulman
Mindy G. Davis
1299 Pennsylvania Ave., NW
Washington, DC 20004-2402
(202) 783-0800
(202) 383-6610 (fax)

PROSKAUER ROSE LLP
Seth B. Schafler (SS-5993)
Lisa A. Bauer (LB-4057)
1585 Broadway
New York, New York 10036-8299
(212) 969-3000
(212) 969-2900 (fax)

*Attorneys for Defendant Hess Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
AMERICAN STEAMSHIP OWNERS MUTUAL  :
PROTECTION AND INDEMNITY          :   No. 04-cv-04309 (LAK)
ASSOCIATION, INC.                 :
                    Plaintiff,    :   **AFFIDAVIT OF**
          -against-               :   **ROBERT L. LADMER**
                                  :
ALCOA STEAMSHIP CO., INC., et al.,:   (ECF Case)
                                  :
                    Defendants.   :
------------------------------------------------------------- X

STATE OF NEW JERSEY    )
                       ) ss.:
COUNTY OF MIDDLESEX    )

      ROBERT LADMER, being duly sworn, deposes and says:

1.     I submit this affidavit on behalf of Defendant Hess Corporation ("Hess") (f/k/a Amerada Hess Corporation) as defined in its Answer filed in this action on October 8, 2004, in this suit brought against it and other defendants by the American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club").

2. I am currently employed as Manager – Special Claims for Hess.

3. The facts stated herein are based on my own personal knowledge and/or review of documents that have either been produced or marked as trial exhibits in this action, and the facts are true to the best of my knowledge, information, and belief.

4. The American Club sold Hess Protection and Indemnity policies that provide insurance coverage for certain periods of time (*i.e.*, 3/1/1969 – 12/31/1970, 2/20/1951 – 2/19/1952). In exchange for these policies, Hess paid all premiums and assessments it owed the Club.

5. Documents produced in this litigation by the American Club establish that the Club has previously indemnified Hess for four occupational disease claims ("ODCs").

6. Hess has always understood that the American Club was obligated to indemnify Hess for ODCs that occurred in years for which Hess had purchased Protection and Indemnity policies from the Club. When Hess has sought indemnification for ODCs from the Club, it has done so on the basis that the claims were covered by the relevant policies.

7. Hess has never requested that the Club pay ODCs on a discretionary basis. Similarly, prior to this lawsuit, the Club never informed Hess that it had paid ODCs on a discretionary basis or that the Club reserved the right to deny coverage as to future ODCs.

8. I understand that for some period of time when indemnifying its policyholders for ODCs, the American Club applied multiple deductibles when the particular ODC spanned multiple policy years.

9. A claims summary chart ("claims summary chart") previously produced by Hess to the Club in this litigation sets forth nine outstanding claims for which Hess seeks indemnification. In calculating the individual amounts owed by the Club for certain claims

that include more than one insurance year insured by the Club, only one deductible was applied to calculate the amount owed.

10. I have reviewed the claims summary chart and supporting documentation, and confirm that it is a truthful representation of the amount that the Club owes Hess for these nine outstanding claims.

11. In addition to the claims listed on the claims summary chart, Hess is aware of approximately 400 ODCs that are currently pending against Hess and which are covered in whole or part by American Club policies. Hess produced a comprehensive list of these known pending claims as an attachment to its Answers to Plaintiff's Second Set of Interrogatories, which Hess filed on September 22, 2005.

12. Hess pays a portion of the annual legal expense required for the general maintenance of all ODCs listed on the multidistrict litigation docket, which, for the most part, are currently inactive. Thompson Hine & Flory, the law firm assigned to monitor these claims, charges a general legal expense for this service. This expense is allocated to each shipowner according to its proportion of claims on the docket. For example, because Hess is involved in approximately 2.6%[1] of the total number of claims on the docket, 2.6% of the total general maintenance expense for all of the claims on the docket is allocated to Hess. These costs will be claimed as covered costs under the American Club policies.

13. Hess believes that additional ODCs will be filed against it in the future, and that these ODCs will trigger the Protection and Indemnity policies that the American Club sold to Hess. As is its right under these insurance policies, Hess intends to seek indemnification

---

[1] This number varies slightly each year as claims are either added or removed from the docket.

from the Club for these claims. In addition, Hess expects the amount owed by the Club for these unknown claims to be calculated with a single deductible.

14. I swear that the foregoing is true to the best of my recollection and knowledge.

_____
Robert L. Ladmer

Sworn to before me this 8th day of June 2006.

_____
Notary Public

> CAROL A. COLE
> NOTARY PUBLIC
> STATE OF NEW JERSEY
> MY COMMISSION EXPIRES AUG. 15, 2010