Cummings & Lockwood LLC
Attorneys For Defendant Chevron U.S.A. Inc.
John W. Cannavino (JC - 7076)
Steven I. Frenkel (SF - 8187)
Kevin P. Broughel (KB - 7482)
Six Landmark Square
Stamford, CT 06901
(203) 327-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., <br><br>Plaintiff,<br><br>-against-<br><br>ALCOA STEAMSHIP CO., INC., et al.,<br><br>Defendants. | 04 Civ. 04309 (LAK)<br><br>(ECF CASE) |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Chevron U.S.A. Inc. ("Defendant"), as defined in their answers filed in this action, by and through their undersigned counsel, hereby respond to the Second Request for Admissions to Defendants ("Request") of Plaintiff American Steamship Owners Mutual Protection and Indemnity Association, Inc. ("Plaintiff", the "Club", or the "American Club") as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Request to the extent that it purports, through definitions or otherwise, to impose burdens and duties that exceed the scope of reasonable and permissible

discovery under the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York.

2. Defendant objects to the Request to the extent it is an improper use of the discovery device permitted by Fed. R. Civ. P. 36.

3. Defendant objects to the Request to the extent it purports to require Defendant to conduct an investigation as to facts presently not within its knowledge.

4. Defendant objects to the Request to the extent it seeks information which is not material and necessary in the prosecution or defense of an action, and otherwise not subject to discovery under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and/or applicable orders of this Court.

5. Defendant objects to the Request to the extent it seeks information which is not in Defendant's possession and/or is within Plaintiff's own possession.

6. By responding to Plaintiff's Request, Defendant does not acknowledge or concede the truth or accuracy of any characterization, allegation, or statement made in the Request.

7. Defendant reserves its right to object on any ground to the use of any of the responses to Plaintiff's Request or the subject matter of Plaintiff's Request in any subsequent proceeding, and at the trial of this action.

8. Defendant reserves the right at any time to revise, correct, supplement, amend, or clarify any response to Plaintiff's Request.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUEST**

**Request No. 1:** Admit that each of the following documents listed on the Partial Plaintiff's Trial Exhibit List attached hereto as Exhibit "1," all of which have been produced herein, are genuine and admissible in evidence.

**Response:** Defendant objects to this Request as untimely, including without limitation, on the basis that it was served several months past the deadline for fact discovery ordered by the Court and agreed to by the Parties.

Defendant further objects to this Request as superseded or prohibited by various Orders of the Court in this case.

Defendant further objects to this Request as being overly broad and ambiguous.

To the extent deemed necessary, Defendant denies the Request and refers to the Objections of Defendant previously set forth in the Joint Pretrial Order filed in this case on April 14, 2006, for further detail. Such objections are incorporated herein.

Dated: Stamford, CT
July 19, 2006

        THE DEFENDANT
        CHEVRON U.S.A. Inc. (as successor to
        California Oil Company)
        BY CUMMINGS & LOCKWOOD LLC
        ITS ATTORNEYS

By_____
        John W. Cannavino (JC - 7076)
        Steven I. Frenkel (SF - 8187)
        Kevin P. Broughel (KB - 7482)
        Cummings & Lockwood LLC
        Six Landmark Square
        Stamford, CT 06901
        (203) 327-1700

2243143_1.doc 7/19/2006