## NOURSE & BOWLES, LLP

MEMO ENDORSED

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200

Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

Nourse & Bowles, LLP
115 Mason Street
Greenwich, CT 06830-6630
Telephone: (203) 869-7887
Facsimile: (203) 869-4535

Nourse & Bowles
75 Main Street, Suite 205
Millburn, NJ 07041-1322
Telephone: (973) 258-9811
Facsimile: (973) 258-1480

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/06

July 19, 2006

**BY HAND**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, New York 10007-1312

      Re:  <u>American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Alcoa Steamship Co., Inc., et al.  No. 04 Civ. 04309 (LAK) (JCF)</u>

Dear Judge Kaplan:

    We, along with Sullivan & Worcester LLP, are co-counsel to plaintiff the American Club in the above-referenced action. The trial will be non-jury.

    On Friday, July 14, 2006, counsel for defendant, Farrell Lines, Inc., served a motion in limine on behalf of all defendants to exclude certain evidence proffered by the American Club including the testimony of its rebuttal expert, Mr. Richard Brown. This is, in fact, defendants' third attempt to exclude plaintiff's rebuttal expert testimony. Most recently, in early March of this year, the Court by order dated March 13, 2006 instructed the parties that, in lieu of fully briefing motions to exclude any witness testimony, both sides should submit to the Court a letter of no more than three (3) pages identifying the witnesses (expert or non-expert) whose testimony the parties sought to exclude, the nature of the testimony, and the basis for the motion. (See Exhibit A, attached hereto.) Both sides on March 23, 2006 submitted letters requesting that the testimony of the other side's expert be stricken. (See Exhibit B, attached hereto.) The Court, however, did not instruct either side to file further papers on the motions. On the contrary, with respect to the American Club's request to exclude the testimony of defendants' expert, Mr. Terence Coghlin, the Court, by order dated April 5, 2006, ruled as follows:

> Plaintiff is at liberty to object to the testimony at trial. As this is a non-jury case, little purpose would be served by motion practice. In consequence, while the Court will not preclude the filing of a motion, it probably would not rule on the motion unless and until the trial is concluded and it [is] determined that the admissibility of the evidence would be material.

(See Exhibit C, attached hereto.)

    The Court made no ruling with respect to defendants' request to file a motion to exclude Mr. Brown's testimony, nor has this Court granted defendants the right to file any other motions in limine.

    Despite this Court's Order of March 13, 2006, defendants did not seek permission to file their current motion. Accordingly, defendants' motion should be dismissed without prejudice to seek similar relief following the conclusion of this trial, to the extent appropriate.

    In the alternative, if the Court is inclined to permit the defendants' motion to proceed at this time, the Club respectfully requests: (i) an extension of the deadline to respond to defendants' motion for three (3) weeks, until Friday, August 18, 2006; and (ii) leave to file in limine motions to exclude evidence offered by defendants.

    We have sought Defendants' consent to the extension requested but, as they have not responded, we did not think the request should be further delayed.

Respectfully submitted,

*/s/ Shaun Carroll*

Shaun F. Carroll

cc:   All Counsel (By E-Mail)

---

SO ORDERED

*/s/ Lewis A. Kaplan*
LEWIS A. KAPLAN, USDJ

*Handwritten note:* The motion in limine of Farrell Lines is denied without prejudice to renewing the objection in accordance with the 3/13/06 order.